Jonathan A. Ross, Esq., State Bar No. 146973
Arnold S. Levine, Esq., State Bar No. 201792
Mark I. Melo, Esq., State Bar No. 192946
BRADLEY & GMELICH
700 North Brand Boulevard, 10th Floor
Glendale, California 91203-1422
Telephone:  (818) 243-5200
Facsimile:   (818) 243-5266
Attorneys for Defendants,
DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. AND DR. YOSEF
TAITZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III,<br><br>    Plaintiff,<br><br>vs.<br><br>DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INCORPORATED, YOSEF TAITZ, ORLY TAITZ, INC., APPEALING DENTISTRY, LAW OFFICE OF ORLY TAITZ (RICO ENTERPRISE), DR. ORLY TAITZ, ESQ., D.D.S., J.D., DEFEND OUR FREEDOMS FOUNDATION, AND ALL JOHN AND JANE DOES 1-10,<br><br>    Defendants. | Case No. SACV10-1573 AG (PLAx)<br><br>**DEFENDANTS, DAYLIGHT CHEMICAL INFORMATION SYSTEMS AND YOSEF TAITZ' AMENDED NOTICE OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) & (6)**<br><br>**Date    :    January 10, 2011**<br>**Time    :    10:00 a.m.**<br>**Crtrm  :    "10D"**<br><br>First Amended Complaint filed: 11/05/10 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Defendants, DAYLIGHT CHEMICAL

INFORMATION SYSTEMS, INC. and YOSEF TAITZ (collectively "Defendants")

hereby file this Amended Notice of Motion to include the Table of Contents and the

Table of Authorities required by Local Rule 11-8, which were inadvertently omitted

///

1   when Defendants filed their Motion to Dismiss (entered in the Court file as

2   Document No. 6) on December 13, 2010.  Attached hereto as Exhibit "A" are the

3   Table of Contents and Table of Authorities for Defendants' Motion to Dismiss.

4

5   Dated:  December 16, 2010          Respectfully submitted,

6                                      BRADLEY & GMELICH

7

8                                   By: _Arnold S. Levine_____

9                                    Jonathan A. Ross
                                   Arnold S. Levine

10                        Attorneys for Defendants, DAYLIGHT
                       CHEMICAL INFORMATION SYSTEMS,

11                        INC. AND DR. YOSEF TAITZ

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRADLEY & GMELICH

DEFENDANTS' AMENDED NOTICE OF MOTION TO DISMISS

# *Exhibit "A"*

**BRADLEY & GMELICH**

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES .................. 1

I.   INTRODUCTION ............................................. 1

II.  STATEMENT OF FACTS ..................................... 3

III. A PARTY MAY BRING A MOTION TO DISMISS
     UNDER FEDERAL RULE 12(B)(1) IF THE FACTS
     SHOW THAT THIS COURT HAS NO SUBJECT
     MATTER JURISDICTION OF THE ACTION ................ 5

IV.  PLAINTIFF HAS NOT PLEADED FACTS SHOWING
     THAT THE PARTIES ARE COMPLETELY DIVERSE ......... 10

V.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH
     RELIEF CAN BE GRANTED AS TO ANY OF HIS
     CAUSES OF ACTION ...................................... 10

     A.   Legal Standard Governing Motions To Dismiss
          Under Rule 12(b)(6) ............................... 10

          1.   Plaintiff Fails to Plead Facts Sufficient to
               Support His First Cause of Action for
               Malicious Prosecution ....................... 11

          2.   Defendants Are Not Liable on Plaintiff's Second
               Cause of Action for Breach of Contract for Legal
               Representation ............................... 11

          3.   Plaintiff Has Not Pleaded Facts Sufficient to
               Support His Third Cause of Action for Breach of
               Contract to Form Real Estate Management &
               Redemption Management Company .............. 12

          4.   Plaintiff Fails to State a Claim for Relief on His
               Fourth Cause of Action for Breach of Contract
               and/or Promissory Estoppel .................. 13

          5.   Plaintiff's Fifth Cause of Action for Breach of the
               Implied Covenant Fails to State a Claim for Relief
               Since Defendants Were Not Parties to the Contract ...... 14

          6.   Plaintiff's Sixth Cause of Action for Defamation Per
               Se Fails to State a Claim against Defendants ......... 15

          7.   Plaintiff's Seventh Cause of Action for Breach of
               Contract and Legal Malpractice Fails to Allege Any
               Claims Against Defendants ................... 15

          8.   Plaintiff's Eighth Cause of Action for Tortious
               Interference with De Leon & Aldana Mortgage
               Contracts States No Claim Against Defendants ......... 16

## TABLE OF CONTENTS

Page

9.  **Plaintiff's Ninth Cause of Action for Tortious Interference with Contract Does Not State A Claim Against Defendants** ........................ 17

10. **Plaintiff's Tenth Cause of Action for Tortious Interference with Prospective Business Advantage Does Not State A Claim Against Defendants** ........................ 18

11. **Plaintiff Cannot State A Claim for Intentional Infliction of Emotional Distress Against Defendants** ..... 18

12. **Plaintiff's Twelfth Cause of Action for Breach of Employment Contract or, Alternatively, In Quantum Meruit Fails to State a Claim Against Defendants** ........................ 19

VI.  **CONCLUSION** ........................ 20

BRADLEY & GMELICH

# TABLE OF AUTHORITIES

## CASES

Page

*Adams v. Superior Ct.*
    (1992) 2 Cal.App.4th 521, 528, 3 Cal.Rptr.2d 49, 51 . . . . . . . . . . . . . . . . 11

*Aulson v. Blanchard,*
    83 F.3d 1, 3 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Austero v. National Casualty Co.*
    (1976) 62 Cal.App.3d 511, 515, 133 Cal.Rptr. 107, 110 . . . . . . . . . . . . . . 15

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696, 699 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bell v. Hood*
    327 U.S. 678, 683, 66 S. Ct. 773, 776 (1946) . . . . . . . . . . . . . . . . . . . . . 5

*Bell Atlantic v. Twombly,*
    550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) . . . . . . . . . . . . . . . 10,19

*Blank v. Kirwan*
    (1985) 39 Cal.3d 311, 330-331, 216 Cal.Rptr. 718 . . . . . . . . . . . . . . . . 18

*Budd v. Nixen*
    (1971) 6 Cal.3d 195, 200, 98 Cal.Rptr. 849 . . . . . . . . . . . . . . . . . . . . . 16

*Cahill v. Liberty Mutual Ins. Co.,*
    80 F.3d 336, 337-338 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cantu v. Resolution Trust Corp.*
    (1992) 4 Cal.App.4th 857, 881, 6 Cal.Rptr.2d 151, 164 . . . . . . . . . . . . . 11

*Colome v. State Athletic Comm.*
    (1996) 47 Cal.App.4th 1444, 1459, 55 Cal.Rptr.2d 300 . . . . . . . . . . . . . 18

*Crowley v. Katleman*
    (1994) 8 Cal.4th 666, 676, 34 Cal.Rptr.2d 386, 390 . . . . . . . . . . . . . . . 11

*Farmers Ins. Exchange v. State of California*
    (1985) 175 Cal.App.3d 494, 506, 221 Cal.Rptr. 225, 232 . . . . . . . . . . . . 17

*Freeman & Mills, Inc. v. Belcher Oil Co.*
    (1995) 11 Cal.4th 85, 102-103, 44 Cal.Rptr.2d 420 . . . . . . . . . . . . . . . . 17

*Gully v. First National Bank*
    299 U.S. 109, 112, 57 S. Ct. 96, 97 (1936) . . . . . . . . . . . . . . . . . . . . . . 5

BRADLEY & GMELICH

# TABLE OF AUTHORITIES

**Page**

## CASES

*Hagans v. Lavine*
415 U.S. 528, 537-538, 94 S. Ct. 1372, 1379-80 (1974) . . . . . . . . . . . . . . . 9

*Kantor v. Wellesley Galleries, Ltd.*
704 F.2d 1088, 1092 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kokkonen v. Guardian Life Ins. Co. of America*
511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994) . . . . . . . . . . . . . . . . . . . 5

*Laird v. Blacker*
(1991) 229 Cal.App.3d 159, 279 Cal.Rptr. 700 . . . . . . . . . . . . . . . . . . . . 16

*Laks v. Coast Fed. Sav. & Loan Assoc.*
(1976) 60 Cal.App.3d 885, 893, 131 Cal.Rptr. 836, 841 . . . . . . . . . . . . . . 14

*Lange v. TIG Ins. Co.*
(1998) 68 Cal.App.4th 1179, 1185, 81 Cal.Rptr.2d 39, 43 . . . . . . . . . 13-14

*Lazar v. Superior Court*
(1996) 12 Cal.4th 631, 645, 49 Cal.Rptr.2d 377, 385 . . . . . . . . . . . . . . . . 13

*Phillips Petroleum Co. v. Texaco, Inc.*
415 U.S. 125, 127, 94 S. Ct. 1002, 1003-1004,
39 L.Ed.2d 209 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Racine & Laramie, Ltd. v. Dept. of Parks and Recreation*
(1992) 11 Cal.App.4th 1026, 1031-1032, 1033 n.4,
14 Cal.Rptr. 335, 338-339, 340, n.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Roberts v. Corrothers*
812 F.2d 1173, 1177 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Robinson Helicopter Co., Inc. v. Dana Corp.*
(2004) 34 Cal.4th 979, 993, 22 Cal.Rptr.3d 352, 362 . . . . . . . . . . . . . . . 13

*Scott v. Breeland*
792 F.2d 925, 927 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Seaman's Direct Buying Service, Inc. v. Standard Oil Co.*
(1984) 36 Cal.3d 752, 765, 206 Cal.Rptr. 354 . . . . . . . . . . . . . . . . . . . . . 17

*Seretti v. Superior Ct.*
(1999) 71 Cal.App.4th 920, 929, 84 Cal.Rptr.2d 315, 321 . . . . . . . . . . . . 15

*Shamblin v. Berge*
(1985) 166 Cal.App.3d 118, 123, 212 Cal.Rptr. 313 . . . . . . . . . . . . . . . . 16

BRADLEY & GMELICH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

## CASES

*Slaughter v. Friedman*
(1982) 32 Cal.3d 149, 153, 185 Cal.Rptr. 244, 246 . . . . . . . . . . . . . . . . . . . 15

*Sutherland v. Barclays American/Mortgage Corp.*
(1997) 53 Cal.App.4th 299, 314, 61 Cal.Rptr.2d 614 . . . . . . . . . . . . . 14-15

*Ungaro v. Desert Palace, Inc.*
732 F. Supp. 1522, 1526 (C.D. CA. 1989) . . . . . . . . . . . . . . . . . . . . . . . 6,7

*Wilkins v. National Broadcasting Co.*
(1999) 71 Cal.App.4th 1066, 1087, 84 Cal.Rptr.2d 329, 341 . . . . . . . . . . 19

*Willhelm v. Pray, Price, Williams & Russell*
(1986) 186 Cal.App.3d 1324, 1332, 231 Cal.Rptr. 355, 358 . . . . . . . . . . . 12

*Youst v. Longo*
(1987) 43 Cal.3d 64, 74-79, 233 Cal.Rptr. 294 . . . . . . . . . . . . . . . . . . . . . 18

BRADLEY & GMELICH

# TABLE OF AUTHORITIES

**Page**

## STATUTES

*Civil Code* §45a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Civil Code* §1572 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Civil Code* §1572(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12


18 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. § 1961 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1962(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. § 1962(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. § 1962(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 1962(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 1964(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,8

28 U.S.C. 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,9

28 U.S.C. 1334 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

28 U.S.C. 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1367(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1367(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2


Federal Rule of Civil Procedure 9(b) . . . . . . . . . . . . . . . . . . . . . . . 12

Federal Rule of Civil Procedure 12(b)(1) . . . . . . . . . . . . . . . . . . . . . 5

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . 10,19

Federal Rule of Civil Procedure 41(b) . . . . . . . . . . . . . . . . . . . . . . . 2

Federal Rule of Evidence 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

BRADLEY & GMELICH

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Denise Adair Lewis, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 700 North Brand Blvd., 10th Floor, Glendale, California 91203.

On December 16, 2010, I served the foregoing **DEFENDANTS, DAYLIGHT CHEMICAL INFORMATION SYSTEMS AND YOSEF TAITZ' AMENDED NOTICE OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) & (6)** on the interested parties in the foregoing action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

### SEE ATTACHED SERVICE LIST

☐ **(BY UNITED STATES MAIL)** As follows:

☐ I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☐ I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY MESSENGER SERVICE)** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 16, 2010, at Glendale, California.

Denise Adair Lewis
(print or type name)

(signature)

BRADLEY & GMELICH

- 3 -

**SERVICE LIST**
<u>**Charles Lincoln v. Daylight Chemical**</u>
<u>**Case No. SACV10-1573 AG (PLAx)**</u>

Charles E. Lincoln                                    charles.lincoln@rocketmail.com
603 Elmwood Place, Suite #6
Austin, TX 78705
Phone: 512-968-2500
***Attorneys for: Plaintiff in Pro Per***

Philip J. Berg                                        philjberg@gmail.com
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
***Courtesy Copy***

BRADLEY & GMELICH

- 4 -

DEFENDANTS' AMENDED NOTICE OF MOTION TO DISMISS