Jonathan A. Ross, Esq., State Bar No. 146973
Arnold S. Levine, Esq., State Bar No. 201792
Mark I. Melo, Esq., State Bar No. 192946
BRADLEY & GMELICH
700 North Brand Boulevard, 10th Floor
Glendale, California 91203-1422
Telephone:  (818) 243-5200
Facsimile:   (818) 243-5266

Attorneys for Defendants,
DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. AND DR. YOSEF TAITZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III,<br><br>Plaintiff,<br><br>vs.<br><br>DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INCORPORATE, YOSEF TAITZ, ORLY TAITZ, INC., APPEALING DENTISTRY, LAW OFFICE OF ORLY TAITZ (RICO ENTERPRISE), DR. ORLY TAITZ, ESQ., D.D.S., J.D., DEFEND OUR FREEDOMS FOUNDATION, AND ALL JOHN AND JANE DOES 1-10,<br><br>Defendants. | Case No. SACV10-1573 AG (PLAx)<br><br>**OPPOSITION TO EX PARTE APPLICATION FOR CONTINUANCE OF HEARING ON DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ARNOLD S. LEVINE, ESQ.; EXHIBITS** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. and YOSEF TAITZ ("Defendants") hereby submit their Opposition to the Ex Parte Application of *pro se* Plaintiff, CHARLES EDWARD LINCOLN, III ("Plaintiff") for Continuance of the Hearing on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, currently set for hearing on January 10, 2011.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should deny Plaintiff's Ex Parte Application because it utterly fails to meet even minimal requirements for the granting of relief. Plaintiff's Application, which lacks a declaration of fact signed under penalty of perjury, is an attempt to get around his failure to respond to Defendants' Motion to Dismiss his First Amended Complaint.

Defendants filed and served their Motion on December 13, 2010, and pursuant to Local Rule 6-1, set January 10, 2011 for the hearing. Under Local Rule 7-9, Plaintiff's Opposition papers were due December 20, 2010, 21 days before the hearing. Plaintiff did not file an Opposition by the deadline and did not even notify counsel until Sunday, December 26, 2010 to request a continuance that his lack of diligence made it impossible to grant. At the end of the same week, at approximately 3:00 p.m. on the last day before the courts and law offices closed for the New Year's holiday, Plaintiff served his Application by facsimile when he knew there would be little time to respond.

Plaintiff's Application fails in every respect. First, under *Federal Rule of Civil Procedure* 6(b)(1)(A), ex parte applications for extensions of time are proper *only* if the prescribed time period has not yet expired. The prescribed time period for Plaintiff to file his Opposition was December 20, 2010. Once the applicable time period expired, *a noticed motion for relief*, based on a showing of excusable neglect, is required. (*Federal Rule of Civil Procedure* 6(b)(1)(B).) In and of itself, this constitutes sufficient ground to deny Plaintiff's Application.

Second, the Application was not served in good faith, since Plaintiff waited until the last possible moment to serve it on Defendants.

Third, the Application lacks a declaration signed under penalty of perjury that would provide a factual basis for Plaintiff's claims of excusable neglect, and demonstrate good cause for granting the Application – assuming it was not already

barred under Rule 6(b)(1)(B). Put differently, the Application lacks any foundational basis because it is not based on Plaintiff's personal knowledge and does not demonstrate good cause.

Fourth, the Application is Plaintiff's transparent attempt to do indirectly what he failed to do directly – argue his claims on the merits. At least half of his so-called Application is a sort of legal memorandum that has nothing to do with any argument for continuing the hearing on Defendants' Motion. Fifth, Plaintiff gives no grounds for requesting that the Motion to Dismiss be converted to one for summary judgment. The Motion to Dismiss was based entirely on the facts pleaded in Plaintiff's 31-page First Amended Complaint, and not on any extrinsic evidence.

Finally, Plaintiff's failure to respond to Defendant's Motion, to retain an attorney, and to serve his Application on all defendants timely constitutes a complete lack of diligence.

For all these reasons, the Court should deny Plaintiff's Application to Continue the Hearing on Defendants' Motion to Dismiss.

## II. STATEMENT OF FACTS

This is a suit for injury to business and property brought by Plaintiff, Charles Edward Lincoln, III ("Plaintiff") against several individuals and entities including Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. and YOSEF TAITZ ("Taitz," collectively "Defendants") under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Defendants filed and served their Motion to Dismiss Plaintiff's First Amended Complaint on December 13, 2010 and, pursuant to Local Rule 6-1, set January 10, 2011 for the hearing. (Levine Decl., ¶ 2.) Under Local Rule 7-9, Plaintiff's Opposition papers were due December 20, 2010, 21 days before the hearing. Plaintiff did not file an Opposition by the deadline. (Levine Decl., ¶ 3.)

On *Sunday*, December 26, 2010, Plaintiff sent an e-mail requesting a

continuance of the hearing. (Levine Decl., ¶ 4.) On Monday, December 27, 2010, Arnold S. Levine, Esq., co-counsel for Defendants, notified Plaintiff via e-mail that Jonathan A. Ross, Esq., Defendants' lead counsel, was on vacation the entire week and that it was not possible to grant a continuance. Plaintiff did not respond to Levine's e-mail. (Levine Decl., ¶ 5.) On Thursday, December 30, 2010, at 3:00 p.m., Plaintiff served his Ex Parte Application for Continuance of Hearing on Defendants via facsimile, just as counsel's office was preparing to close for the long New Year's weekend. (Levine Decl., ¶ 6.)

## III. PLAINTIFF DOES NOT DEMONSTRATE THAT HIS SITUATION IS SUFFICIENTLY EXTRAORDINARY TO WARRANT EX PARTE RELIEF.

An ex parte application has due process implications and is for extraordinary situations only. *Fuentes v. Shevin,* 407 U.S. 67, 80-82, 92 S.Ct. 1983, 1994-1995, 32 L.Ed.2d 556 (1972). An ex parte application must show why the moving party should be allowed to "go to the head of the line in front of all other litigants and receive special treatment." (*Mission Power Engineering Co. v. Continental Cas. Co.* (CD CA 1995) 883 F.Supp. 488, 492.)

In order to satisfy these requirements, first, the party moving for ex parte relief must show that it will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Here, Plaintiff has made no such showing. The prejudice, if any, is due entirely to his lack of diligence. He could have taken his chances on a late-filed Opposition, appeared for the hearing or, obviously, have averted any harm by timely filing his Opposition papers. (Schwartzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2010) §12:170.)

Second, it must be established that the moving party is without fault in creating the crisis or that the crisis occurred as a result of excusable neglect. "Ex

parte applications are not intended to save the day for parties who have failed to present requests when they should have. . ." *Mission Power Engineering Co., supra,* at 492.

Plaintiff has not shown that good cause exists to grant his application. As discussed below, his neglect is not excusable, as he did not comply with procedural requirements. Thus, his claim that his Opposition to Defendants' Motion to Dismiss was due on December 27, 2010 is incorrect. (Application, ¶ 6.)

Under Local Rule 7-9, opposing papers are due "not later than twenty-one (21) days before the date designated for the hearing of the motion. . ." That means that Plaintiff's Opposition was due on December 20, 2010, one week before Plaintiff thought it was. Thus, Plaintiff could have known, had he chosen to, that his Opposition papers were due a week earlier than he believed and almost two weeks before he served his ex parte Application.

Additionally, once the time for filing and serving his Opposition had elapsed, Plaintiff could only proceed on noticed motion. Clearly, Plaintiff has failed to do so.

## IV. **PLAINTIFF'S NEGLECT WAS NOT EXCUSABLE.**

*Federal Rule of Civil Procedure* 6(b) provides in part:

(1) "When an act may or must be done within a specified time, the court may, for good cause, extend the time. . .

(B) *on motion made* after the time has expired if the party failed to act because of excusable neglect." (Emphasis added.)

Rule 6(b), then, requires both a showing of good cause and a showing that the moving party's failure was caused by excusable neglect. Since Plaintiff failed to proceed on noticed motion after the time for filing and serving his Opposition had run, his application for relief must be denied.

The Supreme Court has listed four factors that the courts may consider in testing whether the neglect was excusable: "the danger of prejudice to the

[opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, L.Ed.2d 74 (1993); *In re Veritas Software Corp. Securities Litigation,* 496 F.3d 962, 973 (9th Cir. 2007).

Clearly, most of these factors apply in this instance. In particular, Plaintiff could have filed his Opposition timely had he acted with reasonable diligence. But he did not. Plaintiff miscalculated the date for filing his Opposition, did not take steps earlier to retain an attorney who could file the necessary papers with this Court, and did not file a declaration under penalty of perjury demonstrating good cause for the Court to grant his Application. Indeed, his Application is an improper hybrid between a legal memorandum and a declaration. If it is a declaration, it violates Local Rule 7-7, which requires that declarations "shall contain only factual, evidentiary matter." However, here it is nothing more than inadmissible hearsay. As such, it is not a proper basis for a showing of excusable neglect.

Additionally, Plaintiff has demonstrated an absence of good faith. His Application was served at the last possible moment, at 3:00 p.m. on Thursday, December 30, 2010, just as Defendants' counsel's office was preparing to close for the long New Year's weekend. (Levine Decl., ¶ 6.) Whatever Plaintiff's intent, the result was to afford counsel the least possible amount of time for Defendants to respond.

In sum, Plaintiff failed to provide for a consequence that was readily foreseeable. He miscalculated the date when his Opposition was due, he did not file a noticed motion for relief, he did not include a declaration under penalty of perjury showing good cause for granting relief, and he served Defendants in a way that showed bad faith. Therefore, Plaintiff's Application does not demonstrate excusable neglect.

OPPOSITION TO EX PARTE APPLICATION FOR CONTINUANCE OF HEARING

## V. CONCLUSION

Accordingly, Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. and YOSEF TAITZ respectfully request the Court to deny Plaintiff, CHARLES EDWARD LINCOLN's Ex Parte Application for Continuance of Hearing.

Dated: January 3, 2011          Respectfully submitted,

BRADLEY & GMELICH

By: *Arnold S. Levine*
Jonathan A. Ross
Arnold S. Levine
Mark I. Melo

Attorneys for Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. AND DR. YOSEF TAITZ

- 7 -

OPPOSITION TO EX PARTE APPLICATION FOR CONTINUANCE OF HEARING

## DECLARATION OF ARNOLD S. LEVINE, ESQ.

I, Arnold S. Levine, Esq., hereby declare:

1. I am an attorney at law duly licensed to practice before the U.S. District Court for the Central District of California, and am an associate in the law firm of Bradley & Gmelich, attorneys of record herein for Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. and YOSEF TAITZ ("Defendants") in the above-entitled matter. By reason thereof, I am familiar with the entire file pertaining to this case and have personal knowledge of the facts stated herein. If called upon to testify, I could and would competently testify to the following facts and circumstances.

2. Defendants filed and served their Motion to Dismiss Plaintiff CHARLES EDWARD LINCOLN, III's ("Plaintiff") First Amended Complaint on December 13, 2010 and, pursuant to Local Rule 6-1, set January 10, 2011 for the hearing.

3. Under Local Rule 7-9, Plaintiff's Opposition papers were due December 20, 2010, 21 days before the hearing. Plaintiff did not file an Opposition by the deadline and did not even notify my office via e-mail until Sunday, December 26, 2010 to request a continuance. Plaintiff did not file an Opposition by the deadline. (Lincoln, Ex Parte Application for Hearing, Exh. A, e-mail from Lincoln to Mark Melo, Jonathan Ross, et al., Sunday, December 26, 2010.)

4. On *Sunday*, December 26, 2010, Plaintiff sent an e-mail requesting a continuance of the hearing. (Lincoln, Ex Parte Application, Exh. A, e-mail from Lincoln to Ross, December 26, 2010.)

5. On Monday, December 27, 2010, I notified Plaintiff via e-mail that Jonathan A. Ross, Esq., Defendants' lead counsel, was on vacation the entire week and that it was not possible to grant a continuance. (Lincoln, Ex Parte Application, Exh. A, e-mail from Levine to Lincoln, December 27, 2010.) Plaintiff did not respond to my e-mail.

6. On Thursday, December 30, 2010, at 3:00 p.m., Plaintiff served his Ex

1  Parte Application for Continuance of Hearing on Defendants via facsimile, just as
2  my office was preparing to close for the long New Year's weekend. Attached hereto
3  as Exhibit "A" is a true and correct copy of the caption page of Plaintiff's Ex Parte
4  Application showing the time when it was faxed to my office.
5      I declare under penalty of perjury under the laws of the State of California
6  that the foregoing is true and correct.
7      Executed this 3rd day of January, 2011 at Glendale, California.

*/s/ Arnold S. Levine*
ARNOLD S. LEVINE, Declarant

- 9 -

OPPOSITION TO EX PARTE APPLICATION FOR CONTINUANCE OF HEARING

# EXHIBIT A

Charles Edward Lincoln, III
603 Elmwood Place, Suite #6
Austin, Texas 78705
Telephone: (512) 968-2500
E-mail: charles.lincoln@rocketmail.com
Plaintiff *in propia persona*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA

| | |
|---|---|
| Charles Edward Lincoln, III, § § Plaintiff, § § v. § § Daylight Chemical Information Systems, § Incorporated, Yosef Taitz, § Orly Taitz, Inc., Appealing Dentistry, § Law Office of Orly Taitz (RICO Enterprise), § Dr. Orly Taitz, Esq., D.D.S., J.D., § Defend Our Freedoms Foundation, § And all JOHN & JANE DOES 1-10, § Defendants. § | CIVIL ACTION NUMBER: **8:10-cv-01573-AG-PLA** Ex-Parte Application for Continuance of Hearing set on Defendants' MTD for January 10, 2011, at 10:00 a.m. |

## EX-PARTE APPLICATION FOR CONTINUANCE OF HEARING ON DEFENDANTS' MTD SET FOR JANUARY 10, 2011

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**1.** Comes now the Plaintiff, with this Ex-Parte Application for Continuance of Hearing on Defendants' Motion to Dismiss set for January 10, 2011.

**2.** Plaintiff Charles Edward Lincoln filed the original and First Amended Complaint pro se/in propia persona.

**3.** On Friday, December 3, 2010, Plaintiff went to a suburb of Philadelphia, Lafayette Hill, Pennsylvania, and then and there did retain the services of licensed attorney Philip J. Berg, who has nationwide experience in litigation with Dr. Orly

---

*Charles Edward Lincoln v. Daylight Chemical Information Systems, Inc., et al.* 1
*Ex-Parte Application for Continuance of January 10, 2011, Hearing on Defendants' Motion to Dismiss the Plaintiff's First Amended Complaint pursuant to 18 U.S.C. §§1961 et seq.*

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Lorraine Jones, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 700 North Brand Blvd., 10th Floor, Glendale, California 91203.

On January 3, 2011, I served the foregoing **OPPOSITION TO EX PARTE APPLICATION FOR CONTINUANCE OF HEARING ON DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ARNOLD S. LEVINE, ESQ.; EXHIBITS** on the interested parties in the foregoing action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

### SEE ATTACHED SERVICE LIST

☒ **(BY UNITED STATES MAIL)** As follows:

☐ I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY MESSENGER SERVICE)** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 3, 2011, at Glendale, California.

Lorraine Jones                              *Lorraine Jones*
(print or type name)                        (signature)

BRADLEY & GMELICH

- 10 -

OPPOSITION TO EX PARTE APPLICATION FOR CONTINUANCE OF HEARING

## SERVICE LIST
## Charles Lincoln v. Daylight Chemical
## Case No. SACV10-1573 AG (PLAx)

Charles E. Lincoln  
603 Elmwood Place, Suite #6  
Austin, TX  78705  
Phone:  512-968-2500  
***Attorneys for:  Plaintiff in Pro Per***

charles.lincoln@rocketmail.com

Philip J. Berg  
555 Andorra Glen Court, Suite 12  
Lafayette Hill, PA 19444-2531  
***Courtesy Copy***

philjberg@gmail.com

OPPOSITION TO EX PARTE APPLICATION FOR CONTINUANCE OF HEARING