FILED

2011 JAN -3  PM 3: 53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1  Charles Edward Lincoln, III
2  603 Elmwood Place, Suite #6
   Austin, Texas 78705
3  Telephone: (512) 968-2500
4  E-mail: charles.lincoln@rocketmail.com
   Plaintiff *in propia persona*
5

6  **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA**
7

8  Charles Edward Lincoln, III,                    §
        Plaintiff,                                 §
9                                                  §    CIVIL ACTION NUMBER:
                                                   §
10 v.                                              §
                                                   §    **8:10-cv-01573-AG-PLA**
11                                                 §
   Daylight Chemical Information Systems,          §
12     Incorporated, Yosef Taitz,                  §    Ex-Parte Application for
   Orly Taitz, Inc., Appealing Dentistry,          §    Continuance of Hearing set on
13 Law Office of Orly Taitz (RICO Enterprise),§        Defendants' MTD for
14 Dr. Orly Taitz, Esq., D.D.S.,J.D.,              §    January 10, 2011, at 10:00 a.m.
   Defend Our Freedoms Foundation,                 §
15 And all JOHN & JANE DOES 1-10,                  §
16     Defendants.                                 §
17 §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

18
   **EX-PARTE APPLICATION FOR CONTINUANCE OF HEARING**
19 **ON DEFENDANTS' MTD SET FOR JANUARY 10, 2011**

20 **TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

21 **1.**    Comes now the Plaintiff, with this Ex-Parte Application for Continuance of
22 Hearing on Defendants' Motion to Dismiss set for January 10, 2011.

23 **2.**    Plaintiff Charles Edward Lincoln filed the original and First Amended
24 Complaint pro se/in propia persona.

25 **3.**    On Friday, December 3, 2010, Plaintiff went to a suburb of Philadelphia,
26 Lafayette Hill, Pennsylvania, and then and there did retain the services of licensed
27 attorney Philip J. Berg, who has nationwide experience in litigation with Dr. Orly
28

*Charles Edward Lincoln v. Daylight Chemical Information Systems, Inc., et al.*                    1
*Ex-Parte Application for Continuance of January 10, 2011, Hearing on Defendants' Motion to*
*Dismiss the Plaintiff's First Amended Complaint pursuant to 18 U.S.C. §§1961 et seq.*

Taitz and Defend our Freedoms Foundation, etc., on account of these Defendants' concerted attack on Mr. Berg's paralegal(s), one of whom formerly worked like Plaintiff for Dr. Taitz.

**4.**    Mr. Berg has apparently not received, as of this date, the documents needed to perfect his application for admission pro hac vice from the Supreme Court of Pennsylvania; there have recently been heavy snows in, but so far as this is known, this is the only reason for the delay in Mr. Berg's appearance.

**5.**    Since Plaintiff had arranged to be represented by counsel, Defendants Yosef Taitz & Daylight Chemical Information Systems have filed a Motion (Clerk's Docket #6, December 13, 2010) and an Amended Motion (Clerk's Docket #12, December 16, 2010) to Dismiss the Plaintiff's First Amended Complaint.

**6.**    Defendants Yosef Taitz and Daylight Chemical set their hearing for January 10, 2011, so that Plaintiff's response was formally due on December 27, 2010 under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

**7.**    WHEREFORE, Plaintiff files this present Ex-Parte Application pursuant to Rule 6(b)(1)(B) and asks this Court to grant the same on the grounds that, although made after the time to reply has expired, if the Plaintiff failed to act because of excusable neglect.

**8.**    As grounds for such excusable neglect, Plaintiff will show not only that he has been awaiting and counting on Philip J. Berg's appearance and active involvement in this case since 10 days prior to the filing of Defendant's Motion and 13 days before the Defendant's Amended Motion to Dismiss, but further,

**9.**    Defendant's Motion, once filed, depends very heavily in part on factual contentions and allegations, relating to matters which cannot be established based on documents before the Court (much less within "the four corners of the

*Charles Edward Lincoln v. Daylight Chemical Information Systems, Inc., et al.*
*Ex-Parte Application for Continuance of January 10, 2011, Hearing on Defendants' Motion to Dismiss the Plaintiff's First Amended Complaint pursuant to 18 U.S.C. §§1961 et seq.*

2

complaint," and many of the Defendants' arguments require drawing inferences which are neither necessary nor reasonable under the circumstances.

**10.**     A typical example occurs on page 8 of the Motion to Dismiss, at lines 26-27, Defendant Yosef Taitz' asserts (in the context not of Jury argument but "as a matter of law" apparently, given that this is a 12(b)(6) Motion, that "If Taitz was threatening Orly, if she honored her commitments to Plaintiff, she was not a co-conspirator." The idea that international racketeers are so honorable that they would never threaten co-conspirators regarding matters ancillary to the primary goals of the conspiracy is somewhat amusing.  Apparently Yosef Taitz asks the court to find, as a matter of law, that there IS honor among thieves.

**11.**     Similarly, on Page 10, lines 10-12, Yosef Taitz submits (correctly) that "Plaintiff seems to be alleging that all of the defendants were bankrolling a law practice that was no practice." And then the Defendants draw (or as this Court to accept) a completely unwarranted conclusion or factual inference which must be left to a trier of fact at final trial, or at the very least on a Motion for Summary Judgment after discovery, "If so, it was not engaged in interstate or foreign commerce, or indeed, any commerce at all." (Page 10, lines 12-13).

**12.**     Again, what Defendants seem to be arguing is that racketeers would never do anything so dishonest as to operate a worthless "front" business as a cover for money-laundering, indirect political lobbying or manipulation, or even industrial or other types of espionage.  Plaintiff has in fact substantially alleged, and Plaintiff's counsel of choice Mr. Philip J. Berg, in fact believes, that the Taitz Defendants and their various enterprises are engaged in precisely such complex racketeering operations as require phony, worthless, "front" businesses.

**13.**     Finally, on Page 11, just as a further example of the heavily fact-laden arguments of Defendants' December 13, 2010 Motion, at lines 11-28, the

*Charles Edward Lincoln v. Daylight Chemical Information Systems, Inc., et al.*
*Ex-Parte Application for Continuance of January 10, 2011, Hearing on Defendants' Motion to Dismiss the Plaintiff's First Amended Complaint pursuant to 18 U.S.C. §§1961 et seq.*

3

Defendants contend that Plaintiff may not be completely diverse from the Defendants because of his involvement in real estate lawsuits in California. Plaintiff is involved in active real estate lawsuits in Connecticut, Florida, Idaho, Massachusetts, and New Jersey at the present moment.  For convenience he often uses local addresses (for example, 2620 Nature's Way in Palm Beach Gardens, Florida 33410; 16 Trowbridge, #12, Cambridge, Massachusetts 02138; and two more addresses in Connecticut and New Jersey).  Does mere use of a convenient local address make Plaintiff a resident of each of these states?

**14.**    If so, Plaintiff's life is indeed complex.  Because Plaintiff's family, business, and life-generally has been based in Texas since approximately April 10, 1960, even with extended stays in London, England, Cambridge, Massachusetts, and Chichen Itza, Yucatan, Mexico, Plaintiff has always returned to Texas and believe he can establish complete diversity as a matter of fact and law if this Court were to convert, as Plaintiff here moves, to convert the Defendants' 12(b)(1) Motion to a Motion for Summary Judgment, allowing time for reasonable discovery.

**15.**    In sum, Defendants contention here, and throughout their motion, requires drawing unwarranted inferences from fact in their own favor, rather than in favor of the non-moving Plaintiff, on a 12(b)(6) Motion, unless the Court should grant, as Plaintiff here suggests they should, a Motion to Convert the Defendants' 12(b) Motion into a Rule 56 Motion for Summary Judgment, and allow reasonable opportunity for discovery.

**16.**    WHEREFORE, Plaintiff moves and requests that this Court convert the Defendants combined 12(b)(1)-12(b)(6) Motion to a Rule 56 Motion for Summary Judgment as allowed by the expression provisions of Rule 12 of the Federal Rules.

**17.**    As further grounds for continuance and Plaintiff's excusable neglect in filing a response to Defendant's Motion, Plaintiff would show that he needs the assistance

of counsel Mr. Philip J. Berg and Mr. Berg's staff to reframe his complaint and work out some of the details raised by Plaintiff, and that Plaintiff may not be physically able personally to attend the hearing on January 10, 2011, due to health considerations, and so a continuance should be granted in the interests of justice.

**18.**   Furthermore, the state of the case is somewhat confused by contradictions in the direct involvement of Dr. Orly Taitz with or without counsel.

**19.**   On Wednesday, December 15, 2010, William Pallares filed, on behalf of Dr. Orly Taitz, the Law Office of Orly Taitz, Orly Taitz, Inc., Appealing Dentistry, and Defend our Freedoms Foundation, a notice of Joinder (Clerk's Docket #9) in the original December 13, 2010 Motion to Dismiss pursuant to 12(b)(1) and 12(b)(6) filed by Yosef Taitz and Daylight Chemical Information Systems, along with Orly Taitz' Certification of Interested Parties (Document #10).

**20.**   However, on Monday, December 27, 2010, the very day that Plaintiff's response was due, Orly Taitz acting in propia persona, without reference to her attorneys' Pallares, filed her own Notice of Joinder with regard to herself, Orly Taitz, Inc., Defend our Freedoms Foudation, Appealing Dentistry, and the Law Office of Orly Taitz.

**21.**   Plaintiff is thus faced with the awkward position of having retained an attorney who has not yet appeared in the case, and not being exactly certain how to deal with Dr. Orly Taitz' dual joinder where she, like the Plaintiff, has filed a document pro se/in propia persona, without reference to her attorney, except that in her case she did so 9-12 days after her attorney had appeared.

**22.**   Plaintiff submits (as shown in one or more of the attached Exhibits) that he had offered William Pallares (and William Pallares had accepted) to extend the deadline for Dr. Orly Taitz and her related Defendants until January 13, 2011, to file their initial response, and he had extended this same offer to Yosef Taitz and

*Charles Edward Lincoln v. Daylight Chemical Information Systems, Inc., et al.*
*Ex-Parte Application for Continuance of January 10, 2011, Hearing on Defendants' Motion to Dismiss the Plaintiff's First Amended Complaint pursuant to 18 U.S.C. §§1961 et seq.*

5

Daylight Chemical Information Systems, although they obviously did NOT accept, and filed on December 13, 2011.

**23.** Plaintiff submits further that he would be unreasonable prejudiced by a denial of his right to be represented by and through counsel in this case, and that coordination with counsel regarding the substance of the Defendants' expected Motion(s) to Dismiss was one of the reasons for which Plaintiff retained counsel.

**24.** Furthermore, the status of Orly Taitz and all related Defendants as in propia persona or as represented by counsel is frankly very confusing and affects the substance of the Plaintiff's Necessary Response to the Defendants Amended (and Doubly Joined) Motion to Dismiss.

**25.** Finally, Plaintiff submits to the Court and will show that he has been suffering, with increasing severity ever since late October 2010, from atrial flutter-tachycardia, even though this condition was supposedly treated and cured by dual magnetic electro-myo-cardial ablations performed at Seton Heart Center in Austin, Texas 2006, which procedures had to be repeated recently in Maryland in December 2010.

**26.** CONFERENCE: As required by the local rules of the Central District of California, Plaintiff has "met and conferred" by e-mail with counsel at every appropriate stage of this litigation, See Exhibits A, B, C, & D, including most recently the Plaintiff's conferences on Sunday-Monday of this week (December 26-27, 2010) regarding his need for a continuance of the hearing set for January 10, 2010, and a corollary postponement of the Plaintiff's due date for responding to Defendants' "Doubly Joined" Motion to Dismiss Pursuant to 12(b)(1)-12(b)(6).

**27.** Proof of Service, Plaintiff declares that he served a true and correct copy of this Ex-Parte Application, after proper e-mail conferences with Defendant's counsel, on Thursday, December 30, 2010, by facsimile transmission to:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**William Edward Pallares**
Lewis Brisbois Bisgaard and Smith LLP 221
North Figueroa Street 12th Floor
Los Angeles, CA 90012–2601
Telephone: 213–250–1800; Facsimile: 213–250–7900
Email: pallares@lbbslaw.com

and

**Mark I. Melo**
Bradley and Gmelich
700 N Brand Blvd 10th Fl
Glendale, CA 91203–1202
Telephone 818–243–5200; Facsimile: 818–243–5266
Email: mmelo@bglawyers.com

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Charles Edward Lincoln III prays that this Court will grant this his present Ex-Parte Application for a Continuance of the January 11, 2011 hearing now set for the Defendants' Motions to Dismiss in this case, and that the Court now allow until Monday, January 10, 2011, for Plaintiff's counsel Philip J. Berg formally to appear as Plaintiff's counsel and then allow two weeks thereafter for Plaintiff to file his Response to the Defendants' "Doubly Joined" Motion to Dismiss.

Respectfully submitted,

Thursday, December 30, 2010

By:_____

CHARLES EDWARD LINCOLN, III, *Pro se/in propia persona*,
c/o Peyton Yates Freiman
603 Elmwood #6
Austin, TX 78705
Telephone: 512-968-2500
Email: lincoln_for_california@rocketmail.com
Alternative Telephone: (512) 968-2415
E-mail Peyton Yates Freiman, Trustee: freimanthird@gmail.com

*Charles Edward Lincoln v. Daylight Chemical Information Systems, Inc., et al.*          7
*Ex-Parte Application for Continuance of January 10, 2011, Hearing on Defendants' Motion to
Dismiss the Plaintiff's First Amended Complaint pursuant to 18 U.S.C. §§1961 et seq.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A:

*Charles Edward Lincoln v. Daylight Chemical Information Systems, Inc., et al.*
*Ex-Parte Application for Continuance of January 10, 2011, Hearing on Defendants' Motion to*
*Dismiss the Plaintiff's First Amended Complaint pursuant to 18 U.S.C. §§1961 et seq.*

8

**Von:** *Charles Lincoln (charles.lincoln@rocketmail.com)*
**An:** jross@bglawyers.com;
**Datum:** Dienstag, den 7. Dezember 2010, 4:24:24 Uhr
**CC:** philjberg@gmail.com; pallares@lbbslaw.com;
**Betreff:** AW: Lincoln v. Daylight Chemical Information System et al

Dear Mr. Ross:

I am in receipt of your letter dated December 6, 2010, e-mailed to me at 15:19 Uhr (3:19 PM) on Monday, December 6, 2010.

I filed this case pro se and will respond briefly to your letter as a pro se litigant, because I believe I can save time by pointing out that your entire premise of lack of jurisdiction is based on a typographical error, but as of this Friday I have retained Mr. Philip J. Berg who has agreed to represent me in prosecuting this complaint, and all future correspondence should be directed to him at: **http://philjberg.com 555 Andorra Glen Court, Suite 12 Lafayette Hill, PA 19444-2531 (610) 825-3134 (800) 993-PHIL [7445] Fax (610) 834-7659** Although for the time being, until he enters his formal appearance in this case, it is probably a good idea to send all documents, as you have done here, by e-mail to both Mr. Berg and myself.

In response to your letter, I will make just a few points. First, obviously my citation to 28 U.S.C. Section 1334 was nothing but a typographical error. I filed this case under both diversity (28 U.S.C. Section 1332) and Federal Question (28 U.S.C. Section 1331). As of the filing of this case, my only Driver's License was a Texas Driver's license, listing my long-time Texas home in Lago Vista (Travis County) Texas as my permanent residence (even though I'm actually writing to you from Annapolis, Maryland at the present time), and (finally) the last state wherein I voted was Texas (Presidential Election of November 2008, in Travis County, Texas). My business/office address is at 603 Elmwood Place, Suite #6, Austin, Texas 78705, and that is the mailing address from which I filed this lawsuit (and the address to which you directed the "regular mail" copy of your letter of December 6, 2010).

It is certainly true that I have spent large portions of the last two years in California (with Orly Taitz!), Florida, and Massachusetts, and that I declared an intention (never acted on) to run for office in California last February (which declaration I filed from Palm Beach, Florida 33480 as it happens) and so there is simply no doubt that Diversity of Citizenship will apply. I apologize for the "typo" that made it appear I was asserting non-existent Bankruptcy Jurisdiction instead of the rock solid diversity jurisdiction which I meant to assert.

There are absolutely no bankruptcy-related issues in this case at the present time, and so there is really no need to say anything more about the typographical error which as you so correctly say confers no jurisdiction on the U.S. District Court because there are no

corresponding facts to sustain 28 U.S.C. 1334 jurisdiction. In no other way, shape or form, however, can I agree with your letter.

As far as the detailed body of your lengthy ( letter, I will leave that to Mr. Berg except to make the following observations. EVERYTHING that I know about Yosef Taitz' roll in this case comes from the explanations Orly Taitz gave me of her own actions. I think that her statements are admissible and count, not as hearsay, but as "the admissions of a party opponent."

Orly Taitz was deathly afraid of her husband and she expressed this fear in many ways that showed that she was always acting under his direction and at his behest. She further admitted that she made no real money of her own but that her husband sponsored all her activities, including providing all the money she needed or wanted to spend on me...... and all the money that she would have invested in our joint projects was Yosef Taitz' money/Daylight Chemical money. Orly was VERY clear about all of this.

Her primary obligation was to please and conform to her husband's will, except that her husband had no interest in her as a "wife" and constantly berated and insulted her and belittled her. He provided money for her as well as directions on what to do. I did not realize just how dependent Orly was on her Husband's money at first---I assumed that she was an independent businesswoman.

But after our "affair" was made public (through no action or fault of mine, I can assure you), Orly came under increasingly vicious pressure and threats of extortion or blackmail of various kinds from her husband, and she finally told me that he told her that if she were to carry through her agreement with me, he would require her/force her to execute with (or possibly execute without her cooperation) the obliteration of all her interests in the property acquired in HER name but under HIS control. I told Orly that there was not a Domestic Relations Court in the State of California that would enforce such a prenup, even if it really existed (I certainly never saw such a document), or postnup for that matter, but she trembled, and her voice weakened, as she ONLY did when dealing with Yosef, and finally told me that she had to follow his orders, and that she would never be able to see me or work with me again. She sounded like a terrified little girl of 11-12 when she called the last time to give me this message.

I never met Yosef Taitz. I never had any direct dealings with him, but there is no doubt in my mind at all that HE and HE ALONE caused and controlled every action Orly took, both in Court and elsewhere. I would not be at all surprised if Yosef knew about Orly's affair with me and approved it as a way of achieving something---maybe just making her a little happier after 21 years of an apparently brutally oppressive marriage.

Thus, it really doesn't matter that Orly's own organizations were mere "fronts"---this is definitely part of the pattern of racketeering---money laundering and/or Bank Fraud by hiding the true sources of funding. I have no doubt that the hierarchy of organizations and

the actual flow of cash will, upon discovery, confirm everything that Orly told me. I simply do not believe she had any reason to lie to me about any of this at all.

Nonetheless, I am sure that Mr. Berg will respond to your letter in a timely manner, or else to your Motion to Dismiss.

Please take note ALSO that Mr. William Pallares (to whom this letter is also copied above) and I have agreed to extend Orly Taitz' response date until January 13, 2011. In light of your completely mistaken analysis of my complaint, would you not like to stipulate with me as well that you may have until January 13, 2010 to respond? I have suggested to Mr. Pallares and now suggest to you that we file a joint stipulation with the Court to this point (that all Defendants need not answer until January 13, 2011). My point to Mr. Pallares was that this litigation is not going to be much fun for anybody (except, possibly, for Mr. Philip J. Berg, but certainly not for me, Orly Taitz, or Yosef Taitz), and a delay until January 13, 2011, would afford the maximum opportunity for "early settlement". I would submit that I would even be willing to participate in an early mediation if it would help Orly and Yosef Taitz to see reason in this matter....

In any event, see no point in clogging the Court docket with Motions based entirely on a legal theory of lack of jurisdiction arising from a typographical error, but I thank you for pointing out that error to me.

As I noted above, please address all correspondence jointly to me and Mr. Berg at his e-mail address above until Mr. Berg has filed all papers necessary to perfect his appearance, but I would request that any telephonic communications be made directly to Mr. Berg from this day forward.

*Charles E. Lincoln, III*
*Tierra Limpia*
*Tel: 512.968.2500*
*Deo Vindice*
*"May the Lord God be with you,*
*    and with thy spirit!"*

_____

**Von:** Jonathan Ross <jross@bglawyers.com>
**An:** Charles Lincoln <charles.lincoln@rocketmail.com>
**Gesendet:** Montag, den 6. Dezember 2010, 15:19:13 Uhr
**Betreff:** Lincoln v. Daylight Chemical Information System et al

Dear Mr. Lincoln:

Please see attached meet and confer letter regarding your lawsuit against Daylight Chemical Information System et al

Sincerely,

Jonathan

Jonathan Ross, Esq.
Bradley & Gmelich
700 N. Brand Blvd., 10th Floor
Glendale, CA 91203
818-243-5200
818-243-5266 Fax
jross@bglawyers.com
www.bglawyers.com

BRADLEY & GMELICH E-MAIL NOTICE - This transmission may be: (1)
subject to the Attorney-Client Privilege, (2) an attorney work product, or (3)
strictly confidential. If you are not the intended recipient of this message,
you may not disclose, print, copy or disseminate this information. If you
have received this in error, please reply and notify the sender (only) and
delete the message. Unauthorized interception of this e-mail is a violation
of federal criminal law.

This communication does not reflect an intention by the sender or the
sender's client or principal to conduct a transaction or make any
agreement by electronic means. Nothing contained in this message or in
any attachment shall satisfy the requirements for a writing, and nothing
contained herein shall constitute a contract or electronic signature under
the Electronic Signatures in Global and National Commerce Act, any
version of the Uniform Electronic Transactions Act or any other statute
governing electronic transactions.

**Von:** William Pallares (pallares@lbbslaw.com)
**An:** charles.lincoln@rocketmail.com;
**Datum:** Dienstag, den 14. Dezember 2010, 19:31:18 Uhr
**CC:** pallares@lbbslaw.com;
**Betreff:** Lincoln v. Daylight Chemical Information System et al

Charles,

We recently learned that Yoseph Taitz filed a motion to dismiss as to the Rico claims and subject matter jurisdiction. We write to meet and confer with you on this issue. Defendant Orly Taitz will file a notice of joinder to this motion on the same grounds.

Please call to discuss this matter.

Bill

William E. Pallares
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street, 1200
Los Angeles, California 90012
Phone:  (213) 580-6339
Facsimile:  (213) 250-7900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit B:

*Charles Edward Lincoln v. Daylight Chemical Information Systems, Inc., et al.*
*Ex-Parte Application for Continuance of January 10, 2011, Hearing on Defendants' Motion to*
*Dismiss the Plaintiff's First Amended Complaint pursuant to 18 U.S.C. §§1961 et seq.*

9

**Von:** Charles Lincoln (charles.lincoln@rocketmail.com)
**An:** pallares@lbbslaw.com;
**Datum:** Mittwoch, den 15. Dezember 2010, 2:20:26 Uhr
**CC:** philjberg@gmail.com; ljones@bglawyers.com;
**Betreff:** WG: AW: Lincoln v. Daylight Chemical Information System et al

Mr. Berg just pointed out to me that his e-mail was incorrectly identified below.  It should have been shown as " **philjberg@gmail.com**" **and his address is 555 Andora Glen Court, Suite 12, Lafayette Hill, Pennsylvania 19444-2531.  I hope this error has not caused any problems....**
----- Weitergeleitete Mail ----
**Von:** Charles Lincoln <charles.lincoln@rocketmail.com>
**An:** William Pallares <pallares@lbbslaw.com>
**CC:** William Pallares <pallares@lbbslaw.com>; philjberg@gmail.com
**Gesendet:** Dienstag, den 14. Dezember 2010, 20:49:09 Uhr
**Betreff:** AW: Lincoln v. Daylight Chemical Information System et al

Well, what can we say?  I'm sorry that you all weren't willing to negotiate at this stage, but if there's a positive side I guess we don't need to do a stipulation about extending your response time until January 13, 2011 then, do we?  Naturally, I predict that the motion to dismiss will essentially turn out to be wasted paper, but I've often been mistaken.....

        As I told you all before, Mr. Philip J. Berg who has agreed to represent me in prosecuting this complaint, and all future correspondence should be directed to him at: http://philjberg.com 555 Andorra Glen Court, Suite 12 Lafayette Hill, PA 19444-2531 (610) 825-3134 (800) 993-PHIL [7445] Fax (610) 834-7659 <http://philjberg.com/> Although for the time being, until he enters his formal appearance in this case, it is probably a good idea to send all documents, as you have done here, by e-mail to both Mr. Berg and myself.

*Charles E. Lincoln, III*
*Tierra Limpia*
*Tel: 512.968.2500*
    *Deo Vindice*
*"God be with you,*
    *and with thy spirit!"*

**Von:** William Pallares <pallares@lbbslaw.com>
**An:** charles.lincoln@rocketmail.com
**CC:** William Pallares <pallares@lbbslaw.com>
**Gesendet:** Dienstag, den 14. Dezember 2010, 20:31:18 Uhr
**Betreff:** Lincoln v. Daylight Chemical Information System et al

Charles,

We recently learned that Yoseph Taitz filed a motion to dismiss as to the

submitted tomorrow, Monday January.  If you cannot agree or stipulate, I will attach a copy of this letter and your response to the motion or ex-parte application for continuance of the January 10, 2011, hearing and an extension of the related deadlines until at least January 24, 2011.

   Yours very truly,
   Charles Edward Lincoln

**Charles E. Lincoln, III**
*Tierra Limpia*
Tel: 512.968.2500
   *Deo Vindice*
"God be with you,
   and with thy spirit!"

**Von:** Bart Becker (BECKER@lbbslaw.com)
**An:** charles.lincoln@rocketmail.com;
**Datum:** Donnerstag, den 23. Dezember 2010, 13:21:56 Uhr
**CC:** pallares@lbbslaw.com;
**Betreff:** Re: AW: Lincoln v. Daylight Chemical Information System et al

Make certain we were served with the substitution of attorney.  If this hasn't been done please do so asap.

>>>

**From:**   Charles Lincoln <charles.lincoln@rocketmail.com>
**To:**     William Pallares <pallares@lbbslaw.com>
**Date:**   12/22/2010 11:48 PM
**Subject:** AW: Lincoln v. Daylight Chemical Information System et al
**CC:**     Bart Becker <BECKER@lbbslaw.com>, William Pallares <pallares@lbbslaw.com>, <philjberg@gmail.com>

Messers. Pallares & Becker:

Merry Christmas to you all!  But please keep in mind that Mr. Philip J. Berg is
representing me now. At the very least you should meet and confer with both him and
me.

*Charles E. Lincoln, III*
    *Tierra Limpia*
*Tel: 512.968.2500*
*Deo Vindice*
*"God be with you,*
*and with thy spirit!"*

**Von:** William Pallares <pallares@lbbslaw.com>
**An:** charles.lincoln@rocketmail.com
**CC:** Bart Becker <BECKER@lbbslaw.com>; William Pallares <pallares@lbbslaw.com>
**Gesendet:** Dienstag, den 21. Dezember 2010, 18:14:54 Uhr
**Betreff:** Lincoln v. Daylight Chemical Information System et al

Dear Mr. Lincoln,

Please find the attached correspondence regarding this matter.

Regards,

William E. Pallares
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street, 1200
Los Angeles, California 90012
Phone:  (213) 580-6339

Rico claims and subject matter jurisdiction.  We write to meet and confer with you on this issue.  Defendant Orly Taitz will file a notice of joinder to this motion on the same grounds.

Please call to discuss this matter.

Bill

William E. Pallares
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street, 1200
Los Angeles, California 90012
Phone:  (213) 580-6339
Facsimile:  (213) 250-7900

**Von:** Charles Lincoln (charles.lincoln@rocketmail.com)
**An:** mmelo@bglawyers.com; jross@bglawyers.com; philjberg@gmail.com; pallares@lbbslaw.com;
**Datum:** Sonntag, den 26. Dezember 2010, 19:13:24 Uhr
**CC:** dlewis@bglawyers.com; ljones@bglawyers.com;
**Betreff:** Meet & Confer Letter re: Request for Continuance of January 10, 2011 hearing

**Jonathan Ross, Esq.**
**Bradley & Gmelich**
**700 N. Brand Blvd., 10th Floor**
**Glendale, CA 91203**
**818-243-5200**
**818-243-5266 Fax**
**jross@bglawyers.com**

**Dear Messrs. Melo & Ross, and Mr. Pallares:**
        As of today, Sunday, December 26, 2010, Mr. Philip J. Berg has not yet entered
his appearance as my counsel in the case 10-cv-01573-AG wherein I am Plaintiff
complaining of Orly and Yosef Taitz and their associated or controlled entities.
        It is my understanding that Mr. Berg will be presenting a Notice of Appearance and
Motion for Admission Pro Hac Vice to the Court within the next week, but I have been
counting on his appearance with regard to the preparation of a response to your (Messrs.
Melo & Ross') Motion to Dismiss submitted December 13, 2010, and Amended on
December 16, 2010.
        **Accordingly, I would like to request that you agree to a Continuance of the**
**January 10, 2011 hearing until at least January 24, 2011, allowing me (through Mr.**
**Berg) to file my Plaintiff's response on January 10, 2011.  I realize that this is a two**
**week delay, but I had offered Mr. Palleres and Mr. Ross both the option of NOT**
**responding until January 13, 2011, in any event.**
        I hope that you will consider responding favorably and stipulating with me regarding
this two week continuance of the hearing and delay of proceedings.  I am certain you may
wish to contact Mr. Berg directly regarding his timetable to appear in the case: his number
is (610) 825-3134.
        I think it only fair to apprise you of the facts there has been a great deal of interest in
my complaint from a lot of different sources, and that many people are anxious to join, if
they can in any way, in the search for damages or vindication against Orly and Yosef
Taitz.  I still believe that an early settlement conference or mediation would be
advantageous to your clients as well as to me.
        If you are able to stipulate to a continuance of the January 10, 2011 hearing until at
least January 24, 2011, I will so notify the court in a motion or ex-parte application to be

Facsimile:  (213) 250-7900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit C:

*Charles Edward Lincoln v. Daylight Chemical Information Systems, Inc., et al.*
*Ex-Parte Application for Continuance of January 10, 2011, Hearing on Defendants' Motion to*
*Dismiss the Plaintiff's First Amended Complaint pursuant to 18 U.S.C. §§1961 et seq.*

10

**Von:** Arnold Levine (alevine@bglawyers.com)
**An:** charles.lincoln@rocketmail.com;
**Datum:** Montag, den 27. Dezember 2010, 12:48:49 Uhr
**CC:**
**Betreff:** RE: AW: Meet & Confer Letter re: Request for Continuance of January 10, 2011 hearing

Dear Mr. Lincoln:

Mr. Ross is the lead attorney in this matter, although Mark Melo and myself are involved as well.
Arnold S. Levine, Esq.
Bradley & Gmelich
700 N. Brand Blvd., 10th Floor
Glendale, CA 91203
818-243-5200
818-243-5266 Fax
alevine@bglawyers.com
www.bglawyers.com

BRADLEY & GMELICH E-MAIL NOTICE - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

----- Original Message -----
**From:** Charles Lincoln
**To:** Arnold Levine , mmelo@bglawyers.com
**Sent:** 12/27/2010 10:34AM
**Subject:** AW: Meet & Confer Letter re: Request for Continuance of January 10, 2011 hearing

Dear Mr. Levine:

Mr. Mark I. Melo is listed as lead attorney for Daylight Chemical Information Systems and Yosef Taitz in the Court's records on PACER---is that an error/incorrect? You might want to correct that with the U.S. District Clerk---otherwise would you ask Mr. Melo whether he can agree to my request for continuance and extension of time?

*Charles E. Lincoln, III*
*Tierra Limpia*
*Tel: 512.968.2500*
*Deo Vindice*
*"God be with you,*
*and with thy spirit!"*

**Von:** Arnold Levine <alevine@bglawyers.com>

**An:** Charles Lincoln <charles.lincoln@rocketmail.com>
**Gesendet:** Montag, den 27. Dezember 2010, 11:53:54 Uhr
**Betreff:** RE: Meet & Confer Letter re: Request for Continuance of January 10, 2011 hearing

Dear Mr. Lincoln:

   We received your e-mail dated Sunday, December 26, 2010, this morning.  Mr. Ross, who is the lead attorney on
this matter, is on vacation this week and we are not authorized to grant the continuance that you requested.

Arnold S. Levine, Esq.
Bradley & Gmelich
700 N. Brand Blvd., 10th Floor
Glendale, CA 91203
818-243-5200
818-243-5266 Fax
alevine@bglawyers.com
www.bglawyers.com

BRADLEY & GMELICH E-MAIL NOTICE - This transmission may be: (1) subject to the
Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the
intended recipient of this message, you may not disclose, print, copy or disseminate this
information. If you have received this in error, please reply and notify the sender (only) and delete
the message. Unauthorized interception of this e-mail is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to
conduct a transaction or make any agreement by electronic means. Nothing contained in this
message or in any attachment shall satisfy the requirements for a writing, and nothing contained
herein shall constitute a contract or electronic signature under the Electronic Signatures in Global
and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other
statute governing electronic transactions.

----- Original Message -----
**From:** Charles Lincoln
**To:** mmelo@bglawyers.com, Jonathan Ross , philjberg@gmail.com, William Pallares
**Sent:** 12/26/2010 5:13PM
**Subject:** Meet & Confer Letter re: Request for Continuance of January 10, 2011 hearing

## Jonathan Ross, Esq.
## Bradley & Gmelich
## 700 N. Brand Blvd., 10th Floor
## Glendale, CA 91203
## 818-243-5200
## 818-243-5266 Fax
## jross@bglawyers.com

## Dear Messrs. Melo & Ross, and Mr. Pallares:
**As of today, Sunday, December 26, 2010, Mr. Philip J. Berg has not yet entered his
appearance as my counsel in the case 10-cv-01573-AG wherein I am Plaintiff
complaining of Orly and Yosef Taitz and their associated or controlled entities.**
It is my understanding that Mr. Berg will be presenting a Notice of Appearance and

Motion for Admission Pro Hac Vice to the Court within the next week, but I have been
counting on his appearance with regard to the preparation of a response to your (Messrs.
Melo & Ross') Motion to Dismiss submitted December 13, 2010, and Amended on
December 16, 2010.

**Accordingly, I would like to request that you agree to a Continuance of the January
10, 2011hearing until at least January 24, 2011, allowing me (through Mr. Berg) to
file my Plaintiff's response on January 10, 2011.  I realize that this is a two week
delay, but I had offered Mr. Palleres and Mr. Ross both the option of NOT
responding until January 13, 2011, in any event.**

I hope that you will consider responding favorably and stipulating with me regarding this
two week continuance of the hearing and delay of proceedings.  I am certain you may wish
to contact Mr. Berg directly regarding his timetable to appear in the case: his number is
(610) 825-3134.

I think it only fair to apprise you of the facts there has been a great deal of interest in my
complaint from a lot of different sources, and that many people are anxious to join, if they
can in any way, in the search for damages or vindication against Orly and Yosef Taitz.  I
still believe that an early settlement conference or mediation would be advantageous to
your clients as well as to me.

If you are able to stipulate to a continuance of the January 10, 2011 hearing until at least
January 24, 2011, I will so notify the court in a motion or ex-parte application to be
submitted tomorrow, Monday January.  If you cannot agree or stipulate, I will attach a
copy of this letter and your response to the motion or ex-parte application for continuance
of the January 10, 2011, hearing and an extension of the related deadlines until at least
January 24, 2011.

Yours very truly,
Charles Edward Lincoln

*Charles E. Lincoln, III*
*Tierra Limpia*
*Tel: 512.968.2500*
*Deo Vindice*
*"God be with you,*
*and with thy spirit!"*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit D:

*Charles Edward Lincoln v. Daylight Chemical Information Systems, Inc., et al.*
*Ex-Parte Application for Continuance of January 10, 2011, Hearing on Defendants' Motion to Dismiss the Plaintiff's First Amended Complaint pursuant to 18 U.S.C. §§1961 et seq.*

11

**Von:** William Pallares (pallares@lbbslaw.com)
**An:** jross@bglawyers.com; mmelo@bglawyers.com; philjberg@gmail.com;
charles.lincoln@rocketmail.com;
**Datum:** Montag, den 27. Dezember 2010, 17:28:29 Uhr
**CC:** dlewis@bglawyers.com; ljones@bglawyers.com; pallares@lbbslaw.com;
**Betreff:** Meet & Confer Letter re: Request for Continuance of January 10, 2011 hearing

Charles,

As you know, our clients joined in this motion.  Therefore, we defer to Yosef Taitz' counsel regarding any
decision to change the hearing date.

Regards,

William E. Pallares
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street, 1200
Los Angeles, California 90012
Phone:  (213) 580-6339
Facsimile:  (213) 250-7900


>>>
From:    Charles Lincoln <charles.lincoln@rocketmail.com>
To:    <mmelo@bglawyers.com>, Jonathan Ross <jross@bglawyers.com>, <philjberg@gmail.com>,
William Pallares <pallares@lbbslaw.com>
CC:    denise Lewis <dlewis@bglawyers.com>, <ljones@bglawyers.com>
Date:    12/26/2010 5:13 PM
Subject:    Meet & Confer Letter re: Request for Continuance of January 10, 2011 hearing

Jonathan Ross, Esq.
Bradley & Gmelich
700 N. Brand Blvd., 10th Floor
Glendale, CA 91203
818-243-5200
818-243-5266 Fax
jross@bglawyers.com

Dear Messrs. Melo & Ross, and Mr. Pallares:
As of today, Sunday, December 26, 2010, Mr. Philip J. Berg has not yet entered
his appearance as my counsel in the case 10-cv-01573-AG wherein I am Plaintiff
complaining of Orly and Yosef Taitz and their associated or controlled entities.
It is my understanding that Mr. Berg will be presenting a Notice of Appearance
and Motion for Admission Pro Hac Vice to the Court within the next week, but I
have been counting on his appearance with regard to the preparation of a
response to your (Messrs. Melo & Ross') Motion to Dismiss submitted December 13,

2010, and Amended on December 16, 2010.

Accordingly, I would like to request that you agree to a Continuance of the January 10, 2011 hearing until at least January 24, 2011, allowing me (through Mr. Berg) to file my Plaintiff's response on January 10, 2011. I realize that this is a two week delay, but I had offered Mr. Palleres and Mr. Ross both the option of NOT responding until January 13, 2011, in any event.

I hope that you will consider responding favorably and stipulating with me regarding this two week continuance of the hearing and delay of proceedings. I am certain you may wish to contact Mr. Berg directly regarding his timetable to appear in the case: his number is (610) 825-3134.

I think it only fair to apprise you of the facts there has been a great deal of interest in my complaint from a lot of different sources, and that many people are anxious to join, if they can in any way, in the search for damages or vindication against Orly and Yosef Taitz. I still believe that an early settlement conference or mediation would be advantageous to your clients as well as to me.

If you are able to stipulate to a continuance of the January 10, 2011 hearing until at least January 24, 2011, I will so notify the court in a motion or ex-parte application to be submitted tomorrow, Monday January. If you cannot agree or stipulate, I will attach a copy of this letter and your response to the motion or ex-parte application for continuance of the January 10, 2011, hearing and an extension of the related deadlines until at least January 24, 2011.

Yours very truly,

Charles Edward Lincoln

Charles E. Lincoln, III        Tierra Limpia
Tel: 512.968.2500
Deo Vindice "God be with you,
and with thy spirit!"

1  Dr. ORLY TAITZ, ESQ SB#223433
   29839 SANTA MARGARITA PKWY
2  RANCHO SANTA MARGARITA CA 92688, STE 100
   PH 949-683-5411 FAX 949-766-7603
3  E-MAIL orly.taitz @gmail.com
   Attorney FOR DEFEND OUR FREEDOMS FOUNDATION,
4  ORLY TAITZ INC, APPEALING DENTISTRY

5

6  CHARLES LINCOLN,                    )  CASE NO.: 8:10-CV-01573-AG
                                       )  DEFENDANTS' DEFEND OUR FREEDOMS FOUNDATION,
7              PLAINTIFF,              )  ORLY TAITZ INC AND APPEALING DENTISTRY
                                       )  NOTICE OF JOINDER TO DEFENDANTS' DAYLIGHT
8        VS.                           )  CHEMICAL INFORMATION SYSTEMS AND YOSEF
                                       )  TAITZ, MOTION TO DISMISS PURSUANT TO
9  DAYLIGHT CHEMICAL,et al             )  FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)
                                       )  AND (6)
10             DEFENDANT               )  DATE JANUARY 10, 2011
                                       )  TIME 10:00 AM CRTRM 10 D
11 ─────────────────────────────────

12  TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

13  PLEASE TAKE NOTICE that pursuant to federal rules of Civil Procedure Rule 10(

14  c,)Defendants Defend Our Freedoms Foundation, Orly Taitz, inc and Appealing Dentistry

15  (collectively "Defendants") hereby join and incorporate by reference Defendants,

16  Daylight Chemical Information Systems and Yosef Taitz, Motion (collectively "Daylight

17  Chemical")to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

18  (DKT 6)

19  Defendants bring this joinder on the grounds that Daylight Chemical Motion applies to

20  the Plaintiff's claims against the defendants. In the interest of Judicial economy,

21  Defendants make this joinder because the resolution of this motion will address

22  whether Plaintiff has sufficiently pled his RICO claim against all defendants and

23  whether this court will retain subject matter jurisdiction over Plaintiff's Complaint.

24  Respectfully submitted ,

25  /s/Orly Taitz

26  Dr.Orly Taitz, ESQ

27  12.15.10

28

                        Notice of Joinder to Motion to Dismiss        1

1

2
## FEDERAL COURT PROOF OF SERVICE

3      I certify under penalty of perjury and under the laws of CA that I served the

4 Plaintiff with the above NOTICE OF JOINDER via mail on December 24, 2010. Plaintiff is

5      being served by the ECF on December 27, 2010

6

7                              Dated this 12.24.10
                              /s/Orly Taitz

8
                              Dr. Orly Taitz, ESQ

9                               29839 Santa Margarita Pkwy
                              Rancho Santa Margarita CA 92688

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              Notice of Joinder to Motion to Dismiss      2