**DR. ORLY TAITZ, ESQ SB#223433**
**29839 SANTA MARGARITA PKWY**
**RANCHO SANTA MARGARITA CA 92688, STE 100**
**PH 949-683-5411 FAX 949-766-7603**
**Attorney FOR DEFEND OUR FREEDOMS FOUNDATION,**
**ORLY TAITZ INC, APPEALING DENTISTRY**

| | |
|---|---|
| **CHARLES LINCOLN,** | **) CASE NO.: 8:10-CV-01573-AG** |
| **PLAINTIFF,** | **) DEFENDANTS'DEFEND OUR** |
| **VS.** | **) FREEDOMS FOUNDATION, ORLY** |
| **DAYLIGHT CHEMICAL,et al** | **) TAITZ INC AND APPEALING** |
| **DEFENDANT** | **) DENTISTRY NOTICE OF MOTION** |
| | **) AND MOTION TO STRIKE** |
| | **) Date: March 7** |
| | **) Time: 10 AM** |
| | **) Hon Andrew Guilford** |
| | **) Courtroom 10D** |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE Defendants Defend Our Freedoms Foundation, Orly Taitz, inc and Appealing Dentistry (collectively "Defendants") are filing this notice of motion and motion to strike the following pleadings by the Plaintiff:

Document #32 Notice of motion to strike

Document #33 Opposition to AntiSLAPP

Document #34 Response to 12(b)6 motion

Plaintiff in this case filed his legal action on 10.15.2010

Motion to dismiss was filed on 11.13.2010.

Motion hearing was scheduled for 01.10.2011.

Ten days after the Plaintiff had to respond to motion to dismiss his case, without any meet and confer the Plaintiff filed an ex-parte, demanding extra time, even though the Plaintiff used to be an attorney and knew that he was supposed to answer timely or at least request an extension timely.

This court was very generous with the Plaintiff and granted his motion the same day and gave him over a month of extra time and rescheduled the 01.10.2011 hearing for 02.14.2011.

On 01.25.2011 The Plaintiff filed a second ex parte motion, demanding to shorten the time for the defendants to respond.

The defendants had to stay overnight and draft a response to the second ex-parte. The defendants argued that there was no justification to grant the Plaintiff's motion. Exhibit 1 Defendants opposition to Ex-parte

Today the Defendants received the ruling from this Court, agreeing with the Defendants and denying the Plaintiff's motion. Exhibit 2. Your Honor's Order, denying the Plaintiff's motion to shorten the time for the defendant's to respond.

Today the defendants received via ECF three pleadings from the Plaintiff, all of which were filed late and all of which De facto shortened the Defendants time to

respond, in reality giving the defendants no time to respond.

The Plaintiff acted in bad faith and violated Local rules 6 and 7 . **Additionally, the plaintiff violated the order of this court expressly denying his ex-parte motion to shorten the time available for the Defendants to respond.**

***L.R. 7-9 Opposing Papers.***[5] Each opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

According to the local rule 7-9 the opposing pleadings are supposed to be served on the opposing party at least 21 days before the hearing. The reply is due 14 days before the hearing. The Defendants were served today with the pleadings for three motions:

1. Document #33 Opposition to AntiSLAPP was filed one week late and if the defendants were to respond, they would have to respond today, having zero days to prepare.

2. Document #34 was served on the Defendants today, one week late, and if the defendants were to respond, they had to respond today with zero time to prepare.

3. Document #32 Motion to Strike represents the most egregious violation of the local rules and clear disregard of the order of this court, denying the Plaintiff's request to shorten the time available to the defendants to respond. This motion was served on the Defendants today and the Plaintiff scheduled it for February 14, even though he knows that when the party is served electronically, such party is supposed to get 28 days. If the Defendants were to respond to this motion, scheduled for February the 14th, the Defendants had to respond not later than 21 days before the hearing, meaning the defendants had to respond **7 days before being served** with the Pleadings.

SUMMARY

Due to the fact that the Plaintiffs violated local rules 6-1 and 7-9, the Defendants respectfully move this honorable court to strike the Plaintiff's pleadings in documents 32,33,34 as being filed improperly and untimely in violation of local rules and in violation of the express order by this very court denying the Plaintiff's ex-parte motion to shorten time. It is the understanding of the Defendants that since this court denied the Plaintiff's motion to shorten time, this court will hear the Motion to Dismiss and the AntiSLAPP motion on **Defendant's pleadings only and the Plaintiff's motion to strike is off the calendar.**

Respectfully submitted
/s/Orly Taitz
Dr.Orly Taitz, ESQ
01.31.2011

**Dr. Orly Taitz, ESQ**
**/s/ Orly Taitz**
**01.31.2011**

**FEDERAL COURT PROOF OF SERVICE**

I certify under penalty of perjury and under the laws of CA that I served the Plaintiff via ECF and or mail on 01.31.2011

Dated this 01.31.2011
/s/Orly Taitz

Dr. Orly Taitz, ESQ
29839 Santa Margarita Pkwy
Rancho Santa Margarita CA
92688