## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **GREG ABBOTT** | § | |
|     **Plaintiff** | § | |
| | § | |
| **v.** | § | **Case No. 06:08-CV-10 WSS** |
| | § | |
| **DANIEL SIMON** | § | |
|     **Defendant** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BARBARA CASEBOLT, DON** | § | |
| **HIGGINBOTHAM, JOHN MCMASTER** | § | |
| **AND MICHAEL LEAVITT** | § | |
|     **Third Party Defendants** | § | |

### THIRD PARTY DEFENDANTS DON HIGGINBOTHAM AND JOHN MCMASTER'S MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 11

COME NOW, Judge Don Higginbotham and Judge John McMaster, hereinafter referred to as "Third Party Defendants" in the above styled and numbered cause, and ask the Court to impose sanctions against the Defendant, Daniel Simon for filing frivolous pleadings in violation of F.R.C.P. 11.

### I.  Introduction

1.01   Daniel Simon (hereinafter referred to as "Simon") and his *de facto* attorney Charles Lincoln (hereinafter referred to as "Lincoln") are continuing to harass this Court, public officials and private citizens.  Specifically, Simon has filed four cases alleging wild and frivolous conspiratorial allegations. *See*, 1:07-CV 001LY, 1:07-CV 00315LY, the instant case, and 1:07-CV 842LY.

1.02   Simon removed the instant action (a child support enforcement action) to this Court.  On September 21, 2007, Simon filed Defendant's Motion to Dismiss

Pursuant to 12(b)(6), Affirmative Defenses, Counterclaim, & Third-Party
Complaints.

1.03    Third Party Defendants served this motion on Simon on November 29, 2007, 21
days before filing the motion with the court. Fed. R. Civ. P. 11(c)(1)(A). Simon
has not withdrawn this document.

## II. Argument

2.01    The court may impose sanctions on a pro se party for presenting a pleading,
written motion, or other paper for an improper purpose, such as to harass or cause
unnecessary delay or expense. Fed. R. Civ. P. 11(b)(1). Additionally, the court
may impose sanctions on a pro se party for presenting a pleading, written motion,
or other paper that includes any of the following: (1) claims or defenses
unsupported by existing law or by a good-faith argument for a change in existing
law; (2) allegations that do not have, or are unlikely to have after a reasonable
investigation, evidentiary support; or (3) denials unwarranted by the evidence.
Fed. R. Civ. P. 11(b)(2)-(4).

2.02    Simon's filing of his third party complaint against Judges Higginbotham and
McMaster violated Rule 11 because:

A)      Simon filed the document for an improper purpose, such as to harass or to
cause an unnecessary delay. Fed. R. Civ. P. 11(b)(1); *Mercury Air Group, Inc. v.
Mansour*, 237 F.3d, 542, 548 (5th Cir. 2001). Specifically, Simon and Lincoln
improperly removed this case and then brought in third parties in their
continuance of harassment of public officials. The persistent filing of frivolous
and harassing lawsuits demonstrates the harassment of public officials. Simon

2

and/or Lincoln have been involved in the following cases which have harassed public officials:

| Cause No. | Style | Type of Action | Public Officials Harassed | Status of Case |
|---|---|---|---|---|
| 4:06CV220 SDTX | LMN Mortgage v. Atalay | Removal to Fed Dist Ct. from Tex. J.P. Ct. | William Yeoman, J.P. Pct. 5, Harris County, Texas | Case remanded $4500 in sanctions for improper removal |
| 4:06CV1479 SDTX | Jaikaran v. U.S. Bank et al | Civil Suit | 113th District Court Judge Patricia Hancock | Contempt orders issued for Lincoln's side |
| 2:07CV0258[1] SDTX | Sibley v. Lincoln | Removal to Fed. Ct. from 94th Tex. Dist. Ct. | See 1:07-CV 001LY | Case remanded. Motion for sanctions for improper removal pending; criminal contempt order issued. |
| 2:07MC0075 SDTX | USA v. Lincoln | Criminal Contempt Proceeding | U.S. Dist. Judge Janis Graham Jack | Arrest warrant pending; Lincoln has fugitive status. |
| 1:07CV0699LY WDTX | State of Texas v. Lincoln | Removal from Williamson County Court at law No. 3 | None | Capias issued for failure to appear for appeal of minor traffic violation (seat belt) USDC Case Pending |
| 1:07CV0842LY WDTX | Lincoln & Simon v. Williamson County et al | Civil | Lucas Wilson (prosecutor); Municipal Judge Kathleen Riedel; Arturo Ramierz | Order for show cause issued on bounced filing fee check |

---

[1] Lincoln retained David Sibley to appear in 1:07-CV 001LY. When Sibley appeared and did not get paid by Lincoln, Sibley filed suit.

| | | | (Prosecutor); Jana Duty (County Attorney); Col. Thomas Davis (Director DPS); Mary Peters (U.S. Secretary of transportation); Lafayette Collins (U.S. Marshall for the Western District of Texas) | |
|---|---|---|---|---|
| 1:07CV0001LY | Simon *et al* v. Williamson County, *et al* | Civil | Judges Don Higginbotham, John McMaster, and Michael Jergins; Jana Duty (County Attorney); John Bradley (District Attorney); James Wilson (Sheriff); and Greg Abbott (Attorney General | Dismissed |
| 1:07CV0315LY | Simon *et al* v. Williamson County, *et al* | Civil | Judges Tim Wright, Don Higginbotham, John McMaster, Don Morgan, James Clawson, B.B. Schraub, Michael Jergins; Jana Duty (County Attorney); John Bradley (District Attorney); James Wilson (Sheriff); and Greg Abbott (Attorney | Order to show cause from this Court by December 17, 2007 for vexatious litigation pending. |

| | | | general | |
|---|---|---|---|---|
| 05-973-C395 in the 395th Texas Judicial Court[2] | Lincoln *et al.* v. Williamson County *et al.* | Civil | Judges Tim Wright, Don Higginbotham, Suzanne Brooks, Michael Jergins, Burt Carnes, Billy ray Stubblefield, and Ken Anderson. | Court ordered $60,500 in sanctions against Lincoln and a prohibition from filing suit in Texas courts until sanctions are paid. |

(B)     Simon's third party complaint contains claims that are not warranted by existing law or by a good-faith argument for an extension or change in existing law. Fed. R. Civ. P. 11(b)(2); *Truesdell v. S. Cal. Permanente Med. Group*, 293 F.3d 1146, 1153 (9th Cir. 2002); *Zuk v. E. Pa. Psychiatric Inst.*, 103 F.3d 294, 299 (3d Cir. 1996). Furthermore, Simon's complaint contains allegations or other factual contentions that lack evidentiary support or are unlikely to have evidentiary support after a reasonable opportunity for discovery. Fed. R. Civ. P. 11(b)(3); *see Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001); *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996). Specifically, Simon has made broad and unwarranted conspiratorial allegations against public officials. Moreover, the sum and substance of Simon's complaint challenges an *agreed* order of child support which Judge Higginbotham entered. Simon has not made any good-faith arguments for the modification or reversal of the doctrine of judicial immunity and the Texas family code.

---

[2] There have been numerous other state court cases involving these same parties including many appeals. They have not been listed for brevity's sake.

(C)     Before imposing sanctions, the court should determine whether the party

made a reasonable inquiry into the facts or the law before signing and

presenting the offensive document. *See* Fed. R. Civ. P. 11(b); *Townsend*

*v. Holman Consulting Corp.*, 929 F.2d 1358, 1364-65 (9th Cir. 1990).

The court should impose sanctions against Simon because he did not make

a reasonable inquiry into the facts or law before filing his third party

complaint against Judges Higginbotham and McMaster.   There is no

explanation for this continuous barrage of frivolous lawsuits and pleadings

filed by Simon and Lincoln.  This conduct needs to stop the harassment of

public officials and the gross abuse of this Court's judicial time and

Williamson County resources.

2.03   The Court should impose the following sanctions:  (a) monetary sanctions in the

amount of $250,000, (b) striking of Simon's pleadings and dismissal of this and

every other cause that Simon or Lincoln have pending the Western District of

Texas, and (c) a prohibition of further filings and lawsuits by Simon and/or

Lincoln in the Western District of Texas until the sanctions are paid in whole to

the Court's registry.   Judges Higginbotham and McMaster's believe that this

request for sanctions is sufficient to deter repetition of the sanctionable conduct.[3]

Fed. R. Civ. P. 11(c)(2); *Fries v. Helsper*, 146 F.3d 452, 458-59 (7th Cir. 1998).

---

[3] However, the $50,000 sanction from the 395th District Court was insufficient to deter the same
sanctionable conduct in the federal system.

## III. Conclusion

Third Party Defendants pray that this Court sanction Simon and his *de facto* attorney Charles Lincoln for their continued harassment of public officials ranging from the justice of the peace to a United States Federal Judge.

Respectfully submitted on behalf of
Judge Don Higginbotham and
Judge John McMaster by

By:_____/S/_____

            Stephen C. Ackley
            Assistant County Attorney
            State Bar No. 24006730
            ATTORNEY IN CHARGE

            Tina Graves
            Assistant County Attorney
            State Bar No. 24032370

            Williamson County Attorney
            Criminal Justice Annex Building
            405 South Martin Luther King Street
            Box 7
            Georgetown, Texas 78626
            Telephone: (512) 943-1111
            Facsimile: (512) 943-1120

## Certificate of Service

I certify that on January 25, 2008, I electronically filed the foregoing notice with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. On December 2, 2007, a hard copy was sent via U.S. First Class Mail to: