IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LIBERI, et al., | : | CIVIL ACTION |
| | : | NO. 09-1898 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ORLY TAITZ, et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                December 23, 2010

I. INTRODUCTION

Before the Court are Plaintiffs' written Motion for Emergency Temporary Restraining Order and Defendant Taitz's oral motion for a temporary restraining order. The Court read the parties' papers, reviewed the documentary evidence, and held a hearing on the matter on December 20, 2010. For the reasons set forth below, both motions will be denied and the Court cautions the parties, especially the attorneys in the case, as to the prospect of future sanctions.

II. FACTUAL BACKGROUND

On May 4, 2009, Plaintiffs Lisa Liberi ("Liberi"), Philip J. Berg, Esq. ("Berg"), the Law Offices of Philip J. Berg,

-1-

Evelyn Adams a/k/a Momma E ("Adams"), Lisa Ostella ("Ostella"), and Go Excel Global (collectively, "Plaintiffs") initiated this defamation, libel, and slander action against Defendants Orly Taitz, Esq., DDS ("Taitz"), Defend our Freedoms Foundations, Inc. ("DOFF"), Neil Sankey, The Sankey Firm and Sankey Investigations, Inc. (collectively, "Sankey"), Edgar Hale, Caren Hale, Plains Radio, KPRN AM 1610, Bar H. Farms, Plains Radio Network (collectively, "the Hales"), and Linda Sue Belcher (collectively, "Defendants").[1]

In sum, Plaintiffs and Defendants are part of the "birther" movement, which is comprised of individuals who believe that President Obama is ineligible to be President of the United States because he was born in Kenya. At one time, Plaintiffs and Defendants worked together to attempt to prove President Obama's illegitimacy but infighting among them led to this lawsuit.

Specifically, Plaintiff Philip Berg accused Defendant Orly Taitz of improperly publishing the social security number of his paralegal, Lisa Liberi, along with defamatory information regarding Liberi's past history of criminal activity, on her

---

[1] Some of these parties have a long and complicated litigation history. See e.g., Berg v. Obama, 586 F.3d 234 (3d Cir. 2009); Rhodes v. MacDonald, 670 F. Supp. 2d 1363 (M.D. Ga. 2009) (imposing $20,000 sanction on counsel Orly Taitz for use of the legal process for an improper purpose), aff'd Rhodes v. MacDonald, 2010 U.S. App. LEXIS 5340 (11th Cir. Mar. 15, 2010). This litigation appears to be part of this overall dispute among the parties.

website. Defendants Edgar and Caren Hale, and Neil Sankey are essentially accused of working with Dr. Taitz to defame Plaintiffs. The Hale defendants own an internet radio station in Texas on which Dr. Taitz appeared. Neil Sankey is a private investigator in California, allegedly hired by Dr. Taitz in her quest to "destroy" Plaintiffs Berg and Liberi.

### III. PROCEDURAL HISTORY

On May 4, 2009, Plaintiffs filed their Complaint along with an Emergency Motion for an Injunction and/or Temporary Restraining Order. On May 22, 2009, Defendants Niel Sankey, Sankey Investigations, and Sankey Investigations, Inc. ("Sankey Defendants") filed a Motion to Dismiss. On May 26, 2009 Defendant Linda Belcher filed a Motion to Dismiss. On May 26, 2009 Defendants Edgar Hale and Caren Hale ("Hale Defendants") filed a Motion to Dismiss.

On May 28, 2009, Defendants Orly Taitz and Defend Our Freedoms Foundations, Inc. ("Taitz Defendants") filed a Motion to Dismiss Due to Lack of Jurisdiction, an Answer, and an Opposition to the Motion for an Injunction. On June 9, 2009, Plaintiffs responded to these motions. On June 11, 2009, Plaintiffs responded to the Motions to Dismiss filed by Sankey Defendants, Belcher, and Hale Defendants. On June 23, 2009, Plaintiffs re-filed their Emergency Motion for an Injunction or Temporary

Restraining Order. Taitz Defendants responded on June 24, 2009.

On June 26, 2009, this Court issued the following five orders: (1) granting Plaintiff's motion and dismissing Defendants James Sundquist and Rock Salt Publishing; (2) denying without prejudice Plaintiff's two Emergency Motions for an Injunction and/or a Temporary Restraining Order and denying all parties' motions to strike; (3) ordering that no further motions be filed without leave of the Court and that parties must request this by letter to the Court; (4) granting Defendant Taitz's Motions to Set Aside Default Judgment and denying Plaintiff's many requests for default judgments; and (5) issuing a rule to show cause why the complaint should not be severed and transferred.

On July 27, 2009, based upon a letter sent to the Court by Plaintiffs, the Court ordered that Plaintiff's new Emergency Motion for the Issuance of an Injunction or Restraining Order be docketed. Defendants Belcher, Hale, and Taitz responded on August 3, 2009. The Court held a hearing on August 7, 2009, and denied Plaintiff's motion on August 10, 2009, as well as denying many other motions.

On August 14, 2009, Plaintiffs appealed the Court's denial of their motion for an injunction or restraining order to the Third Circuit. On December 9, 2009, this case was placed in suspense pending determination of the appeal. (See doc. no. 83.) On May 26, 2010, the Third Circuit granted Plaintiffs' motion to

withdraw their appeal, pursuant to Fed. R. App. P. 42(b). See Liberi v. Taitz, No. 09-3403.

On June 3, 2010, the Court denied the motions to dismiss, and severed the action and transferred the claims to each Defendant's home jurisdiction. On June 23, 2010, the Court amended the original transfer order, after considering Plaintiffs' Motion for Reconsideration and Defendants' responses, while still severing and transferring the case. On July 2, 2010, Defendant Taitz filed a notice of appeal arguing, among many other things, that the Court did not have jurisdiction in this case. Taitz's appeal is currently pending.

Meanwhile, on September 8, 2010, Defendant Taitz filed a Motion to Request Documents Missing From an Incomplete Transcript. She also faxed to the Court many lengthy letters and filed responses on the docket relating to matters on appeal. On October 29, 2010, the Court ordered that all further motions and phone calls be directed to the United States Court of Appeals for the Third Circuit as the case is on appeal.

On November 16, 2010, Plaintiffs began sending letters to this Court requesting, for a third time, a Temporary Restraining Order. On December 6, 2010, Plaintiff's filed an Emergency Motion for a Temporary Restraining Order with the Third Circuit. On December 10, 2010, the Third Circuit directed Plaintiff to file a formal motion before this Court as

Plaintiffs' previous requests were by letter to the Court. On December 13, 2010, pursuant to the Third Circuit's direction, this Court scheduled a hearing on Plaintiffs' motion for December 20, 2010.

### IV. JURISDICTION

Jurisdiction for this action is predicated upon diversity of citizenship. 28 U.S.C. § 1332. The citizenship of all parties is as follows. For the Plaintiffs: Berg and Liberi are Pennsylvania citizens; Adams is an Oklahoma citizen; and Ostella and Go Global are citizens of New Jersey. For Defendants: Taitz, DOFF, and Sankey are citizens of California; Sundquist and Rock Salt Publishing are citizens of New Jersey; and Belcher and the Hales are citizens of Texas.

### V. MOTIONS FOR A TEMPORARY RESTRAINING ORDER

On December 20, 2010, the Court held a hearing regarding Plaintiffs' most recent Emergency Motion for a Temporary Restraining Order. Plaintiffs Phillip Berg, Lisa Liberi, and Lisa Ostella were present. Berg, a member of the Pennsylvania bar, represented all of the Plaintiffs. Defendant Orly Taitz, a member of the California bar, was also present. Taitz represented herself and Defend Our Freedoms Foundation. At the hearing, the Court received and admitted a number of exhibits

offered by the parties, heard argument, and heard testimony from three witnesses.

Plaintiffs argued that Defendants Orly Taitz and Linda Belcher, as well as a third party, Geoff Staples, created a website, http://lisaliberi.com, in retaliation for their filing an appeal in this case. The website is set-up as if it was created by Liberi. The website includes sexual innuendos, false statements, and false criminal history, all of which appear to be designed to paint Liberi in an unfavorable light. However, Liberi did not establish the website or give permission to anyone to establish the website in her name. Liberi filed an online abuse form with the domain registry and an online abuse report with privacyprotect.org. The domain was originally reported to be registered to a Lisa Liberi of Nairobi with an email address of convictedfelon@lisaliberi.com. As of now, the website is allegedly registered to a Geoff Staples of Texas.

Plaintiffs further alleged that Taitz, Belcher, and Staples sent emails encouraging people to view the website. These emails were sent to email addresses found in Liberi's old email account, so that her friends and contacts would believe the email was from her. Plaintiffs also allege that when they tried to get relief via a letter to this Court, the Defendants retaliated by posting the letter on the website.

Defendant Taitz responded that Plaintiffs have no

evidence that she was involved in creating the website http://lisaliberi.com. Taitz further argued that anything posted about Liberi on the website which is in Taitz's control, www.orlytaitzesq.com was truthful and not slanderous (i.e. Liberi's "mugshot" and criminal history). Taitz further alleged that Plaintiffs are retaliating against her for being a "whistleblower" about Liberi's criminal history and involvement with monetary donations from the public.

Plaintiffs' first witness was Lisa Liberi. Liberi testified that she did not create the website http://lisaliberi.com, did not authorize its creation, and has not sent emails from the website's email account convictedfelon@lisaliberi.com. Liberi also testified that Taitz tried to hire a "hit-man" to harm her and her family and that Taitz has encouraged others to harm her son. On cross-examination, Liberi conceded that she was a convicted felon and that she had no direct evidence linking the website to Defendants Belcher or Taitz. Liberi also did not present any credible evidence to support her claims of murder solicitation and kidnaping attempts. During her testimony, Liberi was often combative and evasive, and much of her testimony was argument without factual basis. For these reasons, the Court finds that Liberi's testimony was not credible.

Plaintiffs' second witness was Lisa Ostella. Ostella

testified that she had worked for Taitz as her web designer. She also assisted Taitz with her website www.DefendOurFreedoms.org and associated paypal accounts for collecting donations to the site. On cross-examination, Ostella conceded that she has locked Taitz out of her website www.DefendOurFreedoms.org and her associated paypal accounts. Ostella also conceded that she only had discovered a link between Geoff Staples and the website http://lisaliberi.com, not to Defendants Taitz and Belcher. Like Liberi, Ostella was often combative and evasive during her testimony, and much of her testimony was argument without factual basis. Theefore, the Court also finds that Ostella's testimony was not credible.

Defendant Taitz called one witness, Plaintiff Phillip Berg. Berg testified regarding his previous relationship with Geoff Staples, that Staples did web design for Berg on a volunteer basis. Berg's testimony was also combative, evasive, and argumentative and the Court did not find his testimony to be helpful for establishing a factual record.[2] At the conclusion of his direct examination by Taitz, Berg asked to reopen his case to call Taitz to the stand, which the Court denied.

The parties also offered various documents into

---

[2] The Court finds that the witness' hostile reactions to the questions asked were partially triggered by Taitz. Taitz's questions were confusing, hostile, and often rose to the level of baiting the witnesses.

evidence. The Court finds that the documents lacked any evidence of authentication and thus, finds much of the documentary evidence to be unreliable.

### A. Legal Standard

Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citing American Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994)). "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharmaceuticals, 369 F.3d at 708 (citing Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999)).

In this case, neither party prevails and neither is the victor. The Court will deny both motions for a temporary restraining order for the reasons that follow.

### B. Plaintiffs' Motion for an Emergency Temporary Restraining Order

First, Plaintiffs fail to show that they would likely

succeed on the merits. The evidence proffered by the Plaintiffs, both as documents and as witness testimony, was not found to be credible or reliable. Plaintiffs failed to prove that named Defendants Taitz and Belcher were directly connected to the website. The only evidence Plaintiffs provided was an unsubstantiated allegation that one Geoff Staples, reportedly the operator of the website, had a previous relationship with Berg and now has a connection to Taitz.

Second, Plaintiffs also fail to show that they would suffer irreparable harm unless the Court were to issue a Temporary Restraining Order. The website, http://lisaliberi.com, is no longer available to the public. Additionally, the allegations that Taitz hired a hit-man and attempted to kidnap Ostella's children were not proven by any credible evidence.

As Plaintiffs' motion fails under the first and second prongs, the Court will not continue the analysis as this is a conjunctive test. Thus, Plaintiffs' Motion for an Emergency Temporary Restraining Order will be denied.

### C. Defendant Orly Taitz's Motion for an Emergency Temporary Restraining Order

During the hearing, Defendant Taitz argued that it is the Plaintiffs that are engaged in harassing her and that it is she that needs protection from them. The Court will treat this

-11-

argument as an oral Motion for a Temporary Restraining Order against Plaintiffs. Defendant Taitz's motion will also be denied.

First, Taitz fails to show that she will likely prevail on the merits. Taitz alleges that Plaintiffs are continuing to bring actions against her in retaliation of her exercise of her free speech rights to "blow the whistle" on Plaintiffs impropriety (i.e., Berg letting Liberi, a convicted felon, handle donations). However, the Court finds that Taitz did not offer credible evidence to establish that she is likely to succeed in the claim.

Second, Taitz fails to show irreparable harm. The only harm that Taitz would allegedly suffer is to continue to have to litigate this claim. This is not irreparable harm.

As Defendant Taitz's motion fails under the first and second prongs, the Court will not continue the analysis as this is a conjunctive test. Thus, Defendant Orly Taitz's Motion for a Temporary Restraining Order will be denied.

## VI. RELATION TO THIS COURT'S ORDER TO SEVER AND TRANSFER

On June 3, 2010, the Court severed this action and transferred the claims to each Defendant's home jurisdiction, a decision pending appeal. The parties' actions and argument relating to Plaintiffs' most recent Emergency Motion for a

Temporary Restraining Order further supports this Court's reasoning as to why this case should be severed and transferred.

Prior to the scheduled hearing multiple Defendants (other than the Berg-Taitz parties) contacted the Court to express that it would be too expensive and inconvenient to make it to a hearing in Pennsylvania that was scheduled within five days. These concerns add weight to the fourth "private factor" articulated by the Third Circuit in considering a transfer; that is, the convenience of the parties as indicated by their relative physical and financial conditions. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

Additionally, despite the Court's attempt to provide guidance in its Order on December 14, 2010 (doc. no. 158), a number of pro se Defendants were concerned that their failure to attend would prejudice their positions. The clear difference between the Berg-Taitz dispute and the other Defendants supports the need to sever the cases so that parties are not forced to fly across the country at the last minute to be present for an issue that is irrelevant to them. Indeed, Plaintiffs' Emergency Motion for a Temporary Restraining Order only requested relief from two of the twelve remaining Defendants.

To the extent that there is a locus to this crazy quilt of claims and cross claims between Berg and Taitz, it is California where Taitz resides, Taitz's website and continuing

-13-

operation is organized, and where Liberi was convicted and is allegedly on probation.

### VII. BEHAVIOR OF THE PARTIES

During the hearing the Court reminded Berg and Taitz that sanctions may be ordered under Rule 11, 28 U.S.C. § 1927, and the inherent power of the Court. See In re Cendant Corp., 260 F.3d 183, 199 (3d Cir. 2001) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991) ("The Supreme Court recently reaffirmed that a district court has inherent authority to impose sanctions upon those who would abuse the judicial process.")

The Court has been patient in dealing with these emotional issues but the parties continue to get closer to the line of improper conduct. For example: they continue to speak over each other in court; object during another attorney's argument; and interrupt and argue with witnesses.

Additionally, very serious accusations were made during this hearing, such as: the hiring of a hit-man to kill a party, the stealing a party's donation funds, and attempting to kidnap a child of one of the party's to the lawsuit. The Court will remind the lawyers that they were warned by the Court that making such serious accusations without proof to back them up could result in their referral to the disciplinary board.

There were no winners at the hearing but surely there

was one loser - the search for truth in an environment of decorum. For this sorry episode, both Taitz and Berg bear much of the blame.

## VIII. CONCLUSION

For the reasons stated above, both Plaintiffs' Emergency Motion for a Temporary Restraining Order and Defendant Taitz's oral Motion for a Temporary Restraining Order will be denied. An appropriate order will follow.