Dr. Orly Taitz, Esq

Attorney Pro Se & Attorney

For Defend Our Freedoms Foundation

29839 Santa Margarita Parkway, Suite 100

Rancho Santa Margarita CA 92688

Tel: (949) 683-5411; Fax (949) 766-7603

E-Mail: dr_taitz@yahoo.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA LIBERI, et al., | ) Case # 09-1898 Liberi v Taitz |
| | ) Hon Eduardo Robreno presiding |
| | ) 59 E and 60 B motions to correct errors in 12.23.2010 ruling, |
| | ) Motion to dismiss due to lack of subject matter jurisdiction |
| | ) Motion for sanctions against the plaintiffs and plaintiffs' attorney |
| Plaintiffs | ) Phlip J. Berg |
| v. | ) |
| | ) |
| ORLY TAITZ, et al., | ) |

01.22.2011 59 E and 60 B motion to dismiss due to lack of subject matter jurisdiction and motion for sanctions against the Plaintiffs and their attorney Philip J. Berg 1

**Defendants.            )**

## 59 E MOTION TO AMEND OR ALTER RULING and 60 B motion

Defendants Dr. Orly Taitz ESq and Defend Our Freedoms foundation, hereinfter "Defendants" are properly filing this 59 E motion to correct **a material error** of fact in the 12.23.2010 order issued after 12.20.2010 TRO hearing, which was instigated by the plaintiffs as well as provide new evidence, a letter from Michael Ramos, District Attorney of San Bernardino county, California, verifying that indeed Plaintiff Lisa Liberi is currently on probation, under the supervision of San Bernardino CA probation Department .

### Rule 60 B Motion

**Rule 60.**  Relief from Judgment or Order

**(b)** Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under RCFC 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

On 12.23. 2010 this court entered a ruling in relation to the TRO hearing held on 12.20.2010. Unfortunately yet again without a shred of documentary evidence this court erroneously entered in its' order a statement "Lisa Liberi is a resident of PA" . Defendants believe that a clerk simply copied this part of the order from a prior order. It is possible, that the court was confused before, while making a

01.22.2011 59 E and 60 B motion to dismiss due to lack of subject matter jurisdiction and motion for sanctions against the Plaintiffs and their attorney Philip J. Berg    2

prior order on 06.04.2010, however at the hearing on 12.20.2010 plaintiff Liberi conceded that she is indeed a convicted felon from California. She admitted that she was convicted in California in 2008.  Defendants repeatedly submitted to this court a summary of Liberi's 2008 conviction, which included 23 charges and conviction of 10  felonies of forgery, forgery of an official seal and theft. Summary of conditions of her probation contains  a condition, whereby from March 23 2008 until March 23 2011 Liberi is allowed to reside only in Ca or with her family in NM. **She is not allowed to reside in PA and she did not reside in PA in May of 2009, when she filed this complaint, she does not reside in PA now. It was fraud on the court, committed in order to create jurisdiction in diversity by virtue of fraud on the court.**

In your order Your Honor stated that Liberi admitted that she was convicted in 2008 in CA.  Your Honor has also stated that it is "alleged" that she is on probation, which lead the defendant to believe that your Honor erroneously believes that Liberi is no longer on probation. Defendants are providing to your Honor a letter sent by the Probation department of the San Bernardino CA Exhibit 1 and from Mike Ramos, District Attorney of the San Bernardino CA district Attorney's office, stating that Lisa Liberi is indeed under supervision of the San Bernardino CA probation department. (Exhibit 2).  While the probation department is not ready to revoke her probation and return her to incarceration yet and investigation of her actions in this court continues, it is clearly stated that she is on probation with the San Bernardino, California probation department.

Your Honor has stated that the plaintiffs, including Liberi  were evasive and not believable as witnesses on the stand. Your honor did not find any basis for the allegations made by the plaintiffs. Similarly the claims of the plaintiffs of Liberi being resident of PA are not true either, as demonstrated by the letter from the San Bernardino, California District Attorneys' office .

On the stand Liberi continued defrauding Your Honor. Liberi stated that she was convicted   of tax evasion only. In reality the summary of her convictions shows that she was convicted of 10 felonies, which included forgery of documents and theft. Similarly, the letter sent to you and to the defendants by Co-plaintiff and

attorney for plaintiffs Berg provides an admission against interest by Berg himself, where he admits to the fact that Liberi is a convicted felon and he admits to his knowledge of this fact. ( 12.22.2010 letter to the Court by Philip J. Berg). Yet again Berg continues defrauding your honor by claiming that Liberi has only one conviction, while the official record shows conviction of 10 felonies. Berg continues denigrating defendants and a number of attorneys, who are posting on the web site Fogbow.com. While  Defendants have disagreements with above mentioned attorneys from Fogbow as well, Berg's letter was sent with malice, with intent to defraud your Honor further and to try to silence, to intimidate any whistle blowers: both Taitz and other attorneys, reporting  that Berg is employing a convicted document forger and convicted thief Lisa Liberi and submitting to this court, as well as the Third Circuit Court of Appeals and the Supreme Court of the United States documents and pleadings prepared by this recently convicted forger on probation.

On 08.07.2009 during yet another frivolous TRO hearing instigated by the Plaintiffs, Your Honor ordered the Plaintiffs to file with the court a copy of Liberi's identifying documents. Examination of the docket and documents filed in this case shows that Liberi and Berg never complied and never filed her drivers' license or any other documentary evidence of her residence in PA. Taking into consideration Liberi's admission to felony conviction in Ca in2008 and summary of her probation conditions, as well as January 11, 2011 letter from District Attorney Mike Ramos by Deputy district Attorney James Secord, it is clear that Liberi is not a resident of Pennsylania.

The Defendants respectfully move this court to correct an error in the memorandum and order and delete statement "Liberi is a resident of Pennsylvania".  **Defendants move the court to make a correct determination, that "the Plaintiffs never filed with this court any documentary evidence of Liberi's  residence in Pennsylvania or any other state and cannot maintain a legal action in diversity without providing proof of state residence**. The defendants provided the court with the documentary evidence, showing that

Liberi is under supervision of the San Bernardino California probation department allowed to reside only in California or New Mexico, but not Pennsylvania."

## B. JURISDICTION IS ALWAYS BEFORE THE COURT AND THE COURT HAS A DUTY TO DISMISS A CASE, WHERE IT HAS NO JURISDICTION

In a recent case of S. Freedman and Company, inc v Marvin Raab et al # 05-1138 (from NJ #04-cv-01119) Third Circuit court judges Honorable Barry, Smith and Aldisert found that under precedent of Gould Electronics, inc v United states, 220 F. 3d 169, 176 (3d Cir.2000) Third Circuit court of Appeals had jurisdiction to review under 28 U.S.C. §1291 the issue of subject matter jurisdiction as a basis for dismissal of the case. **Third Circuit court of Appeals also found that a District Court has a duty to raise doubts about its jurisdiction at any time, and the party asserting jurisdiction "bears the burden of showing that the case is properly before the court at all stages of litigation"**. Packard v Provident National Bank, 994 F. 2d 1039, 1045 (3d Cir. 1993) and similarly J& R Ice cream Corp. v. California Smoothie Licensing, 31 F. 3d 1259, 1265 n.3 (3rd Cir 1994).

In its' opinion in Freedman v Raab Third Circuit proceeded to expand and reiterate that "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference 5C. Wright & A. Miller, Federal Practice and Procedure §1206, at 78-79 (1969 & Supp. 2005); Thomas v Board of Trustees, 195 U.S. 207, 210 (1904) (holding that diversity jurisdiction, "or the facts upon which, in legal intendment, it rests, must be distinctly and positively averred in the pleadings, or should appear affirmatively and with equal distinctness in other part of the record"); Joiner v. Diamond M Drilling Co., 677 F. 2d 1035, 1039 (5th Cir 1982)

("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business). "Fedco's bald allegations that the corporate parties are citizens of certain states are insufficient to carry its burden of pleading the diversity of the parties."

In cases in which jurisdiction is based on diversity of citizenship, plaintiff has burden to show, first, that applicable statute confers jurisdiction, and, second, that assertion of jurisdiction is consonant with constitutional limitations of due

process. *Weight v Kawasaki Motors Corp. (1985, ED Va) 604 F Supp 968.*

**Party's mere allegation of diversity cannot satisfy its burden of establishing district court's jurisdiction; citizenship of each real party in interest must be established by preponderance of evidence.** *Roche v Lincoln Prop. Co. (2004, CA4 Va) 373 F3d 610.*

Complaint alleging that defendant's corporate citizenship was in a state other than California but failing to allege that plaintiffs were all citizens of California was not sufficient to give District Court jurisdiction since pleadings did not otherwise resolve issue of citizenship. *Bautista v Pan American World Airlines, Inc. (1987, CA9 Cal) 828 F2d 546, 126 BNA LRRM 2559, 107 CCH LC P 10159.*

In *Olsen v Quality Continuum Hospice, Inc. (2004,DC NM) 380 F Supp 2d 1225*

Court lacked jurisdiction over patient's claims because he failed to establish diversity jurisdiction because at time he filed complaint both he and hospice were citizens of State; also patient only sought $ 10,000 in cost and unspecified amount for other damages, which did not meet amount in controversy

In McMann v. Doe (2006, DC Mass) 460 F Supp **2d complaint against John Doe defendant alleging Internet defamation was dismissed for lack of subject matter jurisdiction because there was risk that if John Doe's identity were discovered there could have been no diversity, and court's jurisdictional authority would have disappeared;** court declined to read amended language of *28 USCS § 1441* into *28 USCS § 1332* because it would have accomplished much broader result of allowing case with only one party and only state law claims to proceed initially in federal court *Olsen v Quality Continuum Hospice, Inc. (2004,DC NM) 380 F Supp 2d 1225.*

In motorist's personal injury lawsuit against, inter alia, owners of property adjacent to private railroad-track crossing where car-train accident occurred, pursuant to *28 USCS § 1447(d),* appellate court lacked jurisdiction to review

remand that implicitly was based on lack of subject matter jurisdiction; district court clearly was addressing jurisdictional issues--diversity of citizenship, *28 USCS § 1332*, and fraudulent joinder--and when doing so, it properly declined to decide doubtful question of state law and, instead, resolved ambiguity (lack of state law directly on point) in motorist's favor. *Filla v Norfolk & Southern Ry. (2003, CA8 Mo) 336 F3d 806.*

Where record creates doubt as to jurisdiction, trial court must determine whether there are adequate grounds to sustain its jurisdiction over subject matter. *Shahmoon Industries, Inc. v Imperato (1964, CA3 NJ) 338 F2d 449, 9 FR Serv 2d 12B.22, Case 2.*

**Court has duty to look to its own jurisdiction and lack of subject matter jurisdiction may be asserted by court, sua sponte, at any time.** *Jeter v Jim Walter Homes, Inc. (1976, WD Okla) 414 F Supp 791.259.* **decided by a preponderance of evidence.**

For a year and a half the Plaintiffs used this court as a tool to harass the Defendants/whistle blowers. Until now this court might have believed Liberi and Berg's allegations, however at the last hearing Liberi admitted that she is a felon, convicted in California in 2008. Her admission in combination with the evidence presented by the defendants in the form of Liberi's probation record and a letter from the San Bernardino California DA Mike Ramos show that Liberi could not possibly reside in PA, as according to her current probation she can reside only in Ca or NM. **As such the court has a duty to dismiss this case due to lack of subject matter jurisdiction.**

### C. An error in Liberi's state citizenship goes to the ultimate question in this case and cannot be made without any documentary evidence

This is the case of defamation of character and slander. The Plaintiffs state that Lisa Liberi, paralegal to attorney Berg and Berg himself were slandered when Taitz published a summary of Liberi's 2008 conviction of 10 felonies. Liberi and Berg claim, that she is a different Lisa Liberi, who resided in PA and was slandered. On 12.20.2010 Liberi admitted that she is a convicted felon, that she was convicted in

2008 in California of theft. Taitz provided her probation record, showing that she is not allowed to live in PA.

If notation in 12.23.2010 order, stating that Liberi is a resident of PA is not stricken from the record and the case is not properly dismissed due to total lack of subject matter jurisdiction, if this case is transferred somewhere else, a new judge might issue a summary judgment based on this erroneous finding and Appellants will suffer even more damages.

### D. NOT STRIKING AN ERRONEOUS NOTATION IS AGAINST PUBLIC POLICY AND WILL GIVE GREEN LIGHT TO OTHER FELONS ON PROBATION, LIKE LIBERI, TO DEFRAUD MULTIPLE COURTS.

In this case a felon on probation Lisa Liberi and her attorney Philip J Berg committed fraud on the court and perjury, claiming that Liberi is a resident of PA and that she was defamed by the publication of criminal record of Lisa Liberi, as they claimed that she is a different person, a different Lisa Liberi, resident of PA. If erroneous finding is not corrected by this court and the court continues to allow Liberi and Berg to maintain this case in diversity without filing a shred of documentary evidence of Liberi's state citizenship, than it will be a most dangerous precedent, a green light for any criminal, any felon to simply assume another identity, find an attorney, who would violate code of professional ethics and file frivolous law suits to harass innocent individuals and whistle blowers.

### E MOTION FOR SANCTIONS AGAINST THE PLAINTIFFS AND ATTORNEY PHILIP J BERG FOR FILING A FRIVOLOUS LEGAL ACTION WITH MALICE AND FOR MAKING OUTRAGEOUS MALICIOUS ACCUSATIONS OF CAPITAL CRIMES AGAINST THE DEFENDANTS WITH THE PURPOSE OF COVERING UP PRIOR FRAUD AND SILENCING THE WHISTLE BLOWERS.

This is the case, where the defendants are the true victims.

While your Honor has written in his order on 12.23.2010, that there were no winners during the 12.20.2010 hearing, in reality there was a winner. This winner was the Truth, as the defendant and an attorney for the defendants Taitz during her cross examination of the Plaintiffs was able to uncover the truth and open

the eyes of this court to simple facts, that this court did not seem to see for some reason before.

Taitz has proven to this court that

1. Liberi is indeed a convicted felon from CA. The court stated in its' order that Liberi conceded that she was a convicted in CA in2008 and that Liberi is evasive and not believable as a witness.

2. Plaintiff Ostella indeed caused defendants Taitz and "Defend Our Freedoms Foundation" an immeasurable damage. This court noted that Ostella conceded that she locked Taitz out of the web site of her foundation and that she replaced Taitz pa-pal account with her own. Your Honor found Ostella to be evasive and not believable as a witness.

3. Your Honor noted that there was no basis for the allegations made by the Plaintiffs.

## EGREGIOUS VIOLATIONS BY ATTORNEY PHILIP J. BERG OF THE PENNSYLVANIA RULES OF PROFESSIONAL CONDUCT

**Adopted by Order of the Supreme Court of Pennsylvania dated October 16, 1987 effective April 1, 1988**
**Text contains recent revisions & amendments which became**
**effective January 1, 2005, January 6, 2005, March 17, 2005, April 23, 2005 and July 1, 2006**

### A. MULTIPLE COUNTS OF EGREGIOUS ATTORNEY MISCONDUCT AND VIOLATIONS OF RULES 3.3, 4.1 AND 8.4
**Rules 3.3 Candor Toward the Tribunal**
**Rule 4.1 Truthfulness in Statements to Others**

01.22.2011 59 E and 60 B motion to dismiss due to lack of subject matter jurisdiction and motion for sanctions against the Plaintiffs and their attorney Philip J. Berg  9

**Rule 8.4 Misconduct (Exhibit Rules of professional conduct Adopted by the Supreme Court of PA  Rules 3.3, 4.1, 8.4)**

Philip J. Berg by his own admission employed Lisa Liberi as his legal assistant and paralegal from end of 2006/begining of 2007 until now. By his own admission Berg submitted to court pleadings drafted by Liberi, specifically in <u>Berg v Obama</u> 2:08-cv-04083-RBS, which he submitted to the Eastern District of PA, Third Circuit Court of Appeals and the Supreme Court of the United States. In his 12.22.2010 letter to Your Honor and cc-ed to the defendants, Berg states "It is true that Plaintiff Liberi was convicted of a felony, in one case, not multiple cases, however Miss Liberi worked extremely hard putting her life together." So, after a year and a half of harassment of Taitz with a frivolous $800 million dollar law suit for defamation and slander, claiming that Liberi was an innocent victim of defamation, Berg and Liberi admitted that she is indeed a recently convicted felon. Berg claims that she is putting her life together, but how does she do it? She did it by accusing attorney Taitz of capital crimes of attempting to hire a hit man to kill her and doing this  for the sole purpose of hiding her drivers' license, which would show that she did not reside in Pennsylvania. She is putting her life together by defrauding this court for a year and a half. Her attorney Berg is right there, committing this egregious fraud on the court together with her.   This is a flagrant violation of rule 3.3, 4.1 and 8.4

01.22.2011 59 E and 60 B motion to dismiss due to lack of subject matter jurisdiction and motion for sanctions against the Plaintiffs and their attorney Philip J. Berg 10

## Count 2

In and around mid April 2009 Taitz published on the web site of her foundation an official summary of Liberi's convictions, which is available for public review on the official website for the San Bernardino County, Ca Superior Court. This printout showed Liberi's 2008 convictions of 10 counts of forgery, forgery of an official seal and theft. Taitz did it with a proper purpose of warning the public at large, that nothing submitted to court by Philip J. Berg can be considered as genuine in light of his assistant's conviction and in light of the fact, that Berg was conducting a Nationwide fundraising and on the pages of his web site ObamaCrimes.com was asking the donors to provide their credit card information, their address and other personal information, which became available to Lisa Liberi, who was recently convicted of multiple counts of theft.  Only a few days after Taitz published such record, **Berg filed a $800 million dollar legal action for Slander and Defamation of character, where he claimed that he and his assistant were defamed by an accusation of Liberi committing crimes. Berg claimed that Liberi is a resident of PA and both of them were defamed. At that time Berg clearly knew that Liberi does not reside in PA and filed a frivolous legal action for defamation and slander with the only purpose of harassment and intimidation of the**

**defendants and in order to defraud the tribunal, whereby he violated Rule 3.3, 4.1 and 8.4**

# COUNT 3

When Taitz demanded proof of Liberi's residence in PA and proof, that she is a different person, Berg committed yet another act of egregious fraud on the court and without a shred of evidence stated that Liberi's drivers license needs to be sealed because attorney Orly Taitz tried to hire a hit man to kill Liberi. Berg is an attorney and without a drop of conscience, without a drop of honesty and integrity he accused a fellow attorney of a capital crime, knowing full well, that he does not have any evidence to substantiate such an outrageous accusation.  Additionally, he accused a career police officer and a licensed investigator Neil Sankey of hacking Liberi's computer and stalking her, he accused a veteran Pamela Barnett of forging a letter from Linda Belcher, he accused his former assistant and researcher Linda Belcher of forging Liberi's e-mails and forging an official seal, as well as of having a criminal record, he accused a retired veteran and engineer Neil Turner of being a White Supremacist Militiaman, who is stalking Liberi, he accused a talk show host Ed Hale of stalking and stealing a document. All along Berg knew, that he is working with a convicted forger, that nobody ever threatened them, he knew that all the crimes, that he is making up are a repertoire of his assistant Lisa Liberi, he knew that all the individuals that he

is accusing are simply whistleblowers, who blew the whistle on him and Liberi, he knew that none of these individuals ever committed any crimes, were never convicted of any crimes, yet **Berg went to the extent of assassinating good name of multiple innocent individuals with the sole purpose of covering up for a fact that he continuously submits to courts documents prepared by a convicted document forger and for the fact that he does fundraising with a convicted thief. Berg filed thousands of pages of pleadings with such accusations in the Eastern District of PA as well as the Third Circuit Court of Appeals. By doing so Berg violated rule 3.3, 4.1, 8.4**

## COUNT 4

As Berg claimed that Liberi's life is in danger, at the 08.07.09 hearing Your Honor allowed Berg to file Liberi's PA drivers license under seal
The transcript on page 19

"Mr. Berg: ... her actual address I think would be detrimental

The Court: "Well, the actual address we could do without it.

Mr. Berg: Okay. could that be on other people, too, or just on Miss Liberi?

The court: Well you could disclose it and **file it with the court under seal."**

on page 47 of the transcript of the same hearing during direct examination of Liberi by Berg:

"Q. You heard my statement before. You will supply your correct address and identifying information which we will give the court under seal, is that correct?

A Yes, sir."

Berg and Liberi promised **to file** Liberi's drivers' license under seal. Berg and Liberi defrauded the court yet again and did not file Liberi's drivers license or any identifying documents. The docket of the case shows, that no identifying documents were ever filed. When Taitz properly filed her motion to dismiss due to the fact, that Liberi never provided any documents, showing her state citizenship, and that the case at hand filed based on diversity has to be dismissed, **Berg and Liberi continued defrauding the District court and the Third Circuit Court of Appeals, claiming that they provided necessary documents and continuously accusing defendants of crimes in order to confuse both courts. Wherefore, Berg violated rule 3.3, 4.1 and 8.4.**

## COUNT 5

Berg acted with malice and made up slanderous accusation that Taitz attempted to kidnap children of Lisa Ostella

On cross examination of Lisa Ostella by attorney Taitz during 12.20.2011 hearing

Taitz:" ...I am an attorney and you have accused me of trying to hire a hit man and kidnap your children"

A-I did not make those accusations

Q Who made those accusations?

A Those weren't made by me

Q But can you tell me who made those statements? Where..

A they are in the court filings  on this

Q  And who made those?

A I don't know who writes that

Q And who made those court filings?

A They came from my attorneys law office

**Q You mean they came from Mr. Berg. Right?**

**A His law office, yes**


Further on

Taitz: "I went to New Jersey to report you, report the fact that you locked me out of the account of my foundation and you replaced my Paypal with your Paypal. I went to new Jersey to report diversion of funds from my foundation. Instead you accuse me of going to New Jersey to kidnap your children on that trip. From what?

A No, I didn't accuse you of going to kidnap my children on that trip. I have an affidavit.

The witness: Tab K, sir, in the binder I gave you.

The Court to what effect?

The witness: Tab K is the Gentleman that was with her when she drove around New Jersey.

Ms. Taitz: He is not here. This is--he is the--

The witness: His affidavit is here

Ms. Taitz: But this is Hearsay. I cannot question him

The witness: Affidavits are not hearsay.

By Ms. Taitz

**Q Does it say anywhere in this affidavit that I was going to kidnap your children?**

**A No, I didn't say it was.**

**Q Does it say that I was going to report you to the police, yes or no?**

**A Yes, you came**

**Q O'kay, thank you.**

Here there is a clear example how PA licensed attorney Philip J. Berg acted with unheard of level of malice. He simply manufactured horrific accusations against attorney Taitz without any shred of evidence. This misconduct by an attorney is so egregious, that he should not be allowed to practice law.

Similarly this court has found that there was no basis for other allegations made by the plaintiffs.

On the other hand there was nothing done wrong by the defendants. This case was filed on May 5, 2009. It was filed after the defendants published truthful information, a summary of the 2008 CA criminal conviction of ten counts of forgery and theft of Lisa Liberi, paralegal of attorney Berg, who works with him via e-mails and mail, not residing in PA.

Taitz, also, notified her supporters that the old web site of her foundation, "Defend our Freedoms Foundation" was taken over by former volunteer web master Lisa Ostella, that any donations given after Ostella locked Taitz out of the web site will not benefit the foundation, but rather will go to Ostella.

On the stand, while Ostella initially claimed that Taitz accused her of stealing $10,000, when asked to provide evidence, she was not able to find any such evidence, but rather read a statement saying exactly what Taitz stated before, that the web site was taken over by Ostella, that paypal account was replaced and any donations given by donors will not benefit the foundation, but will go to Ostella .

On cross examination Ostella conceded that she took over the web site and replaced Taitz e-mail address with her own in connection to pay pal. She also conceded that she created a stamp with Taitz signature and affixed it to multiple documents. She claimed that Taitz allowed her to cut and past her signature, however she did not have any proof of it. She also could not explain how a signature copied from a document signed in April of 2009 appeared on a document created in January 2009, 3 months earlier. Her testimony showed that

there was no consent from Taitz for Ostella to forge her signature and post it on multiple documents.

So this is not a case, where the parties are on equal footing. To put both parties in the same category equals to a judge saying " I will not be biased to either side: the rapist and the rape victim are equally liable."

This is a case of a year and a half of emotional, financial and legal rape of the Defendants and particularly Taitz by the Plaintiffs and particularly plaintiffs attorney Berg. They took over her web site, her pay-pal account, denigrated her, filed a frivolous law suit for $800 million dollars and harassed and terrorized her for a year and a half with thousands of pages of irrelevant, inadmissable, inflammatory and prejudicial pleadings. They claimed that Liberi was a different person, not a felon from CA, however at the latest hearing Liberi conceded that she is a felon from CA. Ostella conceded to locking Taitz out of the web site of the foundation, where Taitz was the president, she conceded that she replaced her pay pal account with her own in connection to that foundation web site. Most egregious misconduct was the fact that in order to cover up for their prior fraud and perjury, the Plaintiffs and Berg claimed that Liberi's drivers license cannot be produced because she is afraid of Taitz, because Taitz tried to hire a hit man to kill

her and kidnap children of Ostella.  They demanded sanctions against Taitz, they demanded that this court report her to authorities, knowing full well that there is not a grain of truth to these allegations.  This court already found in its' December 23, 2010  ruling that there was no proof of any of these allegations.

Both Berg and Liberi  have a long history of frivolous legal actions and sanctions. Taitz submits an article from "Legal Intelligencer', showing that Berg repeatedly engages in such conduct. Berg was previously repeatedly sanctioned. ***In Re Berg, 2008 Bankr. LEXIS 322 (ED PA 2008); Holsworth v. Berg, 2005 U.S. Dist. LEXIS 15393 (ED PA 2005).***   Liberi has engaged in the same conduct as well.

A July 25, 2005 article from The Legal Intelligencer, "Lawyer Slapped With $10K in Sanctions for 'Laundry List of Unethical Actions' sums the situation here up:

"Finding that a Pennsylvania lawyer had committed a "laundry list of unethical actions," a federal judge has imposed more than $10,000 in sanctions and ordered the lawyer to complete six hours of ethics training. U.S. District Judge J. Curtis Joyner's 10-page opinion in *Holsworth v. Berg* is packed with criticism of the conduct of attorney Philip Berg of Lafayette Hill, Pa."Other attorneys should look to Mr. Berg's actions as a blueprint for what not to do when attempting to effectively and honorably perform the duties of the legal profession," Joyner