wrote. "This court has grown weary of Mr. Berg's continuous and brazen disrespect toward this court and his own clients. Mr. Berg's actions ... are an enormous waste of judicial time and resources that this court cannot, in good conscience, allow to go unpunished," Joyner wrote. In the suit, Berg is accused of legal malpractice by former clients who claim his failure to respond to an ERISA claim against them led to a default judgment. But the sanctions against Berg stem from his decision to file a third-party counterclaim of fraud against a pension fund that had sued his former clients, according to court papers. Joyner blasted Berg for filing the fraud claim, calling it an "irresponsible decision" because the claim was "utterly barren of any scintilla of legal principles." Berg's motion was rejected and a default judgment of more than $5,300 was entered against his clients. The judgment swelled to more than $10,000 when Carpenters Health later successfully moved for a supplemental judgment to recover more than $4,700 in attorney fees for its efforts in responding to Berg's untimely motions. Holsworth and his wife later filed a legal malpractice suit against Berg in the Philadelphia County Court of Common Pleas, alleging that Berg negligently failed to represent them in the Carpenters Health case. A year later, in February 2005, Berg moved to join Carpenters Health as a third-party defendant in the malpractice suit, demanding more than $20,000 in damages. In his counterclaim, Berg alleged that

01.22.2011 59 E and 60 B motion to dismiss due to lack of subject matter jurisdiction and motion for sanctions against the Plaintiffs and their attorney Philip J. Berg 21

the ERISA suit filed by Carpenters Health in 2001, which led to the malpractice claim against him, was "a fraud upon the court and a fraudulent taking from the Holsworths."Carpenter Health's lawyers removed the case to federal court and filed a motion to dismiss the claim. Joyner agreed, finding that Berg's fraud claim was "frivolous" and was motivated by an intent "to harass Carpenters Health and the Holsworths, as well as to delay and disrupt the administration of justice." The claim was fatally flawed, Joyner found, because Berg had no standing to bring suit against Carpenters Health and had "failed to conduct even a minimally reasonable inquiry before filing his complaint." Granting summary judgment in favor of Carpenters Health, Joyner said he found it "wholly unnecessary" even to consider the facts of the ERISA case because it was "abundantly clear" that Carpenters Health was entitled to a judgment as a matter of law. Joyner invited Carpenters Health to file a motion for Rule 11 sanctions. When it did, Joyner found that Berg "continued his trend of unprofessional conduct "... "Berg's fraud claim, Joyner said, was "inadequately pled, not grounded in fact, time-barred, and utterly irrelevant to the pending malpractice action against him."..."In his sanctions order, Joyner ordered Berg to reimburse Carpenters Health the $10,668 in attorney fees and costs it incurred in defending the claim. He also ordered Berg to complete six credits of ethics courses certified by the Pennsylvania Board of

Continuing Legal Education, and recommended that Berg be investigated by the

Pennsylvania Bar Association's Committee on Legal Ethics and Professional

Responsibility."

 Similarly Berg demanded disbarment of the Supreme court Justices Sandra Day

O'Connor, Antonin Scalia and Clarence Thomas.

http://en.wikipedia.org/wiki/Philip_J._Berg

 In October 2004, Berg filed Rodriguez v. Bush 04-4952 Eastern District of PA, accusing the
President of the United States and 155 other parties of complicity in the 9/11 attacks.

This 237-page civil lawsuit[6][7] included allegations pursuant to the RICO (Racketeer Influenced
and Corrupt Organizations Act) against The United States Of America, the Federal Emergency
Management Agency, the Department of Homeland Security, George Herbert Walker Bush,
George Walker Bush, Richard Cheney, Donald H. Rumsfeld,and numerous others, totaling 156
defendants in the U.S. District Court for the Eastern District of Pennsylvania.

This lawsuit made hundreds of allegations "...; that phone calls made by some of the victims, as
reported by their family members, were not actually made but were "faked" by the government
using "voice morphing" technology; that a missile, not American Airlines Flight 77, struck the
Pentagon; that United Airlines Flight 93 was shot down by the U.S. military; that the defendants
had foreknowledge of the attacks and actively conspired to bring them about; that the defendants
engaged in kidnapping, arson, murder, treason, conspiracy, trafficking in narcotics,
embezzlement, securities fraud, insider trading, identity and credit card theft, blackmail,
trafficking in humans, and the abduction and sale of women and children for sex. "
http://en.wikipedia.org/wiki/Philip_J._Berg

 Rodriguez v Bush was originally brought in front of Your Honor, in  Eastern

District of PA, it was eventually transferred to  NY and dismissed on all counts

against all plaintiffs.

At the same time, in 2004-2006, when Liberi was incarcerated, she filed multiple frivolous legal actions. Her first legal action <u>Liberi v Sheriff's department et al</u> 5:04-cv-01524-VAP was a 30 million dollar case against multiple individuals, including District attorneys' office, her prior attorneys, judges, sheriffs' department, policemen and detectives and many others. It was a frivolous legal action, which caused an enormous emotional distress and financial hardships to many, it was dismissed after her attorney was sanctioned multiple times and after her attorney dropped Liberi as a client. Not satisfied, Liberi filed pro se yet another frivolous RICO law suit for $280 million against the San Bernardino County, CA, West Valley Correctional facility, district attorneys, police officers, police detectives, numerous law enforcement officials <u>Lisa Liberi v West Valley Center et al</u> 2:05-cv-03015-VAP-SGL. In a similar modus operandi she accused multiple innocent individuals of committing crimes. Her legal action was dismissed. As shown in these examples, Both Liberi and Berg have a history and modus operandi of filing multimillion dollar law suits for the sole purpose of harassment. They caused immeasurable financial and emotional damage to the defendants and they need to be stopped now. This court has inherent powers to punish egregious misconduct by an attorney and Appellees. Dismissal of underlying legal action, sanctions, award of attorneys' fees and costs to the

Appellants are appropriate. Sanctions and reporting Philip J Berg to the Disciplinary Board of the PA Supreme Court is appropriate. On February 23, 2011 a three member panel is conducting a disciplinary hearing against Philip Berg. It will benefit the public at large, if this court sanctions Berg for egregious attorney misconduct and forwards the records of these proceedings to the 02.23.2011 Disciplinary hearing for the members of the panel to see a full picture of Berg's misconduct.    It will be appropriate for this court to sanction Lisa Liberi for her egregious fraud on the court  and forward such findings to San Bernardino, CA probation department.  In GMAC bank v HTTFC 248 FRD 182 (E.D. Pa. 2008) Your Honor sanctioned attorney  Ziccardi $29,322.61 for his client's behavior during one deposition. Here we have a case of egregious misconduct and **attorney simply manufacturing outrageous allegations and accusations of capital crimes of murder for hire and kidnapping without a SHRED OF EVIDENCE and with a sole purpose of harassment, silencing the whistle blowers, causing severe emotional distress and severe economic damages for a year and a half.** If plaintiffs and Berg are not sanctioned now, they will continue the same conduct and will cause more damage to the Defendants and the public at large.

## CONCLUSION

Defendants respectfully request

1. Correction of a material flagrant error in 12.23.2010 memorandum and order. Instead of "Lisa Liberi is a resident of PA", the order needs to state that Liberi provided her attorney's business address in PA as her address, however **she never filed with court any documentary evidence** of her address in PA or any other state. Liberi admitted that she is a convicted felon and that she was convicted in 2008 in California. Defendants provided a summary of her 2008 conviction of California, which includes 10 felonies and a provision of her probation, allowing her to reside only in California or with her relatives in New Mexico. Defendants are residents of California. As the Plaintiffs never filed any documentary evidence of Liberi's state citizenship, no federal district court can assert jurisdiction over this case in Diversity of state citizenship and the court has no other choice, but to dismiss this action due to lack of subject matter jurisdiction under FRCP 59 E and 60 B.

2. Sanctions against the plaintiffs and their attorney Philip J. Berg $25,000 for acting with malice and filing a frivolous legal action for the purpose of harassment, for defrauding the court in relation to Liberi's state citizenship.

3. Sanctions against the Plaintiffs and their attorney Philip J. Berg $25,000 for committing fraud on the court and filing a legal action claiming that Liberi was a different person, slandered by the defendants' publication, while knowing that she is indeed a convicted felon from California, and that she did not reside in Pennsylvania.

4. Sanctions against the Plaintiff's attorney Philip J. Berg $50,000 for acting with malice and making up allegations accusing the defendants of capital crimes of kidnapping and attempt to hire a hit man to kill Liberi without any evidence to such allegations and with the goal to attempt to hide non-existent Pennsylvania drivers license.

## ATTORNEY'S CERTIFICATE OF SERVICE

01.22.2011 59 E and 60 B motion to dismiss due to lack of subject matter jurisdiction and motion for sanctions against the Plaintiffs and their attorney Philip J. Berg 26

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE:**

59 E, 60 B MOTIONS TO CORRECT ERRORS IN 12.23.2010 MEMORANDUM AND ORDER  AND TO DISMISS THE CASE DUE TO LACK OF SUBJECT MATTER JURISDICTION

MOTION FOR SANCTIONS AGAINST THE PLAINTIFFS AND PLAINTIFFS' ATTORNEY PHILIP J. BERG

was served by mail  or electronic mail on 01.22.2011, on the following parties:

Neil Sankey

The Sankey Firm, Inc. a/k/a The Sankey Firm

Sankey Investigations, Inc.

2470 Stearns Street #162

Simi Valley, CA 93063

Phone: (805) 520_3151and (818) 366_0919

Cell Phone: (818) 212_7615

FAX: (805) 520_5804 and (818) 366_1491

Email: nsankey@thesankeyfirm.com

Linda Sue Belcher

201 Paris

Castroville, Texas 78009

Home Phone: (830) 538_6395

Cell Phone: (830) 931_1781

Email: Newwomensparty@aol.com and

Email: starrbuzz@sbcglobal.net


Ed Hale

Caren Hale

Plains Radio

KPRN

Bar H Farms

1401 Bowie Street

Wellington, Texas 79095

Phone: (806) 447_0010 and (806) 447_0270

Email: plains.radio@yahoo.com and

Email: barhfarms@gmail.com and ed@barhfarms.net



Philip Berg, Esq.

Lisa Liberi c/o Law Office of Philip Berg

555 Andorra Glen Court, Suite 12

Lafayette Hill, PA 19444_2531

(610) 825_3134

FAX (610) 834_7659

E_Mail: philjberg@gmail.com

01.22.2011 59 E and 60 B motion to dismiss due to lack of subject matter jurisdiction and motion for
sanctions against the Plaintiffs and their attorney Philip J. Berg 28

Public Integrity Section

Department of Justice

950 Pennsylvania Ave, NW

Washington DC 20530-0001

Disciplinary Board
Supreme Court of PA
820 Adams Ave, ste 170

Trooper, PA 19403

/s/ Orly Taitz

_____

Dr. Orly Taitz, Esq

01.22. 2011

## PROPOSED ORDER

## UNITED STATES DISTRCT COURT

### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

01.22.2011 59 E and 60 B motion to dismiss due to lack of subject matter jurisdiction and motion for sanctions against the Plaintiffs and their attorney Philip J. Berg 29

LISA LIBERI, ET AL.,                §

      PLAINTIFFS,              §

                                    §

V.                                  §     CIVIL ACTION NO. 2:09-CV-01898-ER

                                    §

ORLY TAITZ, ET AL.                  §

      DEFENDANTS                §

# ORDER

AND NOW, THIS _____DAY OF  JANUARY------------2011, IT IT HEREBY

**ORDERED AND DECREED** TO GRANT DEFENDANT'S  01.22. 2011 59 E AND 60 B MOTION AND MOTION

FOR SANCTIONS AGAINST THE PLAINTIFFS AND PLAINTIFF'S ATTORNEY PHILIP J. BERG

**IT IS SO ORDERED**

DATE  JANUARY _____2011                    US DISTRICT JUDGE

                                                          EDUARDO ROBRENO

01.22.2011 59 E and 60 B motion to dismiss due to lack of subject matter jurisdiction and motion for sanctions against the Plaintiffs and their attorney Philip J. Berg 30