FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FEB 1 4 2000

U.S. DISTRICT COURT
CLERK'S OFFICE
BY _____ DEPUTY

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. A-99-CR-275-WS
)
CHARLES EDWARD LINCOLN )

GOVERNMENT'S RESPONSE TO DEFENDANT'S:
1. MOTION FOR DISCOVERY
2. MOTION FOR SPECIFIC "GIGLIO" MATERIALS
3. MOTION FOR DISCLOSURE UNDER RULE 12
4. MOTION FOR PRETRIAL NOTICE OF OTHER CRIMES, WRONGS OR ACTS
5. <u>MOTION FOR DISCLOSURE OF OPINION WITNESSES</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files this response to the Defendant's pretrial motions listed above. In response to each correspondingly numbered pretrial motion filed by Defendant, the Government states:

1-2. The United States is aware of its legal and ethical obligations under Fed.R.Crim.P. 16, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500, and agrees to abide by the dictates of the same. The United States has previously provided to Defendant's counsel copies of available discovery materials and agrees to comply with its continuing obligation to provide any subsequently-acquired discovery materials. The United States declines to provide discovery not required by law.

3. Pursuant to Fed.R.Crim.P. 12(d), the United States agrees to provide pretrial notice to Defendant of its intention to offer evidence at trial during its case in chief, and Defendant's counsel has previously been provided with copies of available documentary evidence intended to be offered by the government at trial. Specifically, the United States will seek to introduce as evidence at trial copies of the bogus certificate of deposit provided by the Defendant to his clients which purported to show that funds had been deposited by the Defendant in the registry of the court clerk; canceled checks paid to the Defendant in connection with case no. A-97-CA-200 (consolidated with A-96-CA-579) which were cashed and/or deposited by him in his personal checking account; records of the Wells Fargo Bank relating to Defendant's checking account; FDIC certificate reflecting that Wells Fargo Bank was a federally insured financial institution; records of the Social Security Administration reflecting the social security account number assigned to Defendant; Defendant's application for admission to practice before the U.S. District Court, Western District of Texas; U.S. District Clerk's docket sheets in case no. A-96-CA-579 and A-97-CA-200; Defendant's driver's license records from the Texas Department of Public Safety; Defendant's criminal history records of his prior arrests for theft; $6,000 cashier's check provided by Defendant to Marcelina Alvarado; documents and correspondence prepared by Defendant relating to his legal representation of Timoteo and Marcelina Alvarado; summons in a civil case; State Bar of Texas certificate attesting to Defendant's law license;

2

pleadings and transcripts of proceedings in case no. A-96-CA-579. The foregoing evidence is available for inspection by Defendant.

4. Pursuant to Fed.R.Evid. 404(b), the United States agrees to provide reasonable pretrial notice to Defendant of evidence of any other crimes, wrongs or acts which may be offered at trial to establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Specifically, the United States may seek to offer evidence of Defendant's prior arrests for theft. The United States has previously provided to Defendant's counsel copies of available documentary evidence relating to fraudulent acts allegedly committed by Defendant which may become admissible at trial under Rule 404(b). Moreover, the United States acknowledges and agrees to comply with its continuing duty to disclose to Defendant any subsequently-acquired evidence which may become admissible at trial under Rule 404(b); and the United States further agrees to approach the bench, outside the hearing of the jury, and obtain a ruling from the Court prior to offering at trial any testimony or evidence under Rule 404(b).

5. The United States agrees to provide reasonable pretrial notice to Defendant of the opinions and qualifications of any expert witnesses to be called by the government during trial. The United States has previously provided to Defendant's counsel copies of all available reports of examination of evidence in this case by expert witnesses from the Latent Fingerprint Section and the Questioned Documents Unit of the FBI Laboratory.

The United States acknowledges and will comply with its continuing responsibility to provide Defendant with any subsequently-acquired opinions of expert witnesses relating to the evidence to be presented at trial.

Wherefore, premises considered, the United States prays that Defendant's pending pretrial motions be denied as moot.

Respectfully submitted,

JAMES WILLIAM BLAGG
UNITED STATES ATTORNEY

By: *Gerald C. Carruth*
GERALD C. CARRUTH
Assistant U.S. Attorney
816 Congress Avenue, Suite 1000
Austin, Texas  78701
(512) 916-5858
(512) 916-5854 (FAX)
State Bar No. 03896500

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Government's response to Defendant's pretrial motions has been served by depositing same in the U. S. Mail on the 14th day of February, 2000, addressed to Defendant's counsel:

Mr. John F. Campbell
Attorney at Law
805 West 10th St., 3rd Floor
Austin, Texas 78701

*Gerald C. Carruth*
GERALD C. CARRUTH
Assistant U. S. Attorney

4