1   Charles Edward Lincoln, III
2   603 Elmwood Place, Suite #6
    Austin, Texas 78705
3   Telephone: (512) 968-2500
4   E-mail: charles.lincoln@rocketmail.com
    Plaintiff *in propia persona* pending his attorney's admission *pro hac vice*
5
6   Philip J. Berg, Esquire
    Law Offices of Philip J. Berg
7   555 Andorra Glen Court, Suite 12
8   Lafayette Hill, PA 19444-2531
9   (610) 825-3134
    Email: philjberg@gmail.com
10  PA ID 09867
11  Attorney for Charles Edward Lincoln, III pending admission *pro hac vice*

12          **UNITED STATES DISTRICT COURT**
13     **FOR THE CENTRAL DISTRICT OF CALIFORNIA,**
                 **SOUTHERN DIVISION**
14

15
16  CHARLES EDWARD LINCOLN, III          CIVIL ACTION NUMBER:
17                       Plaintiff,       **8:10-CV-01573 AG (PLAx)**
18                                         **Plaintiff's Memorandum of Points**
19      vs.                                **and Authorities in support of his**
                                           **Motion to Strike**
20
21  DAYLIGHT CHEMICAL INFOR-             Date of Hearing:   March 21, 2011
    MATION SYSTEMS, INC., et al,         Time of Hearing:   10:00 a.m.
22                                         Location:          Courtroom 10D
23                       Defendants.
24
25    **PLAINTIFF'S MEMORANDUM OF POINTS and AUTHORITES IN**
26            **SUPPORT OF HIS MOTION TO STRIKE**
27
28

---

Plaintiff's Memorandum of Points and Authorities in support of his Motion to Strike 02.16.2011          1

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF CONTENTS.................................................................i-ii

TABLE OF AUTHORITIES........................................................iii-v

MEMORANDUM OF POINTS AND AUTHORITIES.................…..........1-21

I.      INTRODUCTION.................................................................2-8

II.     DEFENDANT TAITZ'S FILINGS APPEARING AS DKT
        NO.'S 24, 26, 30, 38. 38-1, 42, 43 AND 46 MEET ALL THE
        REQUIREMENTS TO BE STRICKEN FROM THE RECORD
        PURSUANT TO FED. R. CIV. P. 12(f)....................................8-21

        A.      Defendant Taitz filings appearing as Dkt. No.'s 24, 30, 42
                43 and 46 fail to comply with the *Fed. R. Civ. P.* 7, 11 and
                this Court's *L.R.s* 7-3, 7-5(a), 7-6; 11-3.9, 11-3.9.3, 11-8 as
                well as others and therefore may not be considered pursuant
                to this Court's Local Rule 7-12......................................11-12

        B.      Defendant Taitz Statements and Exhibits in her filings
                appearing as Dkt. No.'s 24, 26, 30, 38, 38-1, 42, 43, and
                46 are irrelevant to the instant proceedings in violation of
                *Fed. R. Evid.* 401, 402 and/or are unduly prejudicial,
                confusing, and misleading in violation of *Fed. R. Evid.*
                403 and therefore must be stricken.................................13-15

        C.      Defendant Taitz filings appearing as Dkt. No.'s 24, 26, 30,
                38, 38-1, 42, 43, and 46 are packed with hearsay, double
                and triple hearsay statements and documents in violation
                of *Fed. R. Evid.* 801(c), 805 and are inadmissible pursuant
                to *Fed. R. Evid.* 802; and therefore must be stricken...............15-16

i

## TABLE OF CONTENTS - Continued

**Page(s)**

    D.    Defendant Taitz filings appearing as Docket Entry No.'s
24, 26, 30, 38, 42, 43, and 46 contain Exhibits which are
unauthenticated documents in violation of the *Fed. R. Evid.*
901, 902, and 1005.....................................................16-21

III.    CONCLUSION......................................................................21

CERTIFICATE OF SERVICE........................................................27-28

# TABLE OF AUTHORITIES

<u>**CASES**</u>                                                                    <u>**Page(s)**</u>

*Barnett v. Obama*, 2009 U.S. Dist. LEXIS 101206
(C.D. Cal. Oct. 29, 2009)……………………………………………....…..7

*Bourjaily v. U.S.*, 483 U.S. 171 (1987),
107 S. Ct. 2775, 97 L.Ed. 2d 144 (1987)…………………………………..16

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993)…………………………....8

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)…………………………………….8

*Gribben v. United Parcel Service*, 528 F.3d 1166 (9th Cir. 2008),
2008 U.S. App. LEXIS 12692 (9th Cir. 2008)…………………………....…14, 15

*Liberi, et al v. Taitz, et al*, U.S. District Court,
Eastern District of Pennsylvania, Case No. 09-cv-01898-ECR………….…6, 7, 10

*Lincoln v. Freiman*, U.S. District Court, Central District of CA,
Southern Division, Case No. 8:08-cv-00696 JDW (EAJ)…………………….19

*Orr v. Bank of Am., NT & SA*, 285 F.3d 764 (9th Cir. 2002)………………….17, 20

*Rhodes v. MacDonald*, 670 F. 2d 1363(M.D. Ga., 2009),
2009 U.S. Dist. LEXIS 95065 (M.D. Ga., 2009)…………………………....……14

*Rhodes v. MacDonald*, 368 Fed. Appx. 949,
2010 U.S. App. LEXIS 5340 *(11th Cir. 2010)………………………….....……14

*Taitz v. MacDonald*, 2011 U.S. LEXIS 491 * 178 L. Ed. 2d 751;
79 U.S.L.W. 3399 (2011)………………………………………………….14

*Sydney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983)……………….8

*United States v. Bonds*, 608 F.3d 495 (9th Cir. 2010),
2010 U.S. App. LEXIS 119347 (9th Cir. 2010)…………………………....……16

iii

## TABLE OF AUTHORITIES - Continued

**CASES**                                                    **Page(s)**

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010)....................8

**FEDERAL RULES OF CIVIL PROCEDURE**                         **Page(s)**

Federal Rules of Civil Procedure 7.......................................................4, 11

Federal Rules of Civil Procedure 11..................................................4, 11, 12

Federal Rules of Civil Procedure 12(b)(1)..........................................…...3

Federal Rules of Civil Procedure 12(b)(6)..........................................….3

Federal rules of Civil Procedure 12(f).............................................5, 8, 10

**FEDERAL RULES OF EVIDENCE**                                **Page(s)**

Federal Rules of Evidence 401...........................................5, 9, 13, 14, 15

Federal Rules of Evidence 402...........................................5, 9, 13, 14, 15

Federal Rules of Evidence 403........................................5, 6, 9, 13, 14, 15

Federal Rules of Evidence 801.................................................5, 9, 16

Federal Rules of Evidence 802.................................................5, 9, 16

Federal Rules of Evidence 805.................................................5, 9, 16

Federal Rules of Evidence 901..........................................5, 10, 16, 17, 20

Federal Rules of Evidence 902..........................................5, 10, 16, 17, 20

Federal Rules of Evidence 1005.........................................5, 10, 16, 17, 20

**<u>LOCAL RULES</u>**                                                      **<u>Page(s)</u>**

Local Rule 7-3…………………………………………………...……..4, 11

Local Rule 7-4………………………………………………………...4

Local Rule 7-5……………………………………………………….4, 11

Local Rule 7-6……………………………………………………..4, 11, 12

Local Rule 11………………………………………………………….4

Local Rule 11-3.2………………………………………………………..6

Local Rule 11-3.9.3…………………………………………………...11

Local Rule 11-8………………………………………………………...11

Local Rule 7-12………………………………………………………4, 12

## I. __INTRODUCTION__

1.      Plaintiff, Charles Edward Lincoln, III [hereinafter "Plaintiff"] filed his Complaint on October 15, 2010 under the Racketeer Influenced and Corrupt Organizations Act [hereinafter "RICO"] for damages against several Defendants, including Defendants Appealing Dentistry, Orly Taitz, Inc., and Defend our Freedoms Foundations, Inc. [hereinafter at times "Defendant Taitz"].   Plaintiff filed his First Amended Complaint under RICO on November 5, 2010.

2.      Thereafter, Defendants Yosef Taitz and Daylight Chemical Information Systems, Inc. filed a Motion to Dismiss Plaintiff's Complaint on December 13, 2010 and an Amendment thereto on December 16, 2010.

3.      Defendants Orly Taitz and the Law Offices of Orly Taitz filed a Motion to join Defendants Yosef Taitz and Daylight Chemical Information Systems, Inc.'s Motion to Dismiss on December 15, 2010.   And, Defendants Appealing Dentistry, Orly Taitz, Inc. and Defend our Freedoms Foundations, Inc. followed suit filing a Motion to Join the Amendment on December 27, 2010.

4.      On January 7, 2011, Defendants Orly Taitz and the Law Offices of Orly Taitz's filed their first Motion to Strike Plaintiff's First (1st) Claim for Relief.

5.      On January 9, 2011, Defendant Taitz filed her Motion to Join Defendants Orly Taitz and Law Offices of Orly Taitz Motion to Strike and Request

1   for Judicial Notice, Docket Entry No. ["Dkt No."] 24 and Request for Judicial

2   Notice on January 15, 2011 appearing as Dkt. No. 26.

3

4          6.      Plaintiff filed an Ex Parte Motion to shorten time for his original

5   Motion to Strike to be heard.   In response thereto, Defendant Taitz filed an

6   Opposition on January 27, 2011, Dkt. No. 30.  Plaintiff's Motion was denied.

7

8          7.      Defendant Taitz filed a Notice of Motion and Motion to Strike, Dkt.

9   No. 38 on January 31, 2011 and attached as Exhibit "1" [Dkt. No. 38-1] the same

10  January 27, 2011 filing appearing as Dkt. No. 30.

11

12         8.      A hearing took place on Monday, February 14, 2011 regarding the

13  Defendants, Daylight Chemical and Yosef Taitz, Motions, which were joined by

14

15  the rest of the Defendants, to Dismiss pursuant to Federal Rules of Civil Procedure

16  ["*Fed. R. Civ. P.*"] 12(b)(1) and 12(b)(6) as well as Defendants Orly Taitz and Law

17

18  Offices of Orly Taitz, also joined by Defendants Appealing Dentistry, Defend our

19  Freedoms Foundations, Inc., and Orly Taitz, Inc., Motion to Strike Plaintiff's First

20  Cause of Action for Malicious Prosecution.  The Court granted in part and denied

21

22  in part the Defendants Motion to Dismiss and Denied as Moot the other

23  Defendants Motion to Strike.  The Court gave Plaintiff thirty [30] days to amend

24

25  his complaint.

26         9.      Directly after the hearing, on February 15, 2011, Defendant Taitz filed

27  a document entitled Notice of Motion and First Motion for Sanctions, Dkt. No. 42.

28

However, Dkt No. 42 does **not** contain any type of Motion, but instead a bunch of unauthenticated documents.

10.   Also on February 15, 2011, Defendant Taitz filed a "Brief", Dkt No. 43, which does **not** support any type of Motion for Sanctions, with seven [7] Exhibits which are unauthenticated and do **not** relate to the within Case.   The document itself is entitled an Opposition to Philip J. Berg, Esquire's *Pro Hac Vice* application.

11.   Defendant Taitz continued her frivolous filings on February 16, 2011, filing another document entitled Notice of Motion and First Motion for Sanctions, with three [3] unauthenticated Exhibits, Dkt. No. 46, without a Brief, which again is completely improper and only filed in attempts to prejudice this Court against Plaintiff, his attorney, Philip J. Berg, Esq. and a party completely unrelated to the within action, Lisa Liberi.

12.   As outlined herein, there are many problems with Defendant Taitz's filings appearing as Dkt No.'s 24, 26, 30, 38-1, 42, 43 and 46.

13.   As better detailed below, Defendant Taitz's filing appearing as Docket Entry No. 24, 26, 30, 38, 42, 43, and 46 do **not** comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 7; Rule 11; and this Court's Local Rules ("L.R.") 7-3, 7-4, 7-5(a); 7-6; and 11; and therefore must **not** be considered by the Court, *L.R.* 7-12.

14.    Moreover, Defendant Taitz's Motions and filings appearing as Dkt No.'s 24, 26, 30, 38, 38-1, 42, 43, and 46 as well as the attachments and Exhibits are unauthenticated in violation of Federal Rules of Evidence [*Fed. R. Evid.*] 901, 902 and 1005; are irrelevant in violation of *Fed. R. Evid.* 401 and 402; are hearsay, double and triple hearsay statements and documents in violation of *Fed. R. Evid.* 801(c) and 805 and therefore are inadmissible pursuant to *Fed. R. Evid.* 802; and contain information which may be found to be relevant, however, must be excluded as it is probative; and is outweighed by the fact it creates unfair prejudice to the Plaintiff; it confuses the issues before this Court; is a waste of time; and was a needless presentation and therefore must be excluded pursuant to *Fed. R. Evid.* 403.

15.    Defendant Taitz's Motions and filings appearing as Dkt No.'s 24, 26, 30, 38, 38-1, 42, 43, 46 all attachments and Exhibits thereto are an insufficient defense, irrelevant, redundant, immaterial, impertinent, and are scandalous matter and therefore must be stricken pursuant Fed. R. Civ. P. 12(f).

16.    Even if the Court were to find any information contained in Dkt No.'s 24, 26, 30, 38, 38-1, 42, 43, and 46 relevant, which is highly doubtful, it must be excluded as it is probative, and is outweighed by the fact it creates unfair prejudice to the Plaintiff, it confuses the issues before this Court, is a waste of time, and was

1    a needless presentation and therefore must be excluded pursuant to *Fed. R. Evid.*

2    403.

3

4        17.    As explained in further detail below, it is extremely important for this

5    Court to note, Defendant Taitz's in her filings of:

6
7        A.    January 9, 2011, Dkt No. 24 at ¶3, p. 5,  ll. 18-28 and ¶3, p. 6, ll.
              1-6 and Exhibits "2" and "3";
8
9        B.    January 27, 2011, Dkt No. 30 at p. 8, ll. 12-22; pg. 9, ¶7, ll. 9-28;
              p. 10 ll. 1-12 and 20-27; p. 11, ¶8, ll. 1-28; p. 12, ll. 1-14; p. 13,
10             ¶3, ll. 16-21, ¶4, ll. 22-25 and Exhibits "1", "2" and "3";

11
12       C.    January 31, 2011, Exhibit "1" (Dkt. No. 38-1) attached to Dkt No.
              38 (Dkt. No. 38 Exhibit "1" is identical to Defendants January 27,
13             2011 filing appearing as Dkt. No. 30);

14
15       D.    February 15, 2011, Dkt. No. 43 at ¶ 3 on p. 8, ¶ 4 on pp. 8-11; ¶¶
              2-6 on p. 16[1]; and Exhibits "2", "3", "4", "5" and "6"; and

16
17       E.    February 16, 2011, Dkt. No. 46 at ¶18, ll. 7-27 and p. 8, ll. 1-6.

18   pertain to Lisa Liberi and Lisa Ostella, parties **not** associated with the case herein.

19   Lisa Liberi and Lisa Ostella are currently suing Orly Taitz, Defendant herein and

20   counsel for Defendants Appealing Dentistry, Orly Taitz, Inc. and Defend our

21   Freedoms Foundations, Inc. *See Liberi, et al v. Taitz, et al*, U.S. District Court,

22
23   Eastern District of Pennsylvania, Case No. 09-cv-01898.   Defendant Taitz has

24
25   misstated and fabricated the facts as to what the *Liberi, et al* case is about; contents

26
27   _____
     [1] Defendant Orly Taitz failed to use pleading paper in violation of this Court's *L.R.*
28   11-3.2 and therefore Plaintiff is unable to refer to line numbers.

---

Plaintiff's Memorandum of Points and Authorities in support of his Motion to Strike 02.16.2011        6

of documents filed in the case; statements by the parties in the case; and findings and rulings by the Court in the case.

18.    This is important because in the case of *Liberi, et al v. Taitz, et al*, the Judge issued an Order Severing and Transferring the case against Orly Taitz to the U.S. District Court, Central District of California, Southern Division, this very Court.  It appears Orly Taitz is attempting to Obstruct Justice by filing the hearsay statements and hearsay Exhibits supposedly pertaining to Lisa Liberi and Lisa Ostella, parties completely unrelated to the within action, for **no** other purpose then to Prejudice and Bias the Court and the Judges within this Court against the Plaintiffs in the matter of *Liberi, et al v. Taitz, et al* prior to this Court receiving the case from Pennsylvania.  This is **not** the first time Orly Taitz has attempted to Obstruct Justice with this Courthouse in the matter of *Liberi, et al v. Taitz, et al*. *See* **EXHIBIT "A"**[2].

19.    For the reasons outlined herein, Defendant Taitz's filings appearing as Dkt. No.'s 24, 26, 30, 38, 41, 43 and 46 must be stricken.

//
//
//
//
//

---

[2]  *See* Judge David O. Carter's Oct. 29, 2009 Opinion, ¶ F "Conduct of Plaintiffs Counsel" in *Barnett v. Obama*, 2009 U.S. Dist. LEXIS 101206, 55-56 (C.D. Cal. Oct. 29, 2009).

---

## II. DEFENDANT TAITZ'S FILINGS APPEARING AS DKT. NO.'S 24, 26, 30, 38, 38-1, 42, 43, AND 46 MEET ALL THE REQUIREMENTS TO BE STRICKEN FROM THE RECORD PURSUANT TO *FED. R. CIV. P.* 12(f)

20.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herewith.

21.    As this Court is aware, *Fed. R. Civ. P.* 12(f) is a tool granting a party the right to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial" refers to a matter that has **no** bearing on the controversy before the court. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)(reversed on other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 (1994). "Impertinent" matters include allegations that are **not** responsive or relevant to the issues involved in the action. Id.

22.    This Court has the inherent power, under Rule 12(f), to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Immaterial matter is that which has **no** essential or important relationship to the claim for relief or the defenses being plead." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (internal quotations and

1   citation omitted).   "Impertinent matter consists of statements that do **not** pertain,

2   and are **not** necessary, to the issues in question." Id. (internal quotations and

3

4   citations omitted).

5       23.    As outlined herein and in Plaintiff's Motion, Defendant Taitz's

6

7   filings, appearing as Dkt. No.'s 24, 26, 30, 38, 38-1, 42, 43, and 46 the Defendants

8   failed to comply with *Fed. R. Civ.* P. 7 and 11 and this Court's *L.R.'s*, 7-3, 7-5(a)

9

10  and 7-6; and therefore may **not** be considered pursuant to this Court's Local Rule

11  7-12.

12      24.    Defendant Taitz's Motions and filings, including attachments and

13

14  Exhibits, appearing as Dkt No.'s. 24 beginning at p. 2, ll. 12-28, ¶¶ 1-2 and pp. 3-

15  9, ll. 1-28, ¶¶ 2-5, Conclusion on pp. 8-9 and Exhibits "1" through "5"; 26; 30; 38;

16
    38-1; 42; 43; and 46, as outlined herein, contain irrelevant statements and
17

18  documents in violation of *Fed. R. Evid.* 401 and 402; contains information which

19  may be found to be relevant, however, must be excluded as it is probative, and is

20
    outweighed by the fact it creates unfair prejudice to the Plaintiff, it confuses the
21

22  issues before this Court, is a waste of time, and was a needless presentation and

23  therefore must be excluded pursuant to *Fed. R. Evid.* 403; contains hearsay, double

24
    and triple hearsay statements and documents in violation of *Fed. R. Evid.* 801(c)
25

26  and 805 and therefore are inadmissible pursuant to *Fed. R. Evid.* 802; and contain

27

28

---

attachments which are unauthenticated in violation of *Fed. R. Evid.* 901, 902 and

1005.

       25.     Furthermore, Defendant Taitz's filings appearing as Dkt. No.'s 24,

beginning with p. 2, ll. 12-28, ¶¶ 1-2 and pp. 3-9, ll. 1-28, ¶¶ 2-5, Conclusion on

pp. 8-9 and Exhibits "1" through "5"; 26; 30; 38-1; 42; 43; and 46 contain an

insufficient defense, and are irrelevant, redundant, immaterial, impertinent, and are

scandalous matter and therefore must be stricken pursuant to Federal Rules of Civil

Procedure 12(f).

       26.     As previously stated, Defendant Taitz's filing, Docket Entry No.'s:

A.      January 9, 2011, Dkt No. 24 at ¶3, p. 5,  ll. 18-28 and ¶3, p. 6, ll. 1-6 and Exhibits "2" and "3";

B.      January 27, 2011, Dkt No. 30 at p. 8, ll. 12-22; pg. 9, ¶7, ll. 9-28; p. 10 ll. 1-12 and 20-27; p. 11, ¶8, ll. 1-28; p. 12, ll. 1-14; p. 13, ¶3, ll. 16-21, ¶4, ll. 22-25 and Exhibits "1", "2" and "3";

C.      January 31, 2011, Exhibit "1" (Dkt. No. 38-1) attached to Dkt No. 38 (Dkt. No. 38 Exhibit "1" is identical to Defendants January 27, 2011 filing appearing as Dkt. No. 30);

D.      February 15, 2011, Dkt. No. 43 at ¶ 3 on p. 8, ¶ 4 on pp. 8-11; ¶¶ 2-6 on p. 16; and Exhibits "2", "3", "4", "5" and "6"; and

E.      February 16, 2011, Dkt. No. 46 at ¶18, ll. 7-27 and p. 8, ll. 1-6.

pertain to Lisa Liberi and Lisa Ostella, parties completely unrelated to the within

action and a case, which is being transferred from the U.S. District Court, Eastern

District of Pennsylvania to this very Court. Defendant Orly Taitz is attempting to

---

1   obstruct justice by attempting to Prejudice and Bias the Court and the Judges

2   within this Court against the case and Plaintiffs in the case of *Liberi, et al v. Taitz,*

3

4   *et al* prior to this Court receiving the case from Pennsylvania.

5      27.   For the reasons stated herein, Defendant Taitz's filings appearing as

6

7   Dkt. No.'s 24, 26, 3-0, 38, 38-1, 42, 43, and 46 must be stricken.

8

9      **A.   Defendant Taitz filings appearing as Dkt. No.'s 24, 30, 42, 43, and**

10         **46 fail to comply with the *Fed. R. Civ. P.* 7, 11 and this Court's**

11         ***L.R.'s,* 7-3, 7-5(a), 7-6, 11-3.9 and 11-3.9.3, 11-8 as well as others**

         **and therefore may not be considered pursuant to this Court's**

12         ***L.R.* 7-12.**

13     28.   Plaintiff incorporates by reference the preceding paragraphs as if fully

14

15   set forth herewith.

16     29.   Defendant Taitz had a duty to meet and confer with Plaintiff and/or

17

18   Plaintiff's counsel prior to filing their Motions appearing as Dkt. No.'s 24, 42, 43,

19   and as required by this Court's L.R. 7-3. Despite this duty, Defendants disregarded

20   this Court's rules and refused to meet and confer with Plaintiff.

21

22     30.   In addition, Defendant Taitz failed to include a Brief and/or

23   Memorandum of Points and Authorities relied upon in their filings appearing as

24

25   Dkt. No.'s 24, 30, 38, 42, 43 and 46 in violation of *Fed. R. Civ. P.* 7 and this

26   Court's *L.R.* 7-5(a).

27

28

---

31.     Further, Defendant Taitz failed to include a Declaration or Affidavit supporting their contention and/or relief sought in their filing as required by this Court's L.R. 7-6.

32.     Defendant Taitz's filings appearing as Dkt. No.'s 24, 26, 30, 38, 43, and 46 contain false and misleading statements in violation of *Fed. R.   Civ. P.* 11(b).

33.     Defendant Taitz has failed to properly cite legal citations in violations of this Court's *L.R.* 11-3.9 and 11-3.9.3 pertaining to Citations.

34.     Plaintiff has now been forced to expend Attorney fees for assistance by Attorney Philip J. Berg, Esquire to properly address the issues herein and file the required Motion to Strike.  Moreover, Defendants filings are frivolous and were filed for improper purposes; have wasted judicial recourses; and increased the cost of litigation for the Plaintiff.  For this reason alone, Defendants filings appearing as Dkt. No.'s 24, 26, 30, 42, 43, and 46 must **not** be considered by this Court. *See* this Court's *L.R.* 7-12.

35.     For the reasons stated herein, Plaintiff's Motion must be Granted.

//
//
//
//
//
//
//
//

**B. Defendant Taitz Statements and Exhibits in her filings appearing as Dkt. No.'s 24, 26, 30, 38, 38-1, 42, 43, and 46 are irrelevant to the instant proceedings in violation of *Fed. R. Evid.* 401, 402 and/or are unduly prejudicial, confusing, and misleading in violation of *Fed. R. Evid.* 403, and therefore must be stricken.**

36.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herewith.

37.     *Fed. R. Evid.* 401 define "Relevant Evidence" as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Fed. R. Evid.* 402 states in pertinent part, "Evidence which is **not** relevant is **not** admissible."

38.     Defendant Taitz in her filing appearing as Dkt. No. 24 at p. 5, ll. 4-17, Exhibit "2"; Dkt. No. 26; Dkt. No. 30 at p. 6, ll. 24-28; p. 7, ll. 1-7; p. 7, ¶2, ll. 17-28; p. 8, ¶2, ll. 1-6, ¶3, ll. 7-10, ¶5, ll. 20-27; p. 9, ¶5, ll. 1-8; p. 10, ¶5, ll. 8-27; p. 11, ¶8, ll. 1-28; p. 12, ¶8, ll. 1-14 and Exhibit "2"; Dkt. No.'s 38 in its entirety; Dkt. 42, 43 and 46 in their entirety attack Philip J. Berg, Esquire, the attorney who agreed to enter his appearance and represent the Plaintiff. The statements made in these filings are hearsay, double and triple hearsay, speculative, legal conclusions, extremely prejudicial, **not** fully accurate, contain unauthenticated attachments and

1   Exhibits, and are completely irrelevant to the within proceedings.[3]  All of which is

2   in violation of *Fed. R. Evid.* 401 and 402.   Mr. Berg is an Attorney in "Good

3

4   Standing" with the Pennsylvania Supreme Court. *See* **EXHIBIT "B"**.

5       39.      Furthermore, to allow this irrelevant information would be unduly

6

7   prejudicial, confusing, and misleading in violation of *Fed. R. Evid.* 403.  Therefore,

8   the statements in Defendant Taitz's Motion, Docket No. 24 at p. 5, ll. 4-17 and

9

10  Exhibit "2" must be stricken. *See Fed. R. Evid.* 401, 402 and 403; and *Gribben v.*

11  *United Parcel Service, Inc.*, 528 F.3d 1166 (9th Cir. 2008); 2008 U.S. App. LEXIS

12  12692 (9th Cir. 2008).

13      40.      The filings by Defendant Taitz outlined as follows:

14

15  A.      January 9, 2011, Dkt No. 24 at ¶3, p. 5,  ll. 18-28 and ¶3, p. 6, ll.
            1-6 and Exhibits "2" and "3";
16

17  B.      January 27, 2011, Dkt No. 30 at p. 8, ll. 12-22; pg. 9, ¶7, ll. 9-28;
            p. 10 ll. 1-12 and 20-27; p. 11, ¶8, ll. 1-28; p. 12, ll. 1-14; p. 13,
18          ¶3, ll. 16-21, ¶4, ll. 22-25 and Exhibits "1", "2" and "3";

19

20  C.      January 31, 2011, Exhibit "1" (Dkt. No. 38-1) attached to Dkt No.
            38 (Dkt. No. 38 Exhibit "1" is identical to Defendants January 27,
21          2011 filing appearing as Dkt. No. 30);

22

23

24  [3] It should be noted by the Court however, Defendant Orly Taitz was recently sanctioned
    by Judge Clay D. Land for these same types of inappropriate filings and behaviors. *See*
25  *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 2009 U.S. Dist. LEXIS 95065 (M.D. Ga.,
    2009); *aff'd* in *Rhodes v. MacDonald*, 368 Fed. Appx. 949, 2010 U.S. App. LEXIS 5340
26  (11th Cir. Ga., 2010); *Cert denied* in *Taitz v. McDonald*, 2011 U.S. LEXIS 491,*;178 L.
    Ed. 2d 751; 79 U.S.L.W. 3399 (2011) and according to a phone call received by Plaintiff
27  from an Investigator at the State Bar of California, seeking him to be a witness, Orly
    Taitz is currently under investigation with the State Bar of California.
28

1  D.   February 15, 2011, Dkt. No. 43 at ¶ 3 on p. 8, ¶ 4 on pp. 8-11; ¶¶
2       2-6 on p. 16; and Exhibits "2", "3", "4", "5" and "6"; and

3  E.   February 16, 2011, Dkt. No. 46 at ¶18, ll. 7-27 and p. 8, ll. 1-6.
4

5  are misquoted and misstated hearsay statements regarding parties and a case
6
7  completely unassociated, unrelated, and irrelevant to the case herein and therefore,
8  must be stricken. *See Fed. R. Evid.* 401, 402 and 403.

9      41.   Defendant Taitz in her filings, Dkt. No.'s 24, 26, 30, 38, 43, and 46
10
11  further proceed to file hearsay documents and statements, which are completely
12  irrelevant and must be stricken.   Even if this Court were to find any portion
13
14  therewith relevant, the statements are unduly prejudicial, confusing, and
15  misleading in violation of *Fed. R. Evid.* 403 and must be stricken.

16      42.   For the reasons stated herein, Defendant Taitz filings, Dkt No.'s 24,
17
18  26, 30, 38, 38-1, 42, 43, and 46 including all Exhibits thereto, must be stricken. *See*
19  Fed. R. Evid. 401, 402, 403 and *Gribben v. United Parcel Service, Inc.*, 528 F.3d
20
21  1166 (9th Cir. 2008); 2008 U.S. App. LEXIS 12692 (9th Cir. 2008).

22  **C.   Defendant Taitz filings appearing as Dkt. No's 24, 26, 30, 38, 38-1,**
23       **42, 43, and 46 are packed with hearsay, double and triple hearsay**
24       **statements and documents in violation of *Fed. R. Evid.* 801(c), 805**
25       **and are inadmissible pursuant to *Fed. R. Evid.* 802; and therefore**
26       **must be stricken.**

27      43.   Plaintiff incorporates by reference the preceding paragraphs as if fully
28  set forth herewith.

44.     Hearsay is defined in the *Federal Rules of Evidence*, 801(c) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Fed. R. Evid.* 802 states, "Hearsay is **not** admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." And, *Fed. R. Evid.* 805 is the Hearsay within Hearsay rule, none of the exceptions apply to the Defendants filings. *See Bourjaily v. U.S.*, 483 U.S. 171, 175, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987).

45.     Defendant Taitz filings appearing as Dkt. No.'s 24; 26; 30; 38; 38-1; 42; 43; and 46 including the attachments and Exhibits are nothing more then hearsay, double and triple hearsay statements.  None of which fall under any of the exceptions outlined in the *Fed. R. Evid.*  Therefore, the statements, attachments and Exhibits are inadmissible hearsay and must be stricken. *See Fed. R. Evid.* 801(c), 802 and 805. *See also United States v. Bonds*, 608 F.3d 495 (9th Cir. 2010); 2010 U.S. App. LEXIS 11934 (9th Cir. 2010).

**D.     Defendant Taitz filings appearing as Docket Entry No.'s 24, 26, 30, 38, 42, 43, and 46 contain Exhibits which are unauthenticated documents in violation of the *Fed. R. Evid.* 901, 902 and 1005**

46.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herewith.

47.   All documents filed with a Court as Evidence are required to be authenticated. *See Fed. R. Evid.* 901 and 1005.  Authenticity of evidence, in the broad sense of the word, is fundamental to litigation and is one of the most basic functions.  There are several ways outlined in the *Fed. R. Evid.* regarding the authentication of evidence, none of which Defendants complied with.  In fact, one way to authenticate evidence is "self-authentication".  However, self-authentication pursuant to *Fed. R. Evid.* 902 require extrinsic authenticity. "Extrinsic evidence of authenticity is a condition precedent to admissibility", *Fed. R. Evid.* 902.

48.   As the Ninth Circuit has held, "The authentication of a document requires 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Id.* (quoting *Fed. R. Evid.* 901(a)).  "A document *authenticated through personal knowledge* must be attached to an Affidavit, and the affiant must be a competent '"witness who wrote [the document], signed it, used it, or saw others do so.", *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) Id. at 773-74 & n.8 (quoting *Fed. R. Evid.* 901(b)(1)).

49.   In Dkt. No. 24, Defendant Taitz filed Exhibits "1" through "5" in their Additional Information contained in their Motion to join, which are unauthenticated, hearsay, irrelevant, redundant, immaterial, impertinent, and scandalous matter.

---

50.     Exhibit "1" is purported to be a print-out of cases involving the within Plaintiff.  However, Plaintiff is unsure as to where this document came from and the document has clearly **not** been authenticated.

51.     Exhibit "2" Plaintiff is unsure what the document is, it appears to be part of a writing or article taken from some unknown place.  Exhibit "2" is clearly not authenticated.  Further, Exhibit "2" is immaterial, irrelevant, redundant, and scandalous matter.

52.     Exhibit "3" is supposedly a "mug" shot and criminal record of Lisa Liberi, a party unrelated to the within action.  However, Exhibit "3" is **not** certified and does **not** show or allude to where these documents came from.  Therefore, Exhibit "3" is unauthenticated and is immaterial, irrelevant, redundant, and scandalous matter.  Moreover, Exhibit "3" is being used to Prejudice and Bias this Court against Lisa Liberi, a Plaintiff in another case being transferred to this Court.

53.     Exhibit "4" is purported to be a "Candidate Intention of Notice" form, which is **not** certified and is unauthenticated.  Further, Defendant Taitz established in her filing that Plaintiff was **not** a resident of California as a result of being disqualified and/or rejected as a California Candidate because Plaintiff was unable to establish and/or meet the criteria required to be a Resident in the State of California and therefore qualify as a California Candidate.

54.     Exhibit "5" is purported to be a Docket Statement in the case of _Lincoln v. Freiman_, Case No. 8:08-cv-00696 JDW (EAJ), which is extremely hard to read.  Exhibit "5" is **not** certified, it is **not** authenticated and furthermore is irrelevant to the within action.  Exhibit "5" is immaterial, irrelevant, redundant, and scandalous matter.

55.     Defendant Taitz also attached a purported case print-out requesting this Court to take Judicial Notice of it. _See_ Dkt No. 26.  This document is **not** certified, and is **not** authenticated.   Furthermore, the document attached to Defendant Taitz's Request for Judicial Notice is a hearsay document, and is immaterial, irrelevant, redundant, and scandalous material.

56.     Dkt. No. 30 filed by Defendant Taitz contain four [4] Exhibits which are unauthenticated, hearsay, and irrelevant to the within case.  Exhibit "1" is purported to be a letter from San Bernardino County District Attorney's Office supposedly related to a party who has nothing to do with the within case; Exhibit "2" is purported to be a transcript in another Case outside of this Court, which is unauthenticated and is irrelevant to the within action; Exhibit "3" is purported to be a Memorandum of a Judge in another case outside of this Court and Case, which is unauthenticated and irrelevant to the within action; and Exhibit "4" is purported to be an Affidavit of an Attorney in another case, outside of this Court's jurisdiction which is unauthenticated and irrelevant to the within action.

57.     Dkt. No. 38 filed by Defendant Taitz on January 31, 2011 contains one [1] Exhibit which is purported to be Defendant Taitz January 27, 2011 filing, Dkt. No. 30, and therefore all Exhibits contained therein, as explained above, are unauthenticated and are irrelevant to the within action.

58.     Dkt. No. 42 filed by Defendant Taitz on February 15, 2011 are a bunch of unauthenticated documents, which are completely irrelevant to the within action.

59.     Dkt. No. 43 filed by Defendant Taitz on February 15, 2011, contain seven [7] Exhibits, each of which are repeated filings.  All Exhibits, "1" through "7" are unauthenticated documents that are completely irrelevant to the within action.

60.     Dkt. No. 46 filed by Defendant Taitz on February 16, 2011 contain three [3] Exhibits, which are again repeated filings.  All three [3] Exhibits are unauthenticated and irrelevant to the within action.

61.     As can be seen, all attachments and Exhibits filed in Dkt. No.'s 24, 26, 30, 38, 38-1, 42, 43, and 46 filed by Defendant Taitz, are unauthenticated and in violation of the *Fed. R. Evid.* 901, 902 and 1005.  In addition, the documents are irrelevant in violation of *Fed. R. Evid.*, 401 and 402. *See* also *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) Id. at 773-74 & n.8.