

# LAW OFFICES OF
## PHILIP J. BERG

PHILIP J. BERG
CATHERINE R. BARONE
BARBARA MAY

NORMAN B. BERG, Paralegal [Deceased]

555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

(610) 825-3134

FAX (610) 834-7659

E-Mail: philjberg@gmail.com

December 10, 2010

**RECEIVED**

**DEC 1 0 2010**

Office of the
Secretary
The Disciplinary Board

Elaine M. Bixler
Secretary of the Board
**The Disciplinary Board of the
   Supreme Court of Pennsylvania**
601 Commonwealth Avenue, Suite 5600
P.O. Box 62625
Harrisburg, Pennsylvania 17106-2625

Letter only by Fax (717) 231-3382..................................................Total = 1 Page

Re: <u>Berg, Philip J. – No. 208 DB 2010 - Atty. ID # 9867</u>

Dear Ms. Bixler:

Enclosed herewith is:

> Petitioner Philip J. Berg's Response to Petition for Discipline
> <u>Original and three [3] copies – By United States Postal Service</u>

Thank you.

Respectfully,

*[signature]*

Philip J. Berg

PJB:jb

cc: Patricia A. Dugan
    Disciplinary Counsel
    **The Disciplinary Board of the
       Supreme Court of Pennsylvania**
    820 Adams Avenue, Suite 170
    Trooper, Pennsylvania 19403
        <u>with one [1] copy – By United States Postal Service</u>
    **Letter only by Fax (610) 650-8213**

**LAW OFFICES OF**
**PHILIP J. BERG**

PHILIP J. BERG
CATHERINE R. BARONE
BARBARA MAY

NORMAN B. BERG, Paralegal [Deceased]

555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

(610) 825-3134

FAX  (610) 834-7659

E-Mail: philjberg@gmail.com

December 10, 2010

**RECEIVED**
**DEC 1 3 2010**
Office of the Secretary
The Disciplinary Board

Elaine M. Bixler
Secretary of the Board
**The Disciplinary Board of the**
**Supreme Court of Pennsylvania**
601 Commonwealth Avenue, Suite 5600
P.O. Box 62625
Harrisburg, Pennsylvania 17106-2625

**Letter only by Fax (717) 231-3382**................................................................**Total = 1 Page**

Re: **Berg, Philip J. – No. 208 DB 2010 - Atty. ID # 9867**

Dear Ms. Bixler:

Enclosed herewith is:

Petitioner Philip J. Berg's Response to Petition for Discipline
Original and three [3] copies – By United States Postal Service

Thank you.

Respectfully,

Philip J. Berg

PJB:jb

cc: Patricia A. Dugan
    Disciplinary Counsel
    **The Disciplinary Board of the**
    **Supreme Court of Pennsylvania**
    820 Adams Avenue, Suite 170
    Trooper, Pennsylvania 19403
        with one [1] copy – By United States Postal Service
    **Letter only by Fax (610) 650-8213**

Disciplinary Board ltr to Bixler 12 10 10.doc

Law Offices of:
**PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification No. 09867
(610) 825-3134

*Respondent in Pro Se*

## BEFORE THE DISCIPLINIARY BOARD OF THE
## SUPREME COURT OF PENNSYLVANIA

| | |
|---|---|
| OFFICE OF DISCIPLINARY COUNSEL,<br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>PHILIP J. BERG,<br>　　　　　　　　　　Respondent. | NO. 208 DB 2010<br><br>Attorney Registration No. 9867<br><br>(Montgomery County) |

### RESPONDENT, PHILIP J. BERG'S

### ANSWER TO THE PETITION FOR DISCIPLINE

Now comes Respondent, Philip J. Berg, Esquire (hereinafter referred to as "Respondent") in Answer to the Petition for Discipline and states:

### GENERAL ALLEGATIONS

1. Respondent admits Petitioner's principal office is located at 601 Commonwealth Avenue, Suite 2700, P.O. Box 62485, Harrisburg, PA 17106 and is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement (hereinafter "Pa.R.D.E."), with the power and duty to investigate all matters involving alleged misconduct of any attorney admitted to practice law in the Commonwealth of Pennsylvania.

FILED

DEC 1 3 2010

Office of the Secretary
The Disciplinary Board of the
Supreme Court of Pennsylvania

Berg\Answer to Petition for Discipline

1

2. Respondent, Philip J. Berg, Esquire, admits he was born April 13, 1944 and has been admitted to practice law in the Commonwealth of Pennsylvania since November 18, 1971. In addition, Respondent admits he maintains his office at 555 Andorra Glen Court, Suite 12, Lafayette Hill, PA 19444-2531, which is located in Montgomery County.

3. Respondent admits he is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

## RESPONDENT'S ANSWER TO CHARGE

4. Respondent admits he spoke with Diana McCracken regarding a possible lawsuit against the Lancaster City Bureau of Police for an alleged warrant-less search and seizure that had occurred at her home on or about November 8, 2004. Respondent admits Ms. McCracken claimed to have been assaulted by one of the police officers during the alleged warrant-less search.

5. Respondent cannot admit or deny this statement, as Respondent is unaware when Ms. McCracken sent Respondent documents regarding the alleged illegal search and seizure that had occurred on November 8, 2004. Respondent did receive documentation from Ms. McCracken, however, Respondent did not receive the documentation until after the filing of the Civil Complaint on November 8, 2006.

6. Denied in part and admitted in part. Denied that Respondent met with Ms. McCracken in his office on November 8, 2006. Admitted in part that Respondent did agree to file a civil action against on Ms. McCracken's behalf in the U.S. District Court, Eastern District of Pennsylvania captioned *Diana McCracken v. Lancaster City Bureau of Police, Chief of Police, William M. Heim, Lieutenant, Peter Anders, Officer James Fatta, Officer George Bonilla, Special Emergency Response Team, "SERT", Lieutenant James Zahm, Officer B.*

*MacFarland, Detective Breault, Manor Township Police Department, Officer Smith, Officer Roache and Sergeant McCrady.* By way of further answer, Respondent agreed to file suit, however, the suit was filed based on Ms. McCracken's statements; Respondent had **not** received any of the documentation as promised prior to filing suit. In fact, all Respondent ever received from Ms. McCracken were her handwritten notes; a copy of the warrant for her husband's arrest; the Lancaster City Bureau of Police Report; Lancaster Bureau of Police Supplemental - Field Incident Report (Property Returned to Suspect through Attorney Goldberg); Commonwealth of Pennsylvania, County of Lancaster Receipt / Inventory of Seized Property; and the Application for a Search Warrant & Authorization with the Affidavit of Probable Cause. *See* **EXHIBIT "1"**. Respondent also received Ms. McCracken's handwritten notes from Karen M. McCarter, Secretary to Alan G. Goldberg, Esquire. *See* **EXHIBIT "2"**.

7. Admitted.

8. Admitted.

9. "a" through "d" are Admitted.

10. Admitted.

11. Admitted.

12. Admitted by way of further answer. At the time Respondent agreed to take Ms. McCracken's case, Ms. McCracken stated that her husband was arrested; law enforcement conducted an illegal search; and assaulted her (Ms. McCracken) in the process. Respondent informed Ms. McCracken that she would have to be able to substantiate her damages by way of physician and/or psychiatric reports, medical bills, medications, etc. At the time the suit was filed, Respondent was unaware that Ms. McCracken had granted permission to law enforcement to enter her premises; that her husband was arrested on allegations of stabbing another

individual, charges Mr. McCracken later plead guilty to; and that her husband had a prior violent conviction for Murder. In fact, it was not until after the suit was filed on behalf of Ms. McCracken that Respondent learned the reason for Mr. McCracken's arrest was due to the fact he had stabbed a man; Mr. McCracken was charged with two (2) felonies and five (5) misdemeanors, crimes which Mr. McCracken plead guilty to in 2006.

Respondent's paralegal at the time, Maria DiDonato left several messages for Ms. McCracken on December 14, 2006; December 22, 2006; and January 13, 2007. Ms. DiDonato never received a return call back. On January 17, 2007, Respondent's Assistant, Lisa Liberi sent a letter to Ms. McCracken regarding receiving Defendants Joint Motion to Dismiss and the lacking information Respondent's office had been attempting to obtain. *See* **EXHIBIT "3"**. Ms. Liberi requested that Ms. McCracken make an immediate appointment with Respondent as there were several issues to discuss. In particular, Respondent never received any medical provider's names, or any medical reports, medical bills or anything to substantiate any type of damages for emotional distress and/or assault; Respondent was never informed prior to filing suit that Ms. McCracken allowed the police to enter her home; and the fact that Ms. McCracken's husband was charged and plead to dangerous crimes with a past conviction for Murder. Noteworthy, facts which Respondent was not made aware of prior to initiating suit on Ms. McCracken's behalf.

As this Court is aware, law enforcement handle arrest warrants and searches of premises differently depending on the background of the "Defendant"; in this case, Mr. McCracken had a prior conviction for Murder and was now on charges for stabbing a man. Moreover, a search is **not** illegal if law enforcement personnel are allowed in by a party residing in the residence. *See* 4th Amendment to the United States Constitution.

Ms. McCracken was placed on notice that if she did not supply the required documents and did not make an appointment with Respondent, then Respondent would **not** be able to respond to the Defendants Joint Motion to Dismiss and the case would be dismissed. *See* **EXHIBIT "3" and EXHIBIT "4"**.

13. Admitted, by way of further answer, please see response to paragraph 12 above.

14. Denied. By way of further answer, Respondent's office notified Ms. McCracken that Respondent could not and would not answer the Defendants Joint Motion without the required documents, medical providers, medical records, medical bills, etc. proving damages and without a meeting with Ms. McCracken regarding the fact she allowed law enforcement into her premises; her husband's conviction from the arrest; and her husband's prior conviction; as their was no way to continue and succeed with the case without all of this documentation and information. Once Respondent received the Judge Stengel's Order dismissing the case, a copy of the Order was sent to Ms. McCracken. *See* **EXHIBIT "4" and EXHIBIT "5"**. As for Ms. McCracken's Appeal rights, there was absolutely no basis to appeal the Judge's decision to dismiss. There were **not** any provable damages, which Ms. McCracken failed to respond to and Ms. McCracken allowed law enforcement into her home for the search, to substantiate the case moving forward. Respondent would have withdrawn the lawsuit, but Defendants filed a Joint Motion to Dismiss before Respondent had the opportunity to withdraw it.

15. Respondent cannot admit or deny this statement, as Respondent is unaware of any such email and Respondent was unable to locate any such email. Respondent maintains all his emails and has emails going back to 2003.

16. Respondent cannot admit or deny this statement, as Respondent is unaware of any such email and Respondent was unable to locate any such email. Respondent maintains all his emails and has emails going back before 2006.

17. Respondent cannot admit or deny this statement, as Respondent is unaware of any such email and Respondent was unable to locate any such email. Respondent maintains all his emails and has emails going back to 2006.

18. Admitted, by way of further answer, Respondent called Ms. McCracken and left a message stating the case had been dismissed, and that a copy of the Order was sent to her. Respondent further stated if she had any questions or had not received the Order, to please contact his office.

19. Admitted. By way of further answer, Respondent called Ms. McCracken on Monday, June 23, 2008 and explained the law regarding the Tree and the Township. Respondent asked Ms. McCracken if she received the Order dismissing her case against *Lancaster, et al.* Ms. McCracken agreed that she had received the Order.

20. Admitted. Respondent did receive an email threatening to have Respondent reported to the Pennsylvania State Bar for the dismissal of her case. By way of further Answer, Respondent again called Ms. McCracken on February 11, 2009 and reminded her the case had been dismissed, that she stated she received the Order of dismissal from his office. Additionally, Respondent reminded Ms. McCracken that there was no illegal search, that she allowed the officers in and you cannot change your story to litigate a case, which does not have any merit.

21. Respondent cannot admit or deny this statement, as Respondent did not receive said email.

22. Denied.

23. Denied.

24. Respondent cannot admit or deny the totality of this statement. Respondent admits that Ms. McCracken sent him an email and that Lisa Liberi responded to Ms. McCracken. Respondent admits the email from Ms. McCracken threatened to report him to the Pennsylvania Supreme Court Disciplinary Board. Respondent cannot admit or deny Ms. McCracken statement that she sent an email to philjberg@obamacrimes.com as Respondent never received said email.

25. Admitted. By way of further answer, Ms. Liberi in her email to Ms. McCracken told Ms. McCracken that she recalled sending a letter to her regarding the challenges of the Motion to Dismiss. *See* **EXHIBIT "6"**.

26. Admitted. By way of further answer, Ms. McCracken also stated she had **not** received anything from Respondent's office except the papers to serve the Defendants with, *See* **EXHIBIT "7"**, which clearly was not the case as other writings referred to above: November 13, 2006 Ms. McCracken was sent the complaint; further communications to Ms. McCracken referred to in the Pennsylvania Disciplinary Board Complaint above include December 19, 2006; December 22, 2006 and June 20, 2008, which are now being admitted by Ms. McCracken. Furthermore, on February 25, 2009, Ms. Liberi called and left a message for Ms. McCracken stating a letter had gone out to her on January 17, 2007 with a copy of the Defendants Motion to Dismiss. Ms. Liberi's message also included that Respondent's office never received the letter back; Respondent's office never received any of the requested documents. Ms. Liberi never received a return call.

27. Respondent cannot admit or deny this statement, as Respondent did not receive this particular email directly and Ms. Liberi cannot locate said email in her email box.

28. Admitted.

29. Respondent cannot admit or deny this statement, as Respondent did not receive this particular email directly. However, Ms. Liberi never received an email from Ms. McCracken on March 3, 2009.

30. Denied.

31. Denied.

31 (a) through (j) - Denied.

**WHEREFORE**, Respondent, Philip J. Berg, Esquire, prays that your Honorable Board deny Disciplinary Counsel, Patricia A. Dugan's request to appoint, pursuant to Rule 205, Pa. R.D.E., a Hearing Committee to hear testimony and receive evidence. Respondent further requests this Court to remand this Complaint to Ms. Dugan's Office for final disposition. If this Honorable Board should deny Respondent's request, then Respondent respectfully requests this Board to allow the Respondent, Philip J. Berg, Esquire, to file and contest this document and request a Hearing as the charges are totally unfounded.

Respectfully submitted,

Dated: December 10, 2010

Philip J. Berg, Esquire
*Respondent in Pro Se*
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification No. 09867
(610) 825-3134

## VERIFICATION OF PHILIP J. BERG

I, PHILIP J. BERG, ESQUIRE, am over the age of eighteen (18) and am the Respondent in the within action. I verify that the statements made in the foregoing are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: December 10, 2010

_____
PHILIP J. BERG

Law offices of:
**PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification No. 09867
(610) 825-3134

*Respondent in Pro Se*

| | |
|---|---|
| OFFICE OF DISCIPLINARY COUNSEL, Petitioner, vs. PHILIP J. BERG, Respondent. | : BEFORE THE DISCIPLINARY : BOARD OF THE SUPREME : COURT OF PENNSYLVANIA : : No. 208 DB 2010 : : Attorney Reg. No. 9867 : : (Montgomery County) |

## CERTIFICATE OF SERVICE

The undersigned, Philip J. Berg, Esquire hereby certifies that on December 10, 2010, a true and correct original and copies of Respondent's Answer to the Petition for Discipline was served by United States Postal Service with postage fully prepaid upon the following:

**Copy to:**

Patricia A. Dugan
Disciplinary Counsel
**District II**
**Office of Disciplinary Counsel**
820 Adams Avenue, Suite 170
Trooper, PA 19403

**Original and three [3] copies to:**

Office of the Secretary
**The Disciplinary Board of the**
**Supreme Court of Pennsylvania**
Pennsylvania Judicial Center
601 Commonwealth Avenue, Suite 5600
P.O. Box 62625
Harrisburg, PA 17106-2625

Philip J. Berg, Esquire