Law Offices of:
**PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531            *Respondent in Pro Se*
Identification  No. 09867
(610) 825-3134

### BEFORE THE DISCIPLINIARY BOARD OF THE
### SUPREME COURT OF PENNSYLVANIA

| | |
|---|---|
| OFFICE OF DISCIPLINARY COUNSEL, Petitioner, | NO. 208 DB 2010 |
| vs. | |
| PHILIP J. BERG, Respondent. | Attorney Registration No. 9867 (Montgomery County) |

### VERIFICATION OF LISA LIBERI

I, LISA LIBERI, am over the age of eighteen (18) and am not a party to the within action. I verify that the statements made in the foregoing are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 and the laws of the United States relating to unsworn falsification to authorities. I have personal knowledge of the facts herein and if called to do so, I could and would competently testify under oath.

I declare as follows:

1.     I am Mr. Berg's Assistant in the Law Offices of Philip J. Berg and am familiar with the events surrounding *McCracken v. Lancaster City Bureau of Police, et al*, Case No. 06-cv-4958-LS.

2. Mr. Berg filed suit for Ms. McCracken on November 8, 2006, based on information told to him by Ms. McCracken.

3. Maria DiDonato, Mr. Berg's Paralegal at the time, left several messages for Ms. McCracken on December 14, 2006; December 22, 2006; and January 13, 2007 regarding the documents Ms. McCracken had promised to furnish. The documents included the names of her Medical Providers; Medical/Psychological Reports; Medications; Medical Bills and Prescription costs. Ms. DiDonato never received a return call back.

4. On January 16, 2007, Defense Counsel filed a Joint Motion to Dismiss Ms. McCracken's lawsuit. In addition, Mr. Berg had discovered new evidence regarding Ms. McCracken, which Ms. McCracken had failed to inform and/or share with Mr. Berg. Mr. Berg learned that Mr. McCracken had been arrested for stabbing another individual and plead guilty to two (2) felonies and five (5) misdemeanors. In addition, Mr. McCracken had been previously convicted of a dangerous crime, Murder. Mr. Berg also learned that Ms. McCracken let the law enforcement officers into her premises, which was contrary to what Ms. McCracken had stated to Mr. Berg.

5. On January 17, 2007, I sent a letter to Ms. McCracken, attached as **EXHIBIT "3"** to Mr. Berg's Response, informing her that Ms. DiDonato had been trying to reach her. I stated to Ms. McCracken that we were in need of her medical provider's names and addresses, medical bills, and medical reports to substantiate her claims regarding damages. I also informed Ms. McCracken that the Defendants had filed a Joint Motion to Dismiss, and she needed to make an immediate appointment with Mr. Berg regarding some issues, which had come up. I stated to Ms. McCracken if she did not furnish the required documents and did not meet with Mr. Berg, then Mr. Berg could not and would

not be able to respond to the Defendants Joint Motion to Dismiss. I also explained to Ms. McCracken that if we do not respond to the Defendants Joint Motion to Dismiss, then the Court will grant the Defendants Motion as unopposed. Ms. McCracken never made an appointment and our Office never received the requested documents. Thus, Mr. Berg was unable to respond to the Defendants Joint Motion to Dismiss.

6. On February 16, 2007, the Court dismissed Ms. McCracken's Case. On February 20, 2007, I sent Ms. McCracken a letter with a copy of the Order attached, see Mr. Berg's **EXHIBIT "5"** to his response.

7. In mid June 2008, Mr. Berg received an email from Ms. McCracken regarding a tree incident. Mr. Berg called Ms. McCracken on or about June 23, 2008. I asked Mr. Berg if Ms. McCracken ever confirmed receipt of the Order of Dismissal, and Mr. Berg stated yes, she conceded that she received the Order during their June 23, 2008 telephone call.

8. On February 19, 2009, Mr. Berg was out of the office so I checked his email for anything urgent. I found an email from Ms. McCracken threatening to report Mr. Berg to the Pennsylvania Disciplinary Board. I immediately responded to Ms. McCracken and told her, if memory served me correctly, I had sent her a letter regarding the Defendants Joint Motion to Dismiss and another letter with the Order of Dismissal, see **EXHIBIT "6"** to Mr. Berg's Response. I received an email back from Ms. McCracken this same date, and Ms. McCracken stated that she had not received any communication from Mr. Berg's Office since she received the complaint, see **EXHIBIT "7"** to Mr. Berg's Response.

9. Ms. McCracken's response on February 19, 2009 was not true. Now she has filed a complaint with the Pennsylvania Disciplinary Board admitting to receiving other communications.

10. On February 25, 2009, after reviewing Ms. McCracken's file, I called and left a message for Ms. McCracken. I stated that I had sent her a letter on January 17, 2007 with a copy of the Defendants Joint Motion to Dismiss. I also stated that we never received the requested documents and she failed to make an appointment with Mr. Berg as directed. I let Ms. McCracken know that we never received any communications back. I also stated that I had sent her a copy of the February 16, 2007 Order of Judge Stengel dismissing her Case on February 20, 2007. I never received an email or return call from Ms. McCracken.

11. I did not receive any type of email, phone call or any other communication from Ms. McCracken on March 3, 2009.

12. Mr. Berg and his staff tried to communicate with Ms. McCracken; however, she would not return calls or follow direction. In addition, correspondence was sent to Ms. McCracken from the Office and from me regarding the status and updates to her case, including the Defendants Joint Motion to Dismiss and the Order of the Court dismissing her case.

I declare under the penalty of Perjury under the laws of the United States and subject to the penalties of 18 Pa. C.S. Section 4904 that the foregoing is true and correct. Executed this 8th day of December 2010.

_____
Lisa Liberi

# EXHIBIT "5"

LAW OFFICES OF
**PHILIP J. BERG**

PHILIP J. BERG
CATHERINE R. BARONE
BARBARA MAY
CAROLINE HOGUE

MARIA L. DiDONATO, Paralegal
NORMAN B. BERG, Paralegal

**Historic Fountain Inn**
706 Ridge Pike
Lafayette Hill, PA   19444-1711

(610) 825-3134

FAX (610) 834-7659

E-Mail: PJBLAW@AOL.COM

February 20, 2007

Mrs. Diana McCracken
1018 Williamsburg Road
Lancaster, Pennsylvania  17603

Re:   *McCracken v. Lancaster City Bureau of Police, et al*, Case No. 06-cv-4958-LS

Dear Mrs. McCracken,

As explained to you in the letter dated January 17, 2007, if we did not receive the requested documents and if you failed to set-up an immediate appointment with Mr. Berg, he would not be responding to the Defendants Joint Motion to Dismiss the above referenced case.

We never received the requested documents and you failed to make an appointment and meet with Mr. Berg. As a result, Mr. Berg was unable to respond to the Defendants Joint Motion to Dismiss, as he did not have any legal theory to utilize.

As a result, on February 16, 2007 Judge Stengel granted the Defendants Joint Motion to Dismiss and dismissed your case in its entirety, see the Order of the Court attached hereto as **EXHIBIT "A"**.

Please do not hesitate contacting our office should you have any questions or concerns.

Respectfully,

*[signature]*

Lisa Liberi
Assistant to Philip J. Berg, Esq.

LL:s
Enclosures


cc:   File

C:\McCracken\Letter re Order Dismissing Case 02/20/2007

1

**COPY**

**LAW OFFICES OF**
**PHILIP J. BERG**

PHILIP J. BERG
CATHERINE R. BARONE
BARBARA MAY
CAROLINE HOGUE

MARIA L. DiDONATO, Paralegal
NORMAN B. BERG, Paralegal

**Historic Fountain Inn**
706 Ridge Pike
Lafayette Hill, PA  19444-1711

(610) 825-3134

FAX (610) 834-7659

E-Mail: PJBLAW@AOL.COM

January 17, 2007

Mrs. Diana McCracken
1018 Williamsburg Road
Lancaster, Pennsylvania  17603

Re:   *McCracken v. Lancaster City Bureau of Police, et al*, Case No. 06-cv-4958-LS

Dear Mrs. McCracken,

    As you are aware, Mr. Berg filed suit on your behalf against several Defendants regarding the November 2004 incident. Mr. Berg filed the suit on November 08, 2006, in order to preserve your rights as the statute of limitations was about to run out. Prior to the suit actually being filed, Maria DiDonato, Paralegal to Mr. Berg, contacted you and informed you we were in need of a full description of your medical and psychiatric issues as a result of the search and arrest of your husband, including names and addresses of your medical providers treating you as a result of the incident; medical reports; and any medical diagnosis'. To date, we have not received any of this information.

    Ms. DiDonato left several messages for you regarding the requested materials, but to date, has not heard back from you.

    As Mr. Berg explained to you, Mr. Berg must be able to prove damages based on your alleged injuries. In addition, it has come to Mr. Berg's attention that you in fact allowed the law enforcement personnel to enter your home and conduct the search prior to the search warrant being served. This is not considered an illegal search.

    The Defendants served us yesterday, January 16, 2007, with a Joint Motion to Dismiss you're above referenced lawsuit.

Mrs. Diane McCracken  January 17, 2007
Page Two of Three

In order to properly respond to the Defendants Motion to Dismiss, it is imperative that we receive from you, the items described above, including your medical providers names and addresses; medical reports; any medical diagnosis'; names and addresses of your doctors you have been seeing regarding the alleged mental anguish claims; medical reports; medical diagnosis'; A copy of the Defendants Joint Motion to Dismiss is attached hereto for your review.

We have twenty [20] days from January 16, 2007 in order to respond to the Defendants Joint Motion to Dismiss. However, we are unable to respond without receiving the requested items and documentation from you. If we do **not** receive the requested items and information from you by Friday, January 26, 2007, then Mr. Berg will **not** have time to review the material and determine if there is enough to pursue your claims. Thus, without said material, we will be unable to respond to the Defendants Joint Motion to Dismiss.

As Mr. Berg explained to you, Civil Rights cases are extremely difficult to win. Law Enforcement agencies have immunity which bar many claims. As Mr. Berg also explained, in order to win on Civil Rights Claims, Mr. Berg must be able to show the Officers and/or Agents operated outside the scope of their authority or they were not properly trained, in your case, with the search of a home. More importantly, as Mr. Berg explained, for Equal Protection of the Law claims, you must be able to show you were treated differently then others in the same or similar situations. In addition, Mr. Berg must be able to substantiate your "assault" and "psychological and emotional problems"; and the other injury claims.

Based on the information given to Mr. Berg by you, and due to the late date in which you came to Mr. Berg, Mr. Berg filed the suit on November 08, 2006 in order to protect your rights as the statute of limitations expired on the same date, November 8, 2006. In order for Mr. Berg to be able to make a determination on whether he can overcome the Defendants Joint Motion to Dismiss, we must have the requested documentation. Otherwise, Mr. Berg is unable to properly respond to the Defendants Motion and this office will **not** be filing a response to the Defendants Motion to Dismiss. If Mr. Berg does not respond, the Defendants Motion will be considered unopposed and the Court will grant the Defendants Joint Motion, and dismiss your case.

It is imperative that you call and make an appointment with Mr. Berg to discuss all the options prior to January 26, 2007. Mr. Berg also needs to discuss with you your husband's prior Murder conviction and the charges your husband was charged with, which he plead guilty to. This is extremely important. Mr. Berg was unaware of Mr. McCracken's murder conviction prior to filing suit, and he was unaware that your husband was being accused of stabbing another individual, this can impact the case.

Mrs. Diane McCracken  
Page Three of Three

January 17, 2007

    As stated, if we do not hear from you, and you have not made an appointment with Mr. Berg, Mr. Berg cannot and will not answer the Defendants Joint Motion to Dismiss and your case will be dismissed. Otherwise, if Mr. Berg files and argues claims that do not exist, then he is at risk of being sanctioned and the both of you can be Ordered to pay Defense Counsel's Attorney Fees and Costs.

    We look forward to hearing from you. Please do not hesitate contacting our office should you have any questions or concerns.

                                             Respectfully,

                                             Lisa Liberi  
                                             Assistant to Philip J. Berg, Esq.

LL:s  
Enclosures

cc:    File