# BRADLEY & GMELICH
### Lawyers

Barry A. Bradley
Thomas P. Gmelich
Lena J. Marderosian
Jonathan A. Ross *
Gary J. Bradley
Lindy M. Fried

Robert A. Crook
John K. Flock
Mark I. Melo
Arnold S. Levine
Shirley R. Sullinger
Kathryn Canale
G. Dean Guerrero
Jaimee K. Wellerstein
James N. Kahn
Sumithra Rao
Michelle McCoy Wolfe
Mirth White
Stephanie A. Rudell

700 N. Brand Boulevard, 10th Floor
Glendale, California 91203
Telephone (818) 243-5200
Facsimile (818) 243-5266

www.bglawyers.com

Northern California Office

2033 Gateway Place, 5th Floor
San Jose, California 95110
Telephone (408) 573-6267
Facsimile (408) 437-1201

* Admitted in multiple jurisdictions

March 23, 2011

Honorable Andrew Guilford
United States District Court
Central District of California
Southern Division
411 West Fourth Street, Room 1053
Santa Ana, California 92701

*Via E-Mail & U.S. Mail*

Re:   *Charles Lincoln v. Daylight Chemical*
      **Our Clients: Daylight Chemical Information Systems, Inc. and Yosef Taitz**
      **Our File No.: 276-02322**

Dear Hon. Guilford:

   Pursuant to the Order of the Court, defendants Daylight Chemical Information Systems, Inc. and Yosef Taitz ("Defendants") hereby seek leave of Court to file a motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b).

   Plaintiff Charles Edward Lincoln, III ("Plaintiff") filed his First Amended Complaint on November 5, 2010, in response to which Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(1) and 12(b)(6). On February 14, 2011, the Court denied the Motion to Dismiss for lack of subject matter jurisdiction, and granted the Motion to Dismiss for failure to state a claim in its

**BRADLEY & GMELICH**

Re:   *Charles Lincoln v. Daylight Chemical*
March 23, 2011
Page 2

entirety as to the Defendants. The Court ordered a Second Amended Complaint to be filed within 30 days of the Order, i.e., by March 16, 2011. (Dkt. #44.)

To date, Plaintiff has not filed a Second Amended Complaint. FRCP 41(b) authorizes dismissal of an action "if the plaintiff fails to prosecute or to comply with. . .a court order. . ." (*Yourish v. California Amplifier* (9th Cir. 1999) 191 F.3d 983, 986 (dismissal of action for failure to amend the complaint after a Rule 12(b) motion to dismiss was granted with leave to amend.) Here, Plaintiff's failure to file a timely Second Amended Complaint warrants dismissal of the action in its entirety as to Defendants.

Pursuant to Local Rule 7-3, Defendants met and conferred to no avail with Plaintiff regarding dismissal of the action.

In the interest of judicial economy, Defendants request a shortened time for the hearing on the foregoing Motion to Dismiss, so that the motion can be heard on April 18, 2011, the same date as Plaintiff's Motion to Suspend all deadlines is to be heard.

Very truly yours,

BRADLEY & GMELICH

Jonathan A. Ross
Mark I. Melo

JAR/asl
cc:   Dr. Orly Taitz
      orly.taitz@gmail.com

      Katherine M. Harwood
      kharwood@fwhb.com

      Charles Edward Lincoln, III
      charles.lincoln@rocketmail.com