UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1573 AG (PLAx)** | Date | March 23, 2011 |
|---|---|---|---|
| Title | CHARLES EDWARD LINCOLN III v. DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:**   **[IN CHAMBERS] ORDER DENYING MOTION TO STRIKE AND MOTIONS FOR SANCTIONS**

There are three motions now before the Court. The first is a Motion to Strike, filed by Plaintiff Charles Edward Lincoln III ("Plaintiff"), seeking to strike eight docket entries. (Dkt. # 53.) The second is a Motion for Sanctions, filed by Defendants Defend Our Freedoms Foundations, Orly Taitz, Inc., and Appealing Dentistry (together, "Defendants"), seeking sanctions against Plaintiff. (Dkt. # 42, amended at Dkt. # 46.) And the third is a "Request to Extend an Order of Sanctions From the Federal District Court in TX to CA," filed by Defendants, asking this Court to restrict Plaintiff from filing pleadings in this Court until he satisfies a sanctions order from the Western District of Texas. (Dkt. # 50.) None of these motions were opposed. All Motions are DENIED.

**1.   MOTION TO STRIKE**

Among the documents Plaintiff seeks to strike are four motions. (Dkt. # 24, 38, 42, and 46.) One of those is, perhaps ironically, a motion to strike. The Court DENIES Plaintiff's Motion to Strike Docket Numbers 24, 38, 42, and 46. Usually the proper response to an undesired motion is to file an opposition, not to file a motion to strike the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1573 AG (PLAx)** | Date | March 23, 2011 |
|---|---|---|---|
| Title | CHARLES EDWARD LINCOLN III v. DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC., et al. | | |

motion.

The other documents Plaintiff seeks to strike are a request for judicial notice (Dkt. # 26), an opposition to an ex parte application with exhibits (Dkt. # 30), an exhibit to a motion that is a copy of the opposition from Docket No. 30 (Dkt. # 38-1), and a brief filed in opposition to Philip J. Berg's pro hac vice application to represent Plaintiff in this matter (Dkt. # 43).

Plaintiff argues that these documents are irrelevant, redundant, immaterial, impertinent, and scandalous.  But Plaintiff has not demonstrated any sufficient justification or sufficient legal basis for striking these documents.  Both sides in this case have been responsible for filing redundant and immaterial – and at times nonsensical – documents.  The Court can use its own judgment to determine how much weight to give to various filings.

Accordingly, Plaintiff's Motion to Strike is DENIED in its entirety.

## 2.     MOTION FOR SANCTIONS

Defendants seek an order of sanctions in an unspecified amount against Plaintiff, Philip J. Berg, and Gary Kreep.  The Court has since denied Berg's pro hac vice application, which listed Gary Kreep as local counsel.

Defendants have not shown a sufficient reason to impose sanctions against Plaintiff, Berg, or Kreep.  Defendants' Motion for Sanctions is a 9-page jumble of allegations, arguments, and discussions of another case pending in the Eastern District of Pennsylvania.  Defendants' most coherent argument supporting sanctions is that Plaintiff overstepped his bounds in drafting the Rule 26(f) report.  But this is insufficient for imposing sanctions "sua sponte," as Defendants ask the Court to do.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-1573 AG (PLAx) | Date | March 23, 2011 |
|---|---|---|---|
| Title | CHARLES EDWARD LINCOLN III v. DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC., et al. | | |

Defendants' Motion for Sanctions is DENIED.

### 3. "REQUEST TO EXTEND AN ORDER OF SANCTIONS FROM THE FEDERAL COURT IN TX TO CA"

Defendants also filed a "Request to Extend an Order of Sanctions From the Federal District Court in TX to CA." In this motion, Defendants ask this Court to forbid Plaintiff from filing any pleadings in this district until he pays sanctions ordered by the Western District of Texas. It is unclear whether Defendants truly mean only pleadings, or whether they wish to prevent Plaintiff from filing any motions as well.

But Defendants provide no authority for this "Request to Extend an Order of Sanctions From the Federal District Court in TX to CA." Although Plaintiff's failure to oppose this motion could constitute consent under Local Rule 7-12, the Court declines to grant this motion.

Defendants' "Request to Extend an Order of Sanctions From the Federal District Court in TX to CA" is DENIED.

### 4. ORAL REQUEST FOR TRANSFER

At oral argument, Plaintiff requested that the Court transfer this matter to the Los Angeles Superior Court. Oddly, Plaintiff cited 28 U.S.C. § 1631 despite the unambiguous language of § 1610, which limits such transfers to other *federal* courts. Plaintiff is admonished not to cite authority that clearly does not apply. The request is DENIED.

### 5. RESTRICTIONS ON FUTURE FILINGS

For these three pending motions and others, the Court has spent valuable time reviewing – and denying – one motion to strike three documents (including a motion to strike), one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 10-1573 AG (PLAx)** | Date | March 23, 2011 |
|---|---|---|---|
| Title | CHARLES EDWARD LINCOLN III v. DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC., et al. | | |

motion to strike eight documents (including yet another motion to strike), a motion for unspecified and unjustified sanctions, and a motion apparently asking this Court to extend sanctions from another district. And one business day before the hearing, Defendants filed a "Conditional Request to Vacate Motion for Sanctions."

The Court previously warned the parties in an order on March 7, 2011: "In the future, the Court will be considering remedies it may employ to insure the 'just, speedy, and inexpensive determination' of this action. Fed. R. Civ. P. 1." (Dkt. # 72.)

The Court now considers how best to secure the just, speedy, and inexpensive determination of this case, as the Court is charged to do under Federal Rule of Civil Procedure 1.

The Court now ORDERS the parties – other than Daylight Chemical Information Systems, Inc., and Yosef Taitz – to seek leave of Court before filing *any motions or other documents* in this case. The Court may require leave of court by Daylight Chemical and Yosef Taitz if other parties abuse the leniency granted. A party seeking leave to file a motion or other document may do so by letter to the Court, with copies to all parties. The letter shall be no more than two pages and shall set forth the nature of the motion or document and good cause for its filing. The letter shall have no attachments or exhibits. Upon a showing of good cause, the Court may grant leave to file. Failure to comply with this order may result in sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-1573 AG (PLAx) | Date | March 23, 2011 |
|---|---|---|---|
| Title | CHARLES EDWARD LINCOLN III v. DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC., et al. | | |

### DISPOSITION

The Court DENIES the Motion to Strike, the Motion for Sanctions, and the Motion to Extend Sanctions.

The Court ORDERS the parties other than Daylight Chemical Information Systems, Inc., and Yosef Taitz to request leave before filing any future motions or other documents, in compliance with the terms set forth in Section 4.

                                                          : 0

Initials of Preparer      lmb