William C. Haggerty, Esq., Bar No. 76652
E-Mail: Bill@fwhb.com
Katherine M. Harwood, Esq., Bar No. 225202
E-Mail: Kharwood@fwhb.com
FORD, WALKER, HAGGERTY & BEHAR
One World Trade Center
Twenty-Seventh Floor
Long Beach, California 90831-2700
Telephone: (562) 983-2500
Facsimile: (562) 590-3546

Attorneys for Defendants LAW OFFICES OF ORLY TAITZ and DR. ORLY TAITZ, ESQ., D.D.S., J.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III,<br><br>Plaintiff,<br><br>Vs.<br><br>DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INCORPORATED, YOSEF TAITZ, ORALY TAITZ, INC., APPEALING DENTISTRY, LAW OFFICE OF ORAL TAITZ (RICO Enterprise), DR. ORLY TAITZ, ESQ., D.D.S., J.D., DEFEND OUR FREEDOMS FOUNDATION, and all JOHN & JANE DOES 1-10,<br><br>Defendants. | No. 8:10-cv-01573-AG-PLA<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND, CONTINUE, OR SUSPEND DEADLINES, CONTINUE THE MARCH 21, 2011 HEARING AND MOTION FOR RECONSIDERATION OF DOC. #66 ORDER DENYING PHILIP J. BERG'S APPLICATION TO APPEAR PRO HAC VICE<br><br>HEARING DATE: April 18, 2011<br>Time: 10:00 a.m.<br>Location: Room 10D |

COMES NOW defendants LAW OFFICES OF ORLY TAITZ and ORLY TAITZ, D.D.S., J.D. (collectively hereinafter "Defendants") and hereby opposes plaintiff's motion (1) to extend, continue, or suspend deadlines, especially, but not

1

limited to March 16, 2011 deadline to file plaintiff's Second Amended Complaint, (2) to continue the March 21, 2011 hearing date, and (3) for reconsideration of docket No. 66 Order denying Philip J. Berg's application to appear *pro hac vice*.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff seeks to continue all deadlines, including deadlines that have already expired, and seeks reconsideration of the Court's denial of Philip J. Berg's *pro hac vice* application. However, plaintiff offers no grounds justifying the requested relief.

First, to continue expired deadlines, plaintiff must show good cause for an extension and that the deadlines lapsed due to some excusable neglect. Plaintiff fails to meet this burden. The sole grounds proffered by plaintiff for the continuance of expired deadlines is the denial of Mr. Berg's *pro hac vice* application and plaintiff's inability to find alternate counsel. This does not qualify as excusable neglect or good cause. Plaintiff was aware of the deadlines prior to expiration, as evidenced by plaintiff's motion, and chose not to comply. Moreover, this argument ignores a crucial fact, i.e., that plaintiff is a licensed attorney with years of experience practicing in Federal Court. Accordingly, plaintiff is more than capable of meeting the Court's deadlines and handling this action in *pro per*.

Second, plaintiff fails to offer any good cause for continuing all other deadlines in this case. Once again, plaintiff bases his request solely on the Court's denial of Mr. Berg's *pro hac vice* application. As stated above, plaintiff is a licensed attorney who is more than capable of representing himself in this action. Thus, there is no good cause for continuing all deadlines in this case.

Lastly, to warrant reconsideration of the Court's denial of Mr. Berg's application for *pro hac vice*, plaintiff must present newly discovered evidence that was not readily available at the time of the hearing on the motion. Plaintiff admits in

2

his moving papers that he had knowledge of all of facts presented in the motion at hand prior to Mr. Berg's application for *pro hac vice*. However, plaintiff did not offer the evidence at that time because he "did not conceive or imagine it possible that this Court would deny Mr. Berg's application." Plaintiff's strategic decision not to offer evidence at the hearing on Mr. Berg's application is insufficient grounds to warrant reconsideration now.

Based on the foregoing, Defendants respectfully request that the Court deny plaintiff's motion.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff, a licensed attorney, filed his First Amended Complaint on November 5, 2010, in response to which defendants filed a motion to dismiss. (Dkt. # 5.) On February 14, 2011, the Court granted the motion to dismiss in part and denied the motion in part. (Dkt. # 44). The Court ordered a Second Amended Complaint to be filed within 30 days of the order, i.e., March 16, 2011. (*Id.*) To date, plaintiff has not filed a Second Amended Complaint.

During that time, Philip J. Berg filed an application for *pro hac vice*, which was denied on March 2, 2011. (Dkt. # 66.)

On March 14, 2011, plaintiff filed the instant motion 1.) to continue various deadlines, including the deadline for filing a Second Amended Complaint; 2.) to continue the hearing on March 21, 2011; and 3.) for reconsideration of the Court's denial of Mr. Berg's *pro hac vice* application. (Dkt. # 73.)

On March 21, 2011, the Court heard three motions: 1.) plaintiff's Motion to Strike; 2.) co-defendants' Motion for Sanctions; and 3.) co-defendants' Request to Extend an Order of Sanctions From the Federal District Court in Texas to California. All Motions were denied. (Dkt. # 80.)

## III. PLAINTIFF HAS FAILED TO SHOW GOOD CAUSE FOR AN EXTENSION OF TIME ON ELAPSED DEADLINES AND PRESENT EVIDENCE THAT HIS FAILURE TO ACT IS THE RESULT OF EXCUSABLE NEGLECT

Pursuant to Federal Rule of Civil Procedure ("FRCP") 6(b)(1)(b), "the court may, for good cause, extend the time on a motion made after the time has expired if the party failed to act because of excusable neglect." Thus, once a deadline has expired, plaintiff must show "good cause" for an extension of time <u>and</u> that his failure to act was the result of "excusable neglect."

In testing whether neglect was excusable, courts have considered the following factors:

1. The prejudice to the opponent;
2. The length of the delay and its potential impact ion this course of the judicial proceedings;
3. The causes for the delay, and whether those causes were within the reasonable control of the moving party;
4. The moving party's good faith;
5. Whether the omission reflected professional incompetence, such as an ignorance of the procedural rules;
6. Whether the omission reflected an easily manufactured excuse that the court could not verify;
7. Whether the moving party had failed to provide for a consequence that was readily foreseeable; and
8. Whether the omission constituted a complete lack of diligence.

[See <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 390-95, 113 S. Ct. 1489, 1496-98 (1993).]

4

Here, pursuant to order of the Court, plaintiff was required to file a Second Amended Complaint by March 16, 2011. (Dkt. # 44.) To date, plaintiff has failed to file a Second Amended Complaint and the deadline has elapsed. The only reasons offered by plaintiff to support a continuance of this deadline are the denial of Mr. Berg's *pro hac vice* application and plaintiff's alleged inability to find alternate counsel. This does not qualify as good cause or excusable neglect.

Plaintiff seeks to continue the deadline to at least June 1, 2011. This will severely prejudice Defendants, as this results in uncertainty and needless delay. Defendants will be unable to proceed with the defense of this action in the interim because Defendants will be uncertain of the claims alleged against them. Moreover, it appears that the Court lacks subject matter jurisdiction of this case. A continuance of this deadline, along with others, serves only to delay resolution of this pivotal issue.

Further, plaintiff created this circumstance by choosing not to comply with the Court's order. As mentioned above, plaintiff is a licensed attorney with many years of experience practicing in Federal Court. Plaintiff is more than capable of filing a amended complaint in this action. Instead, plaintiff chose not to comply and allowed the deadline to expire. Denial of Mr. Berg's application was foreseeable and has no bearing on plaintiff's ability to comply with the Court's deadline.

As to plaintiff's request to continue the hearing on March 21, 2011, the motions were heard as scheduled and plaintiff's request is moot.

Thus, plaintiff has failed to show good cause for a continuance of expired deadlines and has not shown that his failure to act was a result of excusable neglect. Accordingly, Defendants request that the Court deny plaintiff's motion.

///

///

///

5

OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND, CONTINUE, OR SUSPEND DEADLINES, CONTINUE THE MARCH 21, 2011 HEARING AND MOTION FOR RECONSIDERATION OF DOC. #65 ORDER DENYING PHILIP J. BERG'S APPLICATION TO APPEAR PRO HAC VICE

## IV. THERE IS NO GOOD CAUSE FOR CONTINUING ALL COURT DEADLINES

Pursuant to FRCP 6(b)(1)(A), the Court may grant an extension of time upon a showing of good cause.

As stated above, plaintiff's only grounds for continuing all deadlines are the denial of Mr. Berg's application and plaintiff's inability to find new counsel. Since plaintiff is a licensed and experienced attorney, this does not qualify as good cause. Moreover, continuing all deadlines will result in prejudice to Defendants, as they will remain "limbo," uncertain as to the claims against them. Moreover, it appears that the Court lacks subject matter jurisdiction in this case. Delaying all deadlines will serve only to further delay resolution of this pivotal issue.

Having failed to establish good cause, Defendants request that the Court deny plaintiff's motion.

## V. THERE IS NO NEW EVIDENCE WARRANTING RECONSIDERATION OF THE COURT'S DENIAL OF MR. BERG'S *PRO HAC VICE* APPLICATION

Reconsideration of a ruling is an "extraordinary remedy, to be used sparingly." [Kona Enterprises, Inc. v. Estate of Bishop (9th Cir. 2000) 229 F.3d 877, 890.] Courts have held that such relief will not be granted "unless the District Court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." [Id.]

Here, plaintiff has not offered any newly discovered evidence to support reconsideration of Mr. Berg's *pro hac vice* application. Instead, plaintiff admits in his moving papers that he had knowledge of all of facts presented in the motion at hand prior to Mr. Berg's application for *pro hac vice*. [See Plaintiff Motion, pg. 4, lines 3-6.] However, plaintiff did not offer the evidence at that time because he "did not

6

OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND, CONTINUE, OR SUSPEND DEADLINES, CONTINUE THE MARCH 21, 2011 HEARING AND MOTION FOR RECONSIDERATION OF DOC. #66 ORDER DENYING PHILIP J. BERG'S APPLICATION TO APPEAR PRO HAC VICE

conceive or imagine it possible that this Court would deny Mr. Berg's application." [Id.] Plaintiff's strategic decision not to offer evidence at the hearing on Mr. Berg's application is insufficient grounds to warrant reconsideration now. The evidence has always been available to plaintiff and he chose not to offer it at the prior hearing. To reopen argument on Mr. Berg's application would undermine certainty in the Court's rulings and result an inefficient use of judicial resources.

Therefore, Defendants request that the Court deny plaintiff's request for reconsideration.

## VI. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny plaintiff's motion.

Dated: March 24, 2011

FORD, WALKER, HAGGERTY & BEHAR

BY: _____
WILLIAM C. HAGGERTY
KATHERINE M. HARWOOD
Attorneys for Defendants,
LAW OFFICES OF ORLY TAITZ and
DR. ORLY TAITZ, ESQ., D.D.S., J.D.

7

OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND, CONTINUE, OR SUSPEND DEADLINES, CONTINUE THE MARCH 21, 2011 HEARING AND MOTION FOR RECONSIDERATION OF DOC. #66 ORDER DENYING PHILIP J. BERG'S APPLICATION TO APPEAR PRO HAC VICE

(PROOF OF SERVICE BY ELECTRONIC MAIL – F.R.Civ.P. 5)
**Lincoln v. Daylight Chemical Information Systems, et al.**
Case No: 8:10-cv-01573-AG-PLA

UNITED STATES DISTRICT COURT     )
CENTRAL DISTRICT OF CALIFORINA   )

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: One World Trade Center, Twenty-Seventh Floor, Long Beach, California 90831-2700

On March 25, 2011, I served the within: DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND, CONTINUE, OR SUSPEND DEADLINES, CONTINUE THE MARCH 21, 2011 HEARING AND MOTION FOR RECONSIDERATION OF DOC. #66 ORDER DENYING PHILIP J. BERG'S APPLICATION TO APPEAR PRO HAC VICE on the interested parties in said action,

__x__ Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below:

SEE ATTACHED MAILING LIST

____ by depositing it in the United States Mail at Long Beach, California, in a sealed envelope with the postage fully prepaid to the following;

____ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

__x__ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

__x__ I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on March 25, 2011, at Long Beach, California.

*Ruth L. Terman* (signature)
Ruth L. Terman

8

| Name/Address | Contact | Role |
|---|---|---|
| Charles Edward Lincoln, III<br>603 Elmwood Place<br>Suite 6<br>Austin, TX 78705 | Charles.lincoln@rocketmail.com<br>512/968-2500 | Plaintiff in Pro Per |
| Mark Melo<br>Bradley and Gmelich<br>700 North Brand Boulevard<br>10th Floor<br>Glendale, California 91203-1202 | Mmelo@bglawyers.com<br>818/2430-5200<br>818/243-5266 (facsimile) | Attorneys for Defendants Daylight Chemical Information Systems Incorporated and Yosef Taitz |
| Orly Taitz<br>Orly Taitz Law Offices<br>26302 La Paz, Suite 211<br>Mission Viejo, California 92691 | Dr_taitz@yahoo.com<br>949/683-5411 | Attorneys for Defendants Appealing Dentistry Defend Our Freedoms Foundation, Orly Taitz, Inc., and Law Offices of Orly Taitz |
| Gary G. Kreep<br>Law Offices of Gary G. Kreep<br>932 D Street, Suite 2<br>Ramona, California 92065 | Usjf@usjf.net<br>760/788-6624<br>760-788-6414 (facsimile) | Attorneys for Plaintiff Charles Edward Lincoln, III |
| Philip J. Berg<br>Law Offices of Philip J. Berg<br>555 Andorra Glen Court<br>Suite 12<br>Lafayette Hill, PA 19444-2531 | Philjberg@gmail.com<br>610/825-3134 (telephone)<br>610/834-7659 (facsimile) | Pro Hac Vice Attorneys for Plaintiff Charles Edward Lincoln, III |
| William Edward Pallares<br>Lewis Brisbois Bisgaard and Smith LLP<br>221 North Figueroa Street, 12th Floor<br>Los Angeles, California 90012-2601 | Pallares@lbbslaw.com<br>213/250-1800<br>213/250-7900 (facsimile) | Attorneys for Defendants Law Offices of Orly Taitz and Dr. Orly Taitz |

OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND, CONTINUE, OR SUSPEND DEADLINES, CONTINUE THE MARCH 21, 2011 HEARING AND MOTION FOR RECONSIDERATION OF DOC. #66 ORDER DENYING PHILIP J. BERG'S APPLICATION TO APPEAR PRO HAC VICE