Jonathan A. Ross, Esq., State Bar No. 146973
Arnold S. Levine, Esq., State Bar No. 201792
Mark I. Melo, Esq., State Bar No. 192946
BRADLEY & GMELICH
700 North Brand Boulevard, 10th Floor
Glendale, California 91203-1422
Telephone:  (818) 243-5200
Facsimile:   (818) 243-5266

Attorneys for Defendants,
DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. AND YOSEF TAITZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III,<br><br>Plaintiff,<br><br>vs.<br><br>DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INCORPORATED, YOSEF TAITZ, ORLY TAITZ, INC., APPEALING DENTISTRY, LAW OFFICE OF ORLY TAITZ (RICO ENTERPRISE), DR. ORLY TAITZ, ESQ., D.D.S., J.D., DEFEND OUR FREEDOMS FOUNDATION, AND ALL JOHN AND JANE DOES 1-10,<br><br>Defendants. | Case No. SACV10-1573 AG (PLAx)<br><br>**DEFENDANTS, DAYLIGHT CHEMICAL INFORMATION SYSTEMS AND YOSEF TAITZ' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JONATHAN A. ROSS, ESQ.; [PROPOSED] ORDER**<br><br>Date:     April 25, 2011<br>Time:    10:00 a.m.<br>Crtrm:   10D |

PLEASE TAKE NOTICE that on April 25, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom "10D" in the above entitled court located at 411 W. Fourth Street, #1053, Santa Ana, California 92701, Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. and YOSEF TAITZ ("Taitz," collectively "Defendants") will move this Court for an Order dismissing this action in its entirety against Defendants, pursuant to Federal

Rule of Civil Procedure ("FRCP") 41(b).  This Motion will based on the ground that the failure of Plaintiff, CHARLES EDWARD LINCOLN, III ("Plaintiff") to amend his pleading after the Court granted Defendants' Motion to dismiss pursuant to FRCP 12(b)(6) is a violation of this Court's order and justifies involuntary dismissal with prejudice.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 17, 2011.

The Motion will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities, and upon such further oral or documentary evidence that may be presented at the time of the hearing.

Dated:  March 28, 2011                Respectfully submitted,

                                      BRADLEY & GMELICH


                                      By:_____
                                          Jonathan A. Ross
                                          Arnold S. Levine
                                          Mark I. Melo

                                      Attorneys for Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. AND YOSEF TAITZ

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

This is a suit for injury to business and property brought by Plaintiff, CHARLES EDWARD LINCOLN, III ("Plaintiff") against several individuals and entities including Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. and YOSEF TAITZ ("Taitz," collectively "Defendants") under 12 California state law claims and one claim under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff filed his lawsuit on October 15, 2010 and filed a First Amended Complaint as of course on November 5, 2010. After the Court granted Defendants' FRCP 12(b)(6) Motion to dismiss in its entirety on February 14, 2011, it ordered a Second Amended Complaint to be filed within 30 days of the Order, i.e., by March 16, 2011. To date, Plaintiff has not filed a responsive pleading.

Plaintiff's failure to comply with the Court's order provides ample grounds for dismissal under FRCP 41(b), which provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Plaintiff's failure to amend his complaint is an admission that he does not have a factual or legal basis to maintain a lawsuit against Defendants. The only reason that Plaintiff has given for his anticipatory violation of the Court's order is that he is disadvantaged because the Court denied the application of his attorney, Philip J. Berg ("Berg") to appear in this action *pro hac vice.* Such a contention is a red herring. Plaintiff, a disbarred attorney, drafted the original Complaint. He drafted the First Amended Complaint. Had Plaintiff so chosen, he could have retained Berg or any other willing attorney, to assist him in drafting a Second Amended Complaint. His failure either to draft a Second Amended Complaint or retain an attorney to assist him, discloses that his failure to amend is willful. Accordingly, the Court should grant this Motion for involuntary dismissal.

- 1 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)

## II. STATEMENT OF FACTS

Plaintiff, a disbarred attorney, filed this lawsuit on October 15, 2010 and a First Amended Complaint as of course on November 5, 2010. Plaintiff prepared and signed both pleadings. On December 13, 2010, Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction and pursuant to FRCP 12(b)(6) for failure to state a claim. On February 14, 2011, the Court denied Defendants' 12(b)(1) Motion to Dismiss and granted their 12(b)(6) Motion to Dismiss in its entirety. (Ross Decl., ¶ 2.) At the hearing, the Court gave Plaintiff 30 days' leave to file an amended pleading, which would be due no later than March 16, 2011. (Ross Decl., ¶ 3.)

At the time these motions were pending, Plaintiff's attorney, Philip J. Berg ("Berg"), who is licensed in Pennsylvania, had filed an application to appear *pro hac vice* in this matter. While Berg's application was before the Court, defendant Orly Taitz submitted documents to the Court showing that Berg had a record of discipline and that a committee of the State Bar of Pennsylvania had scheduled a disciplinary hearing on February 23, 2011. After taking the matter under submission, the Court denied Berg's application on March 2, 2011. (Ross Decl., ¶4.)

On March 4, 2011, Plaintiff contacted Defendants' counsel via e-mail to request that he stipulate to a suspension or extension of all deadlines, but especially the March 16, 2011 deadline for the filing of Plaintiff's Second Amended Complaint. The ground for requesting an extension or suspension was that Plaintiff could not possibly represent himself in this action, and that he would be deprived of the right to counsel if Berg was not allowed to represent him in this lawsuit. (Ross Decl., ¶ 5.)

Plaintiff did not file a Second Amended Complaint on March 16, 2011. Instead, on March 14, 2011 he filed a "Motion to Extend, Continue, or Suspend Deadlines, especially but not limited to March 16, 2011 Deadline to File Plaintiff's Second Amended Complaint, and to continue the March 21, 2011 hearing date,

- 2 -

together with Plaintiff's Motion for Reconsideration of Doc. #66 Order Denying Philip J. Berg's Application to Appear *Pro Hac Vice*." (Ross Decl., ¶ 6.)

On March 17, 2011, pursuant to Local Rule 7-3 counsel for Defendants wrote to Plaintiff informing him that, in contravention of the Court's order Defendants had not been served with a Second Amended Complaint. Counsel requested Plaintiff to dismiss his lawsuit as to Defendants no later than March 22, 2011 and that, if he failed to dismiss them, Defendants would bring a Motion to Dismiss under FRCP 41(b). (Ross Decl., ¶ 7.) Since Plaintiff has not dismissed his lawsuit, this Motion has become necessary. (Ross Decl., ¶ 8.)

### III. PURSUANT TO FRCP 41(b), THE COURT SHOULD DISMISS PLAINTIFF'S LAWSUIT FOR FAILURE TO COMPLY WITH ITS ORDER TO FILE AN AMENDED PLEADING WITHIN 30 DAYS.

FRCP 41(b) states:

> "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule. . .operates as an adjudication on the merits."

In the case at bar, the Court granted a Rule 12(b) Motion to Dismiss with leave to amend the complaint. If the plaintiff fails to amend, dismissal may then be granted under Rule 41(b) for failure to prosecute. (*Toyota Landscape Co., Inc. v. Building Material and Dump Truck Drivers Local 420* (9th Cir. 1984) 726 F.2d 725, 728.) In other cases, courts have granted involuntary dismissal where the plaintiff failed to comply with a court-ordered amendment, after the court granted a 12(b)(6) motion challenging failure to set forth a clear statement of claim, as required under FRCP 8 (*Nevijel v. North Coast Life Ins. Co.* (9th Cir. 1981) 651 F.2d 671, 674); or where plaintiffs failed to comply with a court order requiring a separate statement of claims (*Bautista v. Los Angeles County* (9th Cir. 2000) 216 F.3d 837, 841).

By its own terms, a dismissal under Rule 41(b) is an adjudication on the

BRADLEY & GMELICH

merits. Thus, "involuntary dismissal generally acts as a judgment on the merits for the purpose of res judicata." (*Owens v. Kaiser Foundation Health Plan, Inc.* (9th Cir. 2001) 244 F.3d 708, 714.) Involuntary dismissals are presumed to be with prejudice unless the court orders otherwise. (*Owens v. Kaiser Foundation Health Plan, Inc., supra,* at 714.)

In the case at bar, involuntary dismissal with prejudice is amply warranted. The Court gave Plaintiff 30 days to file a second amended pleading. Instead, he argues that he cannot proceed without Berg to represent him. This is nonsense. Plaintiff drafted the original Complaint and the First Amended Complaint. If he so chose, he could have retained Berg, or any other willing attorney, to assist him in drafting a Second Amended Complaint. As a former attorney, Plaintiff is capable of drafting a complaint, or retaining assistance to draft one. Plaintiff' failure to amend his complaint is an admission that he does not have a factual or legal basis to maintain this lawsuit. Therefore, involuntary dismissal under Rule 41(b) is required.

## IV.   CONCLUSION

Accordingly, pursuant to FRCP 41(b) Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. and YOSEF TAITZ respectfully request this Court to grant their Motion to Dismiss Plaintiff, CHARLES EDWARD LINCOLN, III's lawsuit as to them with prejudice.

Dated: March 28, 2011         Respectfully submitted,

BRADLEY & GMELICH

By: _____
Jonathan A. Ross
Arnold S. Levine
Mark I. Melo

Attorneys for Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. AND YOSEF TAITZ

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)

## DECLARATION OF JONATHAN A. ROSS, ESQ.

I, Jonathan A. Ross, Esq., hereby declare:

1. I am an attorney at law duly licensed to practice before the U.S. District Court for the Central District of California, and am a partner in the law firm of Bradley & Gmelich, attorneys of record herein for Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. and YOSEF TAITZ ("Defendants") in the above-entitled matter. By reason thereof, I am familiar with the entire file pertaining to this case and have personal knowledge of the facts stated herein. If called upon to testify, I could and would competently testify to the following facts and circumstances.

2. Plaintiff, CHARLES EDWARD LINCOLN, III ("Plaintiff"), a disbarred attorney, filed this lawsuit on October 15, 2010 and a First Amended Complaint as of course on November 5, 2010. Plaintiff prepared and signed both pleadings. On December 13, 2010, Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction and pursuant to FRCP 12(b)(6) for failure to state a claim. On February 14, 2011, the Court denied Defendants' 12(b)(1) Motion to Dismiss and granted their 12(b)(6) Motion to Dismiss in its entirety.

3. At the hearing, the Court gave Plaintiff 30 days' leave to file an amended pleading, which would be due no later than March 16, 2011. Attached hereto as Exhibit "A" is a true and correct of the Court's minute order dated February 14, 2011 granting Plaintiff 30 days' leave to amend.

4. At the time these motions were pending, Plaintiff's attorney, Philip J. Berg ("Berg"), who is licensed in Pennsylvania, had filed an application to appear *pro hac vice* in this matter. While Berg's application was before the Court, defendant Orly Taitz submitted documents to the Court showing that Berg had a record of discipline and that a committee of the State Bar of Pennsylvania had scheduled a disciplinary hearing on February 23, 2011. After taking the matter

- 5 -

under submission, the Court denied Berg's application on March 2, 2011. Attached hereto as Exhibit "B" is a true and correct copy of the Court's Order denying Berg's Application to Appear *pro hac vice.*

5. On March 4, 2011, Plaintiff contacted me via e-mail to request that I stipulate to a suspension or extension of all deadlines, but especially the March 16, 2011 deadline for the filing of Plaintiff's Second Amended Complaint. The ground for requesting an extension or suspension was that Plaintiff could not possibly represent himself in this action, and that he would be deprived of the right to counsel if Berg was not allowed to represent him in this lawsuit. Attached hereto as Exhibit "C" is a true and correct copy of the e-mail that Plaintiff sent me on March 4, 2011.

6. Plaintiff did not file a Second Amended Complaint on March 16, 2011. Instead, on March 14, 2011 he filed a "Motion to Extend, Continue, or Suspend Deadlines, especially but not limited to March 16, 2011 Deadline to File Plaintiff's Second Amended Complaint, and to continue the March 21, 2011 hearing date, together with Plaintiff's Motion for Reconsideration of Doc. #66 Order Denying Philip J. Berg's Application to Appear *Pro Hac Vice.*"

7. On March 17, 2011, pursuant to Local Rule 7-3 I wrote to Plaintiff informing him that, in contravention of the Court's order, Defendants had not been served with a Second Amended Complaint. I requested Plaintiff to dismiss his lawsuit as to Defendants no later than March 22, 2011 and advised him that, if he failed to dismiss them, Defendants would bring a Motion to Dismiss under FRCP 41(b). Attached hereto as Exhibit "D" is a true and correct copy of the meet-and-confer letter that I wrote to Plaintiff on March 17, 2011.

8. Since Plaintiff has not dismissed his lawsuit, this Motion has become necessary.

///

///

- 6 -

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28th day of March, 2011 at Glendale, California.

JONATHAN A. ROSS, Declarant

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 700 North Brand Blvd., 10th Floor, Glendale, California 91203.

On March 28, 2011, I served the foregoing **Defendants, Daylight Chemical Information Systems and Yosef Taitz' Notice of Motion and Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b); Memorandum of Points and Authorities in Support Thereof; Declaration of Jonathan A. Ross, Esq.; [Proposed] Order** on the interested parties in the foregoing action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

## SEE ATTACHED SERVICE LIST

☒ **(BY UNITED STATES MAIL)** As follows:

☐ I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **(BY OVERNIGHT DELIVERY)** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **(BY FAX TRANSMISSION)** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the transmission, which I printed out, is attached.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 28, 2011, at Glendale, California.

Lorraine Jones                                    *Lorraine Jones*
(print or type name)                              (signature)

- 8 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)

## SERVICE LIST
### Charles Lincoln v. Daylight Chemical
### Case No. SACV10-1573 AG (PLAx)

Charles E. Lincoln
603 Elmwood Place, Suite #6
Austin, TX 78705
Phone: Phone - 512-968-2500
*Attorneys for: Plaintiff in Pro Per*

William C. Haggerty
Ford, Walker, Haggerty & Behar
One wolrd Trade Center, 27th Floor
Long Beach, CA 90831
Phone: 562-983-2504; Fax: 562-590-3546
*Attorneys for: Defendant, Orly Taitz*

Orly Taitz, Esq.
29839 Samta Margarita Pakrway, Ste. 100
Rancho Santa Margarita, CA 92688
Phone: Phone - 949-683-5411; Fax: 949-766-7603
*Attorneys for: Defendants, Defend Oru Freedoms Foundation, Orly Taitz, Inc. Appealing Dentistry*

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)