# EXHIBIT C

| Filters Used: | | |
|---|---|---|
| 1 Tagged Record | **Email Report**<br>Form Format | Date Printed: **3/25/2011**<br>Time Printed: **9:46AM**<br>Printed By: **ARNOLD** |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | 3/04/2011 Time | 7:29PM | 7:29PM | Duration | 0.00 (hours) | Code | |
| Subject | Request to suspend deadlines pending reconsideration | | | | | Staff | Jonathan |
| Client | Daylight Chemical Information Syste | MatRef | Lincoln | | | MatNo | 276-02322 |
| From | Charles Edward Lincoln III <lincoln_for_california@rocketmail.com> | | | | | | |
| To | Jonathan Ross <jross@bglawyers.com>, Arnold Levine <alevine@bglawyers.com>, "Mark I. Melo" <mmelc | | | | | | |
| CC To | bill@fwhb.com, kharwood@fwhb.com, William Pallares <pallares@lbbslaw.com>, Bart Becker <BECKER@ | | | | | | |
| Bcc To | | | | | | | |
| Reminders | | (days before) Follow | Done | Notify | Hide | Trigger | Private Status |
| User1 | | | | User3 | | | |
| User2 | | | | User4 | | | |

Dear Ms. Harwood, Dr. Taitz, & Messers. Haggerty, Levine, Melo, & Ross:
In Case No. 10-cv-01573-AG, Docket Entry #66, entered yesterday, March 3, 2011,
Judge Andrew Guilford has denied Philip J. Berg's application to appear pro hac
vice. At the same time I notice that Judge Guilford granted a substitution of
counsel whereby Ms. Harwood and Mr. Haggerty substituted for Messrs. Pallares &
Becker, so Dr. Taitz is being allowed HER choice of counsel. Judge Guilford, on
page 2, the last line his Docket Entry #66 order, specifically ordered:
"All pending dates remain as scheduled."
This creates an impossibly unfair and unjust situation, especially with regard
to Judge Guilford's Order (Docket Entries #41 & 44) setting a deadline of 30
days from February 14, 2011(that would be Wednesday March 16, 2011) for the
filing of a Second Amended Complaint in this case, and I am writing to ask you
all to join me by stipulation (or at least non-opposition) to suspend all
deadlines in this case indefinitely until my counsel situation can be resolved.
 It would also be necessary, in the interests of justice, to continue the
hearing set for Monday, March 21, 2011, on Dr. Taitz' Motion for Sanctions and
my motion to strike the same. These matters are largely focused on Mr. Philip
J. Berg and his staff, and it would be preposterous to ask me to represent
myself without him at this hearing.
I am also attaching the Syllabus and Opinions in US v. Gonzalez-Lopez, 548 U.S.
140 (2006).
I would ask on all of you to reflect as attorneys whose relationship with
clients is your stock and trade, how critical is the on-going relationship
between an attorney and client. I have an ongoing attorney-client relationship
with Philip J. Berg which is critical to my ability to seek justice and redress
in this case.
Last year, when Dr. Orly Taitz wrongfully (in fact ridiculously) accused me of
forging her signature on a routine court filing, Dr. Philip J. Berg was willing
to appear and defend me. He was admitted Pro Hac Vice in the U.S. District
Court for the Southern District of Florida without any objection or protest from
Dr. Orly Taitz. I would say that because of her silence in that case, wherein
she was the complainant, she is estopped from complaining now. She is using her
opposition to the Motion for admission Pro Hac Vice as a way of disqualifying my
choice in counsel....but he has under no circumstances subject to
disqualification (see, e.g. In Re American Airlines, 972 F.2d 604 (1992)).
The history underlying is too complicated for most attorneys even to want to
grasp. And no one who has not had direct dealings with Orly Taitz would ever
believe it, anyhow.
Just for example, after hiring me and then giving only her actions and promises

Filters Used:
1 Tagged Record

# Email Report
Form Format

Date Printed: 3/25/2011
Time Printed: 9:46AM
Printed By: ARNOLD

of love and personal and professional commitment to me, Dr. Orly Taitz ignored my advice and was sanctioned $20,000.00 in a case I told her she never should have filed at all in Georgia, after insisting that she had to put on a show for her retinue of "followers" rather than follow the path of cautious research and judicial prudence.
Philip J. Berg has never been sanctioned to anything close to that degree, and yet the Court allows Orly Taitz to represent her own shadow entities and denies him admission pro hac vice.
It is utterly and totally unfair that Orly Taitz is allowed her choice of counsel but that I be denied mine. I would urge you to examine the text of 548 U.S. 140 (2006) and agree and stipulate with me that it is MORE important for a Civil Plaintiff, who bears the burden of proof in every phase of litigation, to have a personally selected counsel who has direct and personal familiarity with the whole range and potential of Orly Taitz' behavioral range.
In any event, I cannot possibly represent myself in this case and it is almost impossible that I could find any attorney as well-qualified and competent as Philip J. Berg to represent me in this case. It is especially relevant that he is willing to accept this case on a cost & expenses + contingent fee only basis.
In effect, I will be deprived of my right to counsel if Mr. Berg is not allowed to represent me in this case, and there is no good reason that he should not be so allowed. The Court made no findings against him or his qualifications whatsoever in its order, Docket Entry #66, and then allowed Dr. Orly Taitz to have her counsel of choice in a series of four orders with Docket Entries #67, 68, 69, 70.
For all these reasons, I would ask you all and each to stipulate with me BOTH to a suspension or extension of all deadlines, but especially the March 16, 2011, deadline for the filing of Plaintiff's Second Amended Complaint. The hearing now set for March 21, 2011, should also be continued. That hearing on Dr. Taitz' Motion for Sanctions is largely directed at Mr. Berg, and I cannot be expected to represent myself in that hearing without Mr. Berg.
Because a civil Plaintiff bears the burden of proof on all subjects in Civil Litigation, I think that the logic of U.S. v. Cuauhtemoc Gonzalez-Lopez, applies twenty-times more in civil cases than in criminal cases, where the defendant bears no burden of proof at all except as to affirmative defenses: if a criminal conviction must be vacated automatically where a defendant's choice of counsel is denied, then a fortiori all civil proceedings would be completely null and void if a Plaintiff's choice of counsel is denied. Dr. Orly Taitz must not be used to disqualify my choice of counsel merely because having knowledgeable counsel, familiar with her "routine", is inconvenient to her.
If the Court does not ultimately allow Mr. Berg to appear on my behalf, I would ask that you all agree and stipulate with me that, in essence, the denial of my choice of counsel is a controlling issue in this case, a nearly dispositive decision, which is subject to interlocutory appeal under 28 U.S.C. Section 1292(b):

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken

Filters Used:
1 Tagged   Record

# Email Report
Form Format

Date Printed: 3/25/2011
Time Printed: 9:46AM
Printed By: ARNOLD

from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

---

Charles Edward Lincoln, III
"Ich bin der Geist der stets verneint"

Deo Vindice/Tierra Limpia
http://charleslincoln3.wordpress.com

Telephone: 512-968-2500
>E-mail: lincoln_for_california@rocketmail.com
>In case of emergency call Peyton Yates Freiman (Texas)
>at 512-968-2415 or e-mail him at freimanthird@gmail.com
>

---

Matthew 10:34-39
Think not that I am come to send peace on earth: I came not to send peace, but a sword. For I am come to set a man at variance against his father, and the daughter against her mother, and the daughter in law against her mother in law. And a man's foes shall be they of his own household.
He that loveth father or mother more than me is not worthy of me: and he that loveth son or daughter more than me is not worthy of me. And he that taketh not his cross, and followeth after me, is not worthy of me. He that findeth his life shall lose it: and he that loseth his life for my sake shall find it.

---