Jonathan A. Ross, Esq., State Bar No. 146973
Arnold S. Levine, Esq., State Bar No. 201792
Mark I. Melo, Esq., State Bar No. 192946
BRADLEY & GMELICH
700 North Brand Boulevard, 10th Floor
Glendale, California 91203-1422
Telephone:  (818) 243-5200
Facsimile:   (818) 243-5266
Attorneys for Defendants,
DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. AND YOSEF TAITZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III,<br><br>Plaintiff,<br><br>vs.<br><br>DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INCORPORATED, YOSEF TAITZ, ORLY TAITZ, INC., APPEALING DENTISTRY, LAW OFFICE OF ORLY TAITZ (RICO ENTERPRISE), DR. ORLY TAITZ, ESQ., D.D.S., J.D., DEFEND OUR FREEDOMS FOUNDATION, AND ALL JOHN AND JANE DOES 1-10,<br><br>Defendants. | Case No. SACV10-1573 AG (PLAx)<br><br>**DEFENDANTS, DAYLIGHT CHEMICAL INFORMATION SYSTEMS AND YOSEF TAITZ' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND, CONTINUE, OR SUSPEND DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:     April 18, 2011**<br>**Time:    10:00 a.m.**<br>**Courtroom: "10D"** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS AND YOSEF TAITZ ("Defendants") hereby submit their Opposition to Plaintiff, Charles Edward Lincoln, III's ("Plaintiff") Motion to Extend, Continue, or Suspend Deadlines. . ." ("Motion to Extend").

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has filed a Motion to Extend to excuse his failure to file a Second Amended Complaint. His argument is that because the Court denied the application of Plaintiff's attorney, Philip J. Berg ("Berg") to appear *pro hac vice*, he is at an impossible disadvantage in prosecuting the litigation that he initiated. And yet, Plaintiff, who is a disbarred attorney, managed to draft his initial Complaint and his First Amended Complaint unaided. Nothing in his Motion shows that Berg's qualifications are so unique that no other attorney can possibly represent Plaintiff. The only case that he cites is a U.S. Supreme Court upholding the right of a criminal defendant to counsel of his or her choice, a right guaranteed by the Sixth Amendment to the U.S. Constitution. But this is a civil matter and – with no disrespect to Plaintiff – the stakes are much lower.

Further, the granting of an application to appear *pro hac vice* is discretionary. Pursuant to Federal Rule of Civil Procedure 83, a district court may adopt and amend rules governing its practice. Under Local Rule 83-2.3.1, an attorney who is a member in good standing of the bar of any state may, at the Court's discretion, be permitted to appear and participate *pro hac vice* in a particular case. At the time Berg applied *pro hac vice* to appear in this matter, disciplinary charges were pending against him in Pennsylvania, where he is licensed. The Court, therefore, had the authority to deny his application.

Finally, the Motion to Extend is a frivolous pleading since, pursuant to Federal Rule of Civil Procedure 11(b)(2), "the claims, defenses, and other legal contentions are [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Without citing to any case law, Federal Rule, or local rule, Plaintiff is asking this Court to continue until June 1, 2011 the deadline for filing his Second Amended Complaint, or continue all other deadlines set by the Court's scheduling order, or in

the alternative, indefinitely suspend all deadlines until the Court either grants Berg's application to appear *pro hac vice* or until Plaintiff can find alternate counsel – although, according to him, Berg's qualifications are unique. Such a motion also violates Federal Rule of Civil Procedure 11(b)(1) because Plaintiff cannot reasonably represent that the motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Since there can be no justification for suspending all proceedings simply to accommodate Plaintiff, the motion must be denied.

## II. PLAINTIFF HAS OFFERED NO REASONABLE JUSTIFICATION FOR EXTENDING, CONTINUING OR SUSPENDING DEADLINES.

Plaintiff advances only one reason for asking the Court to continue or suspend proceedings. It seems that Defendant, Orly Taitz ("Orly") offers such unique challenges that only Berg can represent Plaintiff competently. To litigate against Orly – so his argument runs – requires the sort of specialized expertise that one finds in attorneys specializing in medical malpractice, the Federal Tort Claims Act, or in employment discrimination cases. (Motion to Extend ["Motion"], 3:1-8.)

One had best let the Motion speak for itself:

> "Plaintiff submits that certain individuals or groups of defendants are so unique and idiosyncratic that they present special and unique circumstances which require specialized knowledge and experience. Plaintiff submits that Dr. Orly Taitz and her associates are such individuals and constitute such a group of defendants that, to litigate against them effectively, he needs specialized counsel."
> (Motion, 3:9-14.)

Later, Plaintiff elaborates on Berg's unique qualifications:

> "The simple truth is that Mr. Berg has never actually been sanctioned monetarily nor scolded nearly so heavily as was Dr. Orly Taitz for unethical conduct during the past two-three years in any court, and it is manifestly unjust and unfair that Plaintiff should be denied not only his choice, but possibly his only realistic option for competent counsel with sufficient knowledge and experience actually to deal with Dr. Orly Taitz' outrageous peculiarities and shenanigans, which characterize her behavior and shape the conduct and actions

- 3 -

of her associates both in and out of court.

> This Court simply did not consider that Dr. Taitz presents a specialized problem and that Philip J. Berg is an especially, uniquely, well-qualified lawyer to deal with her."
> (Motion, 5:17-27.)

Plaintiff's argument is not made in good faith. Plaintiff drafted the original Complaint. He drafted the First Amended Complaint. Had Plaintiff so chosen, he could have retained Berg or any other willing attorney, to assist him in drafting a Second Amended Complaint. As the one who instituted the litigation, he should have been prepared to "hit the ground running." Instead, he offers excuse after excuse for his delay in prosecution, with no support in case law or statutory law.

A civil litigant's right to counsel of his choice is not absolute, and can be overridden if counsel's participation would interfere with the orderly administration of justice. (*In re Bell South Corp.* (11th Cir. 2003) 334 F.3d 941, 955-956.) Plaintiff's citation to *Gonzalez-Lopez* is not on point. (*U. S. v. Gonzalez-Lopez*, 548 U.S. 140, 126 S. Ct. 2557, 165 L. Ed. 409 (2006).) *Gonzalez-Lopez* addresses the right of a criminal *defendant* to counsel of his choice under the Sixth Amendment, where the prosecution must prove its case beyond a reasonable doubt. By contrast, here a *plaintiff* in a civil matter is demanding the right to counsel of choice, where he bears the much lower burden of proving his case by a preponderance of the evidence. The two situations are not comparable, nor has Plaintiff shown that they are.

Moreover, the Court could and did find that under the Local Rules, Berg was not a member in good standing of the Pennsylvania State Bar. Local Rule 83.2.3.1 provides in part that:

> "Any person who is not otherwise eligible for admission to practice before this Court, *but who is a member in good standing of,* and eligible to practice before the bar of. . .the highest court of any State. . .who is of good moral character, and who has been retained to appear before this Court, may, upon written application and proof of payment of the fee as required by the Court, *and in the discretion of the Court,* be permitted to appear and participate pro hac vice in a particular case." (Emphasis added.)

- 4 -

When Berg's application was before the Court, Plaintiff could have made his argument that Berg was uniquely qualified to represent him. He did not make the argument then, and he is not making it now. No doubt, any plaintiff can argue that each defendant is unique. But in the interests of judicial economy and bringing this litigation to some conclusion, the Court should not allow Plaintiff to suspend the proceedings to suit his convenience. Since Plaintiff's failure to file a Second Amended Complaint within 30 days is a violation of this Court's order, Defendants have filed a Motion for Dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b). No extension or suspension of proceedings is warranted.

### III. CONCLUSION

Accordingly, Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. and YOSEF TAITZ respectfully request this Court to deny Plaintiff, CHARLES EDWARD LINCOLN, III's Motion to Extend, Continue, or Suspend Deadlines.

Dated: March 28, 2011          Respectfully submitted,

BRADLEY & GMELICH

By: _____
Jonathan A. Ross
Arnold S. Levine
Mark I. Melo

Attorneys for Defendants, DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC. AND YOSEF TAITZ

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 700 North Brand Blvd., 10th Floor, Glendale, California 91203.

On March 28, 2011, I served the foregoing **Defendants, Daylight Chemical Information Systems and Yosef Taitz' Opposition to Plaintiff's Motion to Extend, Continue, or Suspend Deadlines; Memorandum of Points and Authorities in Support Thereof** on the interested parties in the foregoing action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

## SEE ATTACHED SERVICE LIST

☒ **(BY UNITED STATES MAIL)** As follows:

☐ I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **(BY OVERNIGHT DELIVERY)** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **(BY FAX TRANSMISSION)** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the transmission, which I printed out, is attached.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 28, 2011, at Glendale, California.

| Lorraine Jones | _Lorraine Jones_ |
|---|---|
| (print or type name) | (signature) |

## SERVICE LIST
### Charles Lincoln v. Daylight Chemical
### Case No. SACV10-1573 AG (PLAx)

Charles E. Lincoln
603 Elmwood Place, Suite #6
Austin, TX 78705
Phone: Phone - 512-968-2500
*Attorneys for: Plaintiff in Pro Per*

William C. Haggerty
Ford, Walker, Haggerty & Behar
One wolrd Trade Center, 27th Floor
Long Beach, CA 90831
Phone: 562-983-2504; Fax: 562-590-3546
*Attorneys for: Defendant, Orly Taitz*

Orly Taitz, Esq.
29839 Samta Margarita Pakrway, Ste. 100
Rancho Santa Margarita, CA 92688
Phone: Phone - 949-683-5411; Fax: 949-766-7603
*Attorneys for: Defendants, Defend Oru Freedoms Foundation, Orly Taitz, Inc. Appealing Dentistry*

BRADLEY & GMELICH

- 7 -