

JS6

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD LINCOLN III, <br><br>  Plaintiff, <br><br> v. <br><br> DAYLIGHT CHEMICAL INFORMATION SYSTEMS, et al., <br><br>  Defendants. | CASE NO. SACV 10-1573 AG (PLAx) <br><br> ORDER GRANTING VOLUNTARY DISMISSAL WITHOUT PREJUDICE |

Plaintiff Charles Edward Lincoln III ("Plaintiff") submitted a letter ("Letter") requesting leave to file numerous motions and other documents. Because the Letter was not filed, the Court has attached it as Exhibit A to this Order.

In the Letter, Plaintiff asked the Court whether a previous order was "in any sense practical, just, or fair" and asked whether a particular statement by this Court was perhaps "a public sign and audibly loud announcement of 'prejudice' and 'bias?'" (Ex. A, Letter at p. 2.)

Plaintiff also requested voluntary dismissal of his complaint, writing, "I suggest that this Court dismiss my Complaint WITHOUT prejudice, WITH leave to file all or part of the same in

any California Superior Court of appropriate jurisdiction. This would be a reasonable compromise between the parties." (Ex. A, Letter at p. 3.)

Federal Rules of Civil Procedure 41(a)(1) and 41(a)(2) allow for voluntary dismissal by a plaintiff. Under Rule 41(a)(1), a plaintiff can dismiss an action without a court order either by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Here, no defendant has filed an answer or a motion for summary judgment. Thus, Plaintiff may dismiss his case voluntarily under Rule 41(a)(1), though perhaps there's an issue whether Plaintiff's "suggest[ion]" of dismissal is sufficient to voluntarily dismiss under Rule 41(a)(1).

Regardless, Rule 41(a)(2) allows for voluntary dismissal here. Under Rule 41(a)(2), if Rule 41(a)(1) doesn't apply, an action "may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." Plaintiff has sufficiently requested voluntary dismissal in his Letter for purposes of Rule 41(a)(2). The Court finds it proper to dismiss this case without prejudice and with leave to file the claims in state court. This Court makes no findings about the viability of any claims.

The Court DISMISSES the case without prejudice.

IT IS SO ORDERED.

DATED: March 30, 2011

                                                    Andrew J. Guilford
                                          United States District Judge

# EXHIBIT A

# *Charles Edward Lincoln III* 

Tierra Limpia/Deo Vindice•603 Elmwood Place, Suite #6•Austin, Texas 78705• Phone: 512-968-2500• Peyton Freiman: 512-968-2415
E-Mail: lincoln_for_california@rocketmail.com

Monday, March 28, 2011

Honorable Andrew J. Guilford
United States District Judge
United States District Court
Central District of California, Southern Division
411 West Fourth Street, Chambers 1053, Courtroom 10-D
Santa Ana, California 92701

Dear Judge Guilford:

  I am writing to request leave to file a motion to file and accept my opposition to the Defendant Dr. Orly Taitz' Motion to Dismiss and the Defendant Daylight Chemical Defendants' amended Motions to Dismiss, together with my Motion for Leave to File Second Amended Complaint, accompanied by the Second Amended Complaint, on April 15, 2011.

  I would further ask and request that the Court grant my Motion to Extend, Continue, or Suspend Deadlines immediately and without hearing, especially with regard to discovery matters including initial disclosures. I submit that reversing your denial of Mr. Berg's Motion to Appear ***Pro Hac Vice*** order is appropriate in light of the Supreme Court ruling in U.S. v. Gonzalez-Lopez which I attached to my motion for reconsideration.

  On March 23, 2011, this Court entered its order (Document 80), to the relevant portions of which my counsel Mr. Berg had immediately agreed on or about February 28, 2011, that all parties should submit "pre-filing" letters to the Court directly prior to filing any motion or application with the Clerk. As I understand it, not having been present on that day, Mr. Berg was the only attorney present at that hearing to agree in court, on the spot, to your suggestion.

  If your Honor had entered such an order immediately, it would have slowed the rate and volume of filings in this case substantially. Instead, your Honor denied Philip J. Berg's application to appear *pro hac vice* and ordered, that all deadlines should stay the same. I hope your honor will infer no disrespect, because I have worked in the chambers of two Federal Judges, known and studied under many others, and have only the highest regard for the dignity of



your office, but did your Honor really believe it in any sense practical, just, or fair to deny the Plaintiff's counsel admission ***pro hac vice*** and at the same time order me to meet all previously set deadlines?  Is this combination of actions not analogous to cutting off a man's feet and then telling him to run a marathon?  Especially in the context of this case where at least one of the Defendants seems to have unlimited time to file unlimited content-free motions, etc.?

You said in open that I, as Plaintiff, have also filed "frivolous" motions and I would like to ask your Honor to identify for me what you consider to be my "frivolous" filings?  It is a word fraught with prejudice and negative implications, and the Defendants will all seize on your Honor's words from the bench, together with your finding on page 2 of your March 23, 2011, Order that "Both sides in this case have been responsible for filing redundant and immaterial - and at times nonsensical - documents."

I would ask your Honor, because of the serious nature of these proceedings, and because of the malice of the Defendants, well-armed with counsel, while I am standing here alone, that you identify for my benefit as well as theirs what filings you consider that I have made containing redundant and immaterial or nonsensical documents.

The week before March 23, 2011, I had already filed my (Document 73) Motion to Extend, Continue, or Suspend Deadlines, together with his Motion for Reconsideration of (Document 66) this above-noted Court's order denying Philip J. Berg's application ***pro hac vice***.  One week ago today, at the last Court hearing, you announced that you would not consider Philip J. Berg's Motion for reconsideration.  I assume you meant that you would not consider mine either.  I ask you again your Honor, since you are a federal judge and are charged by your oath to enforce and apply the law equally to all, without bias or prejudice, whether announcing in open court, in advance of full-briefing and full-time for reflection allowed by the local rules, how you will rule on a potentially case-dispositive motion is not a public sign and audibly loud announcement of "prejudice" and "bias?"

It is for these reasons that I am writing to ask you for leave to file a Supplemental and Amended Motion to Extend, Continue, or Suspend deadlines to include (1) today's due date for response to the Defendants' Motion to Dismiss submitted March 19, 2011, (2) the due date for initial disclosures, (3) all other responses and filing deadlines, until after April 15, 2011, on which



date I will, with your Honor's permission, file a Motion for Leave to File Second Amended Complaint together with my Second Amended Complaint.

In the alternative, I suggest that this Court dismiss my Complaint WITHOUT prejudice, WITH leave to refile all or part of the same in any California Superior Court of appropriate jurisdiction.  This would be a reasonable compromise between the parties.

Finally, if your Honor chooses to retain my case and permit me to remain in Federal Court for the filing of the Second Amended Complaint, I would like to address the question you posed at the very first hearing to Mr. Berg regarding ***Bell Atlantic v. Twombly***, 550 U.S. 544 (2007).  I have reviewed the Complaint which was the subject of the ruling in ***Twombly*** and I am unable to believe it was dismissed.  It was a very fine, professionally drafted antitrust complaint drafted by experts in the field of Plaintiffs' Antitrust law.  If that complaint could be found "implausible" upon judicial whim, then I submit to you that now the law would appear to be that any federal complaint can be found "implausible" within the judicial discretion and whim of a judge without real stated justification.

As a result, if your Honor should grant leave to file my Second Amended Complaint and to permit me to proceed with this case, with or without an attorney, I would like to amend my complaint to request by declaratory judgment that as a matter of due process and equal protection, this Court allow and define an exception to the ***Bell Atlantic v. Twombly*** rule for ***pro se*** litigants involved in fundamentally private individual litigation with no governmental defendants or publicly held and traded corporations involved.  Neither Daylight Chemical Information Systems, Inc., nor Orly Taitz, Inc., Appealing Dentistry, nor Defend Our Freedoms Foundation are publicly owned or traded corporations or entities of any kind.  There are no governmental defendants here nor great public policy issues at stake, even if the underlying reasons for the relationship between the parties arose from a matter of some public interest and concern.  The only real public issue here is one of the honor and integrity of the judicial system.

Sincerely,

Charles Edward Lincoln, III
Plaintiff, ***pro se***, lincoln_for_california@rocketmail.com

3



Copies to:

**Orly Taitz**
Orly Taitz Law Offices 26302 La Paz, Ste 211
Mission Viejo, CA 92691 949-683-5411
Email: dr_taitz@yahoo.com

**Jonoathan Ross & Mark I Melo**
Bradley and Gmelich
700 N Brand Blvd 10th Fl
Glendale, CA 91203-1202
818-243-5200
Fax: 818-243-5266
Email: mmelo@bglawyers.com

**William C Haggerty**
Ford Walker Haggerty &Behar
1 World Trade Ctr, 27th Fl
Long Beach, CA 90831-2700
562-983-2500
Email: bill@fwhb.com

**Katherine M Harwood**
Ford Walker Haggerty Behar
One World Trade Center 27th Floor
Long Beach, CA 90831-2700
562-983-2512
Email: kharwood@fwhb.com

4